

| | U.S. Department of Justice |
|---|---|
| | Tax Division |
| | *Civil Trial Section, Eastern Region* |

| REZ:DSM:EKMiller | P.O. Box 227 | Telephone: 202-353-7509 |
|---|---|---|
| DJ 5-35-12721 | Washington, D.C. 20044 | Telecopier: 202-514-6866 |
| CMN 2020100623 | | Emily.K.Miller@usdoj.gov |

October 16, 2020

**Via Electronic Court Filing**

The Honorable Theodore D. Chuang
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:   *Lewis v. Department of the Treasury et al.*
              8:20-cv-00494-TDC (D.Md.)

Dear Judge Chuang:

    Pursuant to your Case Management Order dated September 25, 2020 (Doc. No. 14) regarding the filing of motions, Defendants Department of the Treasury, Internal Revenue Service, Bureau of the Fiscal Service, Treasury Inspector General for Tax Administration, and the Bureau of Engraving and Printing (collectively, the Treasury Defendants), respectfully requests to file a Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6).

    Plaintiff brings this action pursuant to the Freedom of Information Act (FOIA) and the Privacy Act seeking various records from the Treasury Defendants. Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(5) because Plaintiff has not properly served the Treasury Defendants and pursuant to Rule 12(b)(6) because Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against the Treasury Defendants.

    Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of the Treasury Defendants. To properly serve the United States, its agencies, its officers and/or its employees, Ms. Lewis must serve a copy of both the summons and the complaint to the local United States Attorney, Attorney General William Barr, and the relevant agency, officer, or employee sued in an official capacity. Fed. R. Civ. P. 4(i). The Treasury Defendants, as agencies of the United States, have not been properly served. Ms. Lewis filed a purported proof of service in an attempt to show that she served the defendants by certified mail on or before June 1. Doc. No. 5. However, summonses in this case were not issued until June 16, 2020, more than two weeks later. Therefore, Ms. Lewis could not have properly served the summons and complaint on the Treasury Defendants, as required under Rule 4(i). Moreover,

Ms. Lewis filed her complaint on February 25, 2020.  Doc. No. 1.  Pursuant to Rule 4(m), Ms. Lewis was required to serve the appropriate summons and a copy of the complaint on each of the Treasury Defendants on or before May 25, 2020.  See also, Doc. No. 3.  Since summonses were not issued until June 16, 2020, Ms. Lewis could not have properly served the Treasury Defendants as required under Rule 4(i).  Thus, the Treasury Defendants should be dismissed pursuant to Rule 12(b)(5).  *Quinn v. Copart of Connecticut, Inc.*, 791 F. App'x 393, 394 (4th Cir. 2019) (affirming dismissal of a complaint pursuant to Rule 12(b)(5) after plaintiff failed to properly serve a copy of the summons and complaint).  The Defendants assert further bases for dismissal of the complaint independent from the issue of improper service.

Furthermore, any action asserted against the Defendant Bureau of Fiscal Services (BFS) should be dismissed pursuant to Rule 12(b)(6), as Ms. Lewis has failed to state a claim against BFS.  A complaint must "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be facially plausible, a complaint must contain enough facts that would permit a court to infer that the defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other words, "[t]he plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'  It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."  *Francis v. Giacomelli*, 558 F.3d 186, 194 (4th Cir. 2009) (quoting *Iqbal*, 550 U.S. at 678).

Ms. Lewis has articulated no facts concerning the BFS, much less facts which would, if true, show that Ms. Lewis has state a cause upon which she is entitled to relief.  Doc. No. 1. Even if the Court accepts all allegations in Ms. Lewis's complaint as true, she asserts no claims for relief against the BFS.  *Id.* at 10–11.  Without a claim for relief, the Court cannot grant relief against the BFS, and therefore, Ms. Lewis's complaint should be dismissed pursuant to Rule 12(b)(6) in its entirety insofar as it purports to assert claims against BFS.

Finally, Ms. Lewis's Privacy Act and FOIA claims should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment for the Treasury Defendants should be granted, because Ms. Lewis has failed to exhaust her administrative remedies.   A proper administrative claim must be filed with the Service before judicial review of a Privacy Act Claim is appropriate.  5 U.S.C. § 552a(g)(1).  A request under the Privacy Act must be "made in writing and signed by the person making the request" and must describe "in sufficient detail" the nature of the records sought.  31 C.F.R. §§ 1.26(d).  An individual may only bring a claim under the Privacy Act if the agency has refused to provide to the individual's own records.  5 U.S.C. § 552a(g)(1).

Likewise, before seeking review in a FOIA case, a plaintiff must also exhaust her administrative remedies. *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004).  Federal jurisdiction of a FOIA action "is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted).  The agency must first receive a FOIA request; an agency cannot have improperly withheld agency records sought by a request it never received.

A plaintiff in a FOIA case must demonstrate the agency received a FOIA request, not just that the request was mailed.  *See, e.g., Pickering-George v. Registration Unit*, DEA/DOJ, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it).  A FOIA case must be dismissed when the plaintiff fails to rebut an agency affidavit attesting that the request was never received by the agency.  *Id.*

Once a plaintiff demonstrates that the agency received her FOIA request, she must also show that she exhausted her administrative remedies by appealing any adverse FOIA determinations.  Courts recognize two forms of administrative exhaustion: actual and constructive.  *See, e.g., McKenzie-El*, 2020 WL 902546, at *10–11 (citing *Coleman*, 714 F.3d at 820).  Actual exhaustion occurs when a party files a proper request with the appropriate agency, and then the party appeals administratively any adverse determinations.  5 U.S.C. § 552(a)(6)(A).  In contrast, constructive exhaustion occurs if the agency fails to conform to the time limits established by the FOIA.  5 U.S.C. § 552(a)(6)(C).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff must articulate facts, when accepted as true, will show that the plaintiff has stated a claim entitling her to relief. *Francis v. Giacomelli*, 558 F.3d 186, 194 (4th Cir. 2009) (quoting *Iqbal*, 550 U.S. at 678).  Here, Plaintiff has failed to allege any facts to suggest that she has exhausted her administrative remedies. Alternatively, the Court should grant the Treasury Defendants summary judgment pursuant to Rule 56 because the Treasury Defendants have reviewed their records and determined that Plaintiff has not exhausted her administrative remedies.

Given the nature of the claims, the Parties have not met and conferred to discuss whether the matter can be resolved without a motion.  Based on the foregoing, the Treasury Defendants request to file a Motion to Dismiss, or alternatively, for Summary Judgment.

Sincerely yours,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
202-514-6866 (f)
Emily.K.Miller@usdoj.gov

19163388.1