

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Rebecca A. Koch*
*Assistant United States Attorney*
*Rebecca.Koch@usdoj.gov*

*6406 Ivy Lane*
*Suite 800*
*Greenbelt, MD 20770*

*DIRECT: 301-344-4233*
*MAIN: 301-344-4433*
*FAX: 410-962-2310*

October 16, 2020

<u>***Via ECF***</u>
The Honorable Theodore D. Chuang
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

> Re:     Lewis v. Department of the Treasury, et al.
>          <u>Civil No: 20-cv-0494-TDC</u>

Dear Judge Chuang:

Pursuant to your Case Management Order dated September 25, 2020 (ECF No. 14) regarding the filing of motions, the United States Department of Veterans Affair (the "VA") respectfully requests to file a motion to dismiss, or in the alternative, for summary judgment in the above-referenced case.  The reasons for this request are briefly set forth below.

Plaintiff, *pro se*, brings suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, naming as Defendants, the Department of Treasury, Internal Revenue Service, Bureau of the Fiscal Service, the Treasury Inspector General for Tax Administration ("TIGTA"), and Bureau of Engraving and Printing, as well as the VA. Plaintiff's alleged FOIA and Privacy Act requests appear to pertain, at least in part, to Plaintiff's employment with the Internal Revenue Service and a TIGTA investigation.

With respect to the VA, Plaintiff alleges: "Third Cause of Action – Privacy Act/Freedom of Information Act – Denial of Access to Records; Department of Veterans Affairs FOIA non-response; this violation involves VA officials improperly redacting information in response to Kiesha D. Lewis' request for hiring/ranking information."  Complaint (ECF No. 1) at 10.

A review of the relevant records shows that Plaintiff sent an email to the VA Central Office, FOIA Service, on October 20, 2019, requesting "the Applicant History Report" and the "Evaluation and Section Process information" for the following job announcement numbers:

- Assistant Inspector General for Management and Administration – Announcement number: 18-VAOIG-1-SES;
- Deputy Assistant Inspector General for Management and Administration – 18-VAOIG-18-SES;

- Deputy Assistant Inspector General for Management and Administration – Announcement number: 18-VAOIG-97-SES; and
- Supervisory Executive Assistant – Announcement number: 18-VAOIG-195."

The VA referred the request to the VA Office of Inspector General ("VA OIG"), which responded by partially granting Plaintiff's request and producing 11 pages of records with redactions in accordance with the exemptions outlined in the Privacy Act and FOIA.

The VA intends to file a motion to dismiss, or in the alternative for summary judgment. FOIA requires exhausting administrative remedies before seeking judicial review. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). And, the VA's regulations require a FOIA requester to appeal an adverse determination before filing in federal court. 38 C.F.R. § 1.559(f).  Here, however, Plaintiff does not allege, nor does the record support, that Plaintiff administratively appealed the adverse determination. Accordingly, her claim should be dismissed with prejudice.  *See Kay v. F.C.C.*, 884 F. Supp. 1, 3 (D.D.C. 1995) (dismissing FOIA case with prejudice because the time period for plaintiff to file administrative appeal had expired); *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988) (ruling that the plaintiff failed to state a claim when he failed to allege exhaustion of administrative remedies under FOIA); *Riggleman v. Deppner*, No. 2:13-CV-22194, 2013 WL 6409797, at *5 (S.D.W. Va. Dec. 9, 2013) ("In the absence of allegations indicating that a plaintiff has attempted to exhaust his administrative remedies, a Complaint under 5 U.S.C. § 552(a)(4)(B) fails to state a claim upon which relief can be granted.").

Additionally, Plaintiff's claim should be dismissed, or summary judgment granted for the VA because Plaintiff cannot state, and the record does not support, an actionable claim against the VA under FOIA.  To state a claim under FOIA, a plaintiff must allege that an agency "(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  The Complaint fails to set forth any factual allegations to support a plausible claim that the VA improperly withheld information when responding to Plaintiff's FOIA request.  Indeed, the facts will show that the VA withheld information as required by the exemptions outlined in the Privacy Act and FOIA.

Given Plaintiff's *pro se* status, counsel for the VA has not conferred with Plaintiff regarding the VA's intended motion.

Very truly yours,

Robert K. Hur
United States Attorney

_____/s/_____
Rebecca A. Koch
Assistant United States Attorney