IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIESHA DANIELLE LEWIS,                    )
                                          )    Case No. 8:20-cv-00494-TDC
          Plaintiff,                      )
                                          )
     v.                                   )
                                          )
DEPT. OF TREASURY, et al.,                )
                                          )
          Defendants.                     )
_____            )

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

Background ........................................................................................................................... 1

Argument ............................................................................................................................. 3

I.      The Treasury Defendants should be dismissed for insufficient service pursuant to Rule
        12(b)(5). .................................................................................................................... 3

II.     Any causes of action asserted against Defendant Bureau of Fiscal Services should be
        dismissed pursuant to Rule 12(b)(6) as Ms. Lewis has failed to state a claim against BFS.
        ..................................................................................................................................... 4

III.    As to the remaining Treasury agencies, Ms. Lewis's Privacy Act claims should be
        dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be
        granted, because Ms. Lewis has failed to exhaust her administrative remedies under the
        Privacy Act............................................................................................................... 5

IV.     As to the remaining Treasury agencies, Plaintiff's FOIA claims should be dismissed
        pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted,
        because Ms. Lewis has failed to exhaust her administrative remedies under the FOIA. ... 7

        A.    The Treasury Defendants are each separate entities under the FOIA. .......................... 10

        B.    Plaintiff's First Cause of Action should be dismissed pursuant to Rule 12(b)(6), or in
              the alternative, summary judgment should be granted for the Treasury Defendants, as
              Ms. Lewis has failed to exhaust her administrative remedies...................................... 11

        C.    Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6), or
              in the alternative, summary judgment should be granted for the Treasury Defendants.
              14

              i.   Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6) as
                   to the Service for failure to exhaust administrative remedies.................................... 14

              ii.  Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6) as
                   to the BEP, as the BEP granted her FOIA request. .................................................... 16

              iii. Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6) as
                   to TIGTA for failure to exhaust administrative remedies. ........................................ 16

        D.    Plaintiff's Fourth Cause of Action should be dismissed pursuant to Rule 12(b)(6), or in
              the alternative, summary judgment should be granted for the Treasury Defendants, as
              Ms. Lewis has failed to exhaust her administrative remedies...................................... 17

        E.    Plaintiff's Sixteenth Cause of Action should be dismissed pursuant to Rule 12(b)(6), or
              in the alternative, summary judgment should be granted for the Treasury Defendants,
              as Ms. Lewis has failed to exhaust her administrative remedies. ............................... 19

V.      Motion for More Definite Statement ..................................................................... 22

VI.     Plaintiff's Third Cause of Action against the VA should be dismissed pursuant to Rule
        12(b)(6), or in the alternative, summary judgment granted, concerning the VA's
        November 2019 response to Plaintiff's FOIA request because Plaintiff failed to exhaust
        her administrative remedies. ................................................................................... 23

i

VII.    Summary Judgment should be granted for the VA because the VA properly withheld
        information in accordance with FOIA and Privacy Act exemptions from disclosure. ...... 24

    A.    The VA Properly Relied on FOIA Exemption 2 ....................................................... 25

    B.    The VA Properly Relied on FOIA Exemption 5 ....................................................... 26

    C.    The VA properly relied on FOIA Exemption 6. ....................................................... 28

    D.    VA properly relied on the Privacy Act § (a)(k)(6) .................................................... 31

Conclusion ..................................................................................................................................... 31

Plaintiff's Complaint fails to allege a cognizable claim against Defendants Department of Treasury (Department), Internal Revenue Service (Service), Bureau of the Fiscal Service (BFS), Treasury Inspector General for Tax Administration (TIGTA), and Bureau of Engraving and Printing (BEP) (collectively, "Treasury Defendants").  Likewise, Plaintiff fails to state a claim against the United States Department of Veteran Affairs (VA).  Accordingly, the Treasury Defendants move to dismiss the claims asserted by Plaintiff Kiesha Danielle Lewis pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The VA moves for dismissal under Rule 12(b)(6).

## BACKGROUND

*Treasury Defendants*

Kiesha Lewis is a former independent contractor who worked for the BEP.  Between 2017 and 2020, she sent over thirty requests for various records to the Service, BEP, and TIGTA.  Lewis brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, regarding some of these requests, but did not provide enough information to specify which of the thirty requests she seeks to challenge.  Doc. No. 1 at 10–11.  However, Lewis has failed to exhaust her administrative remedies, and therefore, her complaint against the Treasury Defendants should be dismissed entirely.

*U.S. Dept. of Veterans Affairs*

On or about October 20, 2019, Plaintiff emailed the VA Central Office, FOIA Service, requesting "the Applicant History Report" and the "Evaluation and Section Process information" for four job announcements: Assistant Inspector General for Management and Administration (No. 18-VAOIG-1-SES); Deputy Assistant Inspector General for Management and Administration (No. 18-VAOIG-18-SES); Deputy Assistant Inspector General for Management and Administration

1

(No. 18-VAOIG-97-SES); and Supervisory Executive Assistant (18-VAOIG-195).  R. Gowins-Bellamy Decl., attached hereto as Ex. 4, ¶ 6.

The VA referred the request to the VA, Office of Inspector General ("VA OIG"), Office of Information Release, which responded on November 8, 2019 by partially granting Plaintiff's request and producing on November 8, 2019 seventy-one pages of records with redactions in accordance with the exemptions outlined in the Privacy Act and FOIA.  *Id.*, ¶¶ 2, 5; *Vaughn* Index, attached hereto as Ex. 5.  Specifically, the VA produced with redactions VA OIG memoranda dated December 11, 2017 and Jan. 22, 2018, which appointed Senior Executive Service members to serve on the Executive Resources Board for the position of Assistant Inspector General for Management and Administration to rate and rank applicants to determine the best qualified applicants for referral (VA OIG 1-2), the Senior Executive Service and Senior Level Rating sheets for Vacancy Announcement Nos. 18-VAOIG-18-NC (Deputy Assistant Inspector General for Management and Administration, Office of Management and Administration), 18-VAOIG-18-SME (Deputy Assistant Inspector General for Management and Administration, Office of Management and Administration), 18-VAOIG-97-NC (Deputy Assistant Inspector General for Management and Administration, Office of Management and Administration), 18-VAOIG-97-SME (Deputy Assistant Inspector General for Management and Administration, Office of Management and Administration) (VA OIG 3-69), applicant score sheet (VA OIG 66-69), and Certificate results reflecting the selection officials' proposed selection action (VA OIG 70-71). *See Vaughn* Index.

The VA OIG did not receive an administrative appeal from Plaintiff, either within the required 90 calendar days or at any time prior to Plaintiff's filing of the instant Complaint (ECF No. 1).  R. Gowins-Bellamy Decl., ¶ 9.

On February 25, 2020, Plaintiff filed the instant complaint, alleging that the VA improperly redacted information when responding to Plaintiff's FOIA request for "hiring/ranking information." Compl. at 10.

In March 2021, the VA OIG discovered that a record with the file name "18-VAOIG-97-SES ERB Memo DAIG 53 - March 2018.docx" was responsive to Plaintiff's October 2019 FOIA request but was inadvertently not produced by the VA in November 2019. R. Gowins-Bellamy Decl., ¶ 10. The document is an April 6, 2018 VA OIG memorandum appointing Senior Executive Service members to serve on the Executive Resources Board for the position of Deputy Assistant Inspector General for Management and Administration (18-VAOIG-97-SES), to rate and rank applicants and determine the best qualified applicants for referral (VA-OIG 72). *Vaughn* Index. The VA OIG produced this single-page document with redactions to Plaintiff on March 19, 2021. R. Gowins-Bellamy Decl., ¶ 11. On March 22, 2021, Plaintiff filed an administrative appeal concerning the single-page document produced on March 19, 2021. *Id.*, ¶ 12.

## ARGUMENT

### I.   The Treasury Defendants should be dismissed for insufficient service pursuant to Rule 12(b)(5).

The Treasury Defendants should all be dismissed as Ms. Lewis has failed to sufficiently serve them. Rule 12(b)(5) permits dismissal of a complaint if the Plaintiff fails to provide sufficient service of process. *See, e.g., Quinn v. Copart of Connecticut, Inc.*, 791 F. App'x 393, 394 (4th Cir. 2019) (affirming dismissal of a complaint pursuant to Rule 12(b)(5) after plaintiff failed to properly serve a copy of the summons and complaint).

To properly serve the United States, its agencies, its officers and/or its employees, Ms. Lewis must serve a copy of both the summons and the complaint to the local United States Attorney, Attorney General of the United States, and the relevant agency, officer, or employee

3

sued in an official capacity.  Fed. R. Civ. P. 4(i).  To serve process on defendants sued in their individual capacities, Ms. Lewis must serve a copy of the summons and complaint on the individual defendant or someone authorized to receive service on their behalf.  Fed. R. Civ. Pro. 4(e).

The Treasury Defendants, as agencies of the United States, have not been properly served. Ms. Lewis filed a purported proof of service in an attempt to show that she served the defendants by certified mail on or before June 1.  Doc. No. 5.  However, summonses in this case were not issued until June 16, 2020, more than two weeks later.[1]  Therefore, Ms. Lewis could not have properly served the summons and complaint on the Treasury Defendants, as required under Rule 4(i).  Moreover, Ms. Lewis filed her complaint on February 25, 2020.  Doc. No. 1.  Pursuant to Rule 4(m), Ms. Lewis was required to serve the appropriate summons and a copy of the complaint on each of the Treasury Defendants on or before May 25, 2020.  *See also,* Doc. No. 3.  Since summonses were not issued until June 16, 2020, Ms. Lewis could not have properly served the Treasury Defendants as required under Rule 4(i).  Thus, the Treasury Defendants should be dismissed pursuant to Rule 12(b)(5).

> **II.    Any causes of action asserted against Defendant Bureau of Fiscal Services should be dismissed pursuant to Rule 12(b)(6) as Ms. Lewis has failed to state a claim against BFS.**

Ms. Lewis includes the Bureau of Fiscal Services (BFS) as a defendant to this action.  Doc. No. 1 at 6.  However, Ms. Lewis does not mention the BFS at all when listing her causes of action, nor does Ms. Lewis include the BFS in her requests for relief.  *Id*. at 10–11.

---

[1] It appears that Ms. Lewis initially failed to submit correct summonses to the clerk for service. Doc. No. 3.  The Court ordered Ms. Lewis to file corrected summonses for issue on or before June 8, 2020.  *Id*.  On June 16, 2020, the Clerk issued summonses as to all Defendants in this case.  Doc. No. 4.

4

A complaint must "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a complaint must contain enough facts that would permit a court to infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "[t]he plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.' It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis v. Giacomelli*, 558 F.3d 186, 194 (4th Cir. 2009) (quoting *Iqbal*, 550 U.S. at 678).

Though Courts typically construe the pleadings of *pro se* litigants liberally, the "Court cannot add factual allegations or otherwise advocate for a *pro se* litigant." *Shortall v. Baltimore Dist. U.S. Army Corps of Engineers*, Civil Action No. WMN-14-3904, 2015 WL 3543259, at *4 (D.Md. June 4, 2015) (citing *Taitz v. Colvin*, Civ. No. ELH-13-1878, 2013 WL 6623196, at *2 (D.Md. Dec. 13, 2013).

Ms. Lewis has articulated no facts concerning the BFS, much less facts which would, if true, show that Ms. Lewis has state a cause upon which she is entitled to relief. Doc. No. 1. Even if the Court accepts all allegations in Ms. Lewis's complaint as true, she asserts no claims for relief against the BFS. *Id*. at 10–11. Without a claim for relief, the Court cannot grant relief against the BFS, and therefore, Ms. Lewis's complaint should be dismissed pursuant to Rule 12(b)(6) in its entirety insofar as it purports to assert claims against BFS.

**III.    As to the remaining Treasury agencies, Ms. Lewis's Privacy Act claims should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted, because Ms. Lewis has failed to exhaust her administrative remedies under the Privacy Act.**

In Ms. Lewis's complaint, she purports to assert sixteen separate causes of action pursuant to the Privacy Act.  Doc. No. 1 at 10–11.  However, Ms. Lewis fails to allege any facts to suggest she has exhausted her administrative remedies under the Privacy Act.

A proper administrative claim must be filed with the Service before judicial review of a Privacy Act Claim is appropriate.  5 U.S.C. § 552a(g)(1).  A request under the Privacy Act must be "made in writing and signed by the person making the request" and must describe "in sufficient detail" the nature of the records sought.  31 C.F.R. §§ 1.26(d).  An individual may only bring a claim under the Privacy Act if the agency has refused to provide to the individual that individual's own records.  5 U.S.C. § 552(g)(1).

Under the Privacy Act, agencies maintain systems of records and must provide an individual access, upon request, to "his record or to any information pertaining to him which is contained in the system."  5 U.S.C. § 552a(d)(1).  The Treasury Defendants, as required under § 552a(f), have established regulations for Privacy Act inquiries.  31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. A(2)–(3) (procedures established by Divisional Offices, including TIGTA); 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3)(b) (procedures established by the Service); 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. F (procedures established by BEP); 1 C.F.R. § 1.26, Pt. 1, Subpt. C, App. F (procedures established by BEP); 31 C.F.R. § 323.4 (procedures established by BFS).  These regulations clearly describe how to make a request under the Privacy Act. *Id*.  Regulations inform potential requesters to whom the requests must be addressed, where to send the requests, and what information to provide in the request.  *Id*.  The regulations of the Treasury Defendants also helpfully provide an example request.  31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3)(d).

Ms. Lewis's complaint alleges no facts asserting these requirements.  Doc. No. 1 at 10–11. Her complaint merely state claims for purported Privacy Act violations without containing any

facts to suggest she made a Privacy Act request to the Defendants, much less allegations that she made proper requests under the Privacy Act. *Id*. Without a request, the agency necessarily cannot have denied a request, and the agency must first have denied the request before Ms. Lewis could file a claim. 5 U.S.C. § 552a(g)(1). By failing to make a Privacy Act request that conformed to the applicable Privacy Act regulations, Ms. Lewis has failed to exhaust her administrative remedies. *See, Powell v. Internal Revenue Service*, 255 F.Supp.3d 33, 41–42 (D.D.C. 2017) (collecting cases). Because she has failed to allege any exhaustion of her administrative remedies, Ms. Lewis is barred from obtaining judicial relief pursuant to the Privacy Act. *Id*. Thus, Ms. Lewis's Privacy Act claims should be dismissed pursuant to Rule 12(b)(6).

**IV.   As to the remaining Treasury agencies, Plaintiff's FOIA claims should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted, because Ms. Lewis has failed to exhaust her administrative remedies under the FOIA.**

In addition to her Privacy Act claims, Ms. Lewis asserts four causes of action against the Treasury Defendants pursuant to the FOIA. Doc. No. 1 at 10–11 (First Cause of Action, Second Cause of Action, Fourth Cause of Action, and Sixteenth Cause of Action). The Treasury Defendants request the Court dismiss all four causes of action, or in the alternative, grant the Treasury Defendants summary judgment because Ms. Lewis has failed to exhaust her administrative remedies.

Before seeking review in a FOIA case, a plaintiff must exhaust her administrative remedies. *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). Although the Circuit Court of Appeals for the District of Columbia has held that exhaustion "is not jurisdictional because the FOIA does not unequivocally make it so," failure to exhaust administrative remedies may still preclude judicial review. *Wilber*, 355 F.3d at 677 (citations omitted). The District of Maryland has previously determined that

challenges to a FOIA complaint regarding administrative exhaustion of remedies should be examined pursuant to Rule 12(b)(6). *McKenzie-El v. Internal Revenue Serv.*, Civil Action No. ELH-19-1956, 2020 WL 902546, at *10–11 (D.Md. Feb. 24, 2020).

Federal jurisdiction of a FOIA action "is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted). The agency must first receive a FOIA request; an agency cannot have improperly withheld agency records sought by a request it never received. A plaintiff in a FOIA case must demonstrate the agency *received* a FOIA request, not just that the request was mailed. *See Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it); *Banks v. DOJ*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008) (finding that plaintiff failed to exhaust administrative remedies because agencies had no records of plaintiff's requests); *Thomas v. FAA*, No. 05-2391, 2007 WL 2020096, at *3-4 (D.D.C. July 12, 2007) ("Without any showing that the agency received the request, the agency has no obligation to respond to it." (internal quotations and citations omitted)). A FOIA case must be dismissed when the plaintiff fails to rebut an agency affidavit attesting that the request was never received by the agency. *Id.*

Once a plaintiff demonstrates that the agency received her FOIA request, she must also show that she exhausted her administrative remedies by appealing any adverse FOIA determinations. Courts recognize two forms of administrative exhaustion: actual and constructive. *See, e.g., McKenzie-El*, 2020 WL 902546, at *10–11 (citing *Coleman*, 714 F.3d at 820). Actual exhaustion occurs when a party files a proper request with the appropriate agency, and then the party appeals administratively any adverse determinations. 5 U.S.C. § 552(a)(6)(A). In contrast,

8

constructive exhaustion occurs if the agency fails to conform to the time limits established by the FOIA.  5 U.S.C. § 552(a)(6)(C).

Under FOIA, an agency is required to notify Ms. Lewis of its "determination and reasons therefore."  5 U.S.C. § 552(a)(6)(A)(i).  The FOIA then requires the agency to notify Ms. Lewis of her right "to seek assistance from the FOIA Public Liaison of the agency."  5 U.S.C. § 552(a)(6)(A)(i).  In the event of an adverse decision, the agency is also required to notify her of her right "to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency."  5 U.S.C. § 552(a)(6)(A)(i).

The requirements of an administrative appeal prior to bringing suit provides an agency a further opportunity to "exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).  "Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors."  *Oglesby*, 920 F.2d at 61.

To fully exhaust administrative remedies, a requester must appeal the adverse determination through the FOIA administrative procedures.  *Coleman*, 714 F.3d at 823.  Failure to pursue appellate review from the agency results in a failure "exhaust administrative remedies under the FOIA.  *See, e.g., Gray v. Washington Metro Area Transit Authority*, Civil Action No. DKC 16-1792, 2017 WL 511910 (D.Md. Feb. 8, 2017) (granting a motion to dismiss for failure to exhaust administrative remedies after plaintiff failed to allege facts to show he had filed an administrative appeal).  Ms. Lewis has not alleged any facts to suggest she has exhausted her administrative remedies in relation to any of her alleged FOIA requests.  Doc. No. 1 at 10–11.

9

Thus, because she has not adequately pled such administrative exhaustion, the Court should dismiss her FOIA claims pursuant to Rule 12(b)(6). *McKenzie-El*, 2020 WL 2020 WL 902546, at *11 (citing *Gunter v. U.S. Secret Serv.*, No. 19-353 (TFH), 2020 WL 570010, at *2 (D.D.C. Feb. 5, 2020) (dismissing FOIA claim under Rule 12(b)(6) for failure to plead facts concerning exhaustion); *Brown v. FBI*, 793 F. Supp. 2d 368, 380-81 (D.D.C. 2011) (same); *Sindram v. Fox*, No. 07-0222, 2007 WL 3225995, at *2 (E.D. Pa. Oct. 31, 2007) (same).  In the alternative, the Court should grant summary judgment in favor of the Treasury Defendants as to the FOIA claims.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Cases under the FOIA are decided on summary judgment and may be granted solely on the basis of agency affidavits if they are sufficiently detailed and are submitted in good faith.  *See, e.g. Am. Management Servs., LLC, v. Dep't of the Army*, 703 F.3d 724, 733 (4th Cir. 2013) (citing *Spannaus v. Dep't of Justice*, 813 F. 2d 1285, 1289 (4th Cir. 1987); *Wickwire Gavin P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims . . . ." *Goldner v. Soc. Sec. Admin.*, 293 F.Supp.3d 540, 544 (D.Md. 2017) (quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200, (D.C. Cir. 1991)).

A. <u>The Treasury Defendants are each separate entities under the FOIA.</u>

Pursuant to 5 U.S.C. § 552(f), an "agency" as defined in section 551(a) of this title includes any executive department . . . ."  The FOIA requires agencies within the Executive Branch of the federal government to make their records available to any person who makes a proper request for them.  5 U.S.C. §§ 552(a)(3)(A) and (f)(1).

The Department of the Treasury (the Department) is an agency within the executive branch of the federal government established by an Act of Congress in 1789 to manage government revenue.  While the Department is made up of several Bureaus, such as the Service, TIGTA, BEP, and BFS, that are responsible for executing the operations of the Department, the Department operates on a "decentralized basis."  This means there is no central location containing an index of records on every subject on which the Department has records.  Each Bureau has its own FOIA regulations.  Accordingly, a request for records must be properly addressed to the Bureau that maintains the records.  31 C.F.R. § 1.5(b)(3).  When the Department receives a request for records in the possession or under the control of a Bureau of the Department, "the request for the record shall be transferred to the appropriate bureau and the requester notified."  31 C.F.R. § 1.5(c)(1).

> B. Plaintiff's First Cause of Action should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Treasury Defendants, as Ms. Lewis has failed to exhaust her administrative remedies.

The First Cause of Action relates to "non-redacted FOIA responses for requested TIGTA reports."  Doc. No. 1 at 10.  Ms. Lewis does not indicate as to whom this request was made.  *Id*. The Service did not receive a FOIA request for any TIGTA reports from Ms. Lewis.  *See, generally,* Declaration of Angela J. Winters (Decl. of Winters), attached hereto as Ex. 1.  Nor did the BEP receive any FOIA request for TIGTA reports from Ms. Lewis.  *See, generally,* Declaration of Mary Larson (Decl. of Larson), attached hereto as Ex. 2.

To bring a FOIA action in federal court, the plaintiff must demonstrate that the agency received a FOIA request, as an agency cannot have improperly withheld agency records sought by a request it never received.  *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted).  *See also, Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when

agency had no record of receiving it); *Banks v. DOJ*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008) (finding that plaintiff failed to exhaust administrative remedies because agencies had no records of plaintiff's requests); *Thomas v. FAA*, No. 05-2391, 2007 WL 2020096, at *3-4 (D.D.C. July 12, 2007) ("Without any showing that the agency received the request, the agency has no obligation to respond to it." (internal quotations and citations omitted)). The Service and the BEP did not receive any requests from Ms. Lewis pertaining to TIGTA reports, and therefore, Ms. Lewis has failed to exhaust her administrative remedies as to this claim. *Id*. To the extent Ms. Lewis attempts to assert this First Cause of Action against the Service or the BEP, this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

TIGTA received eight FOIA requests from Ms. Lewis for the status, the outcome, and reports related to various TIGTA cases. Declaration of Alexis Turner (Decl. of Turner), attached hereto as Ex. 3, at ¶¶ 5–54. TIGTA responded to all eight of these requests, releasing some records and withholding others. *Id*. Ms. Lewis did not allege that she sought administrative appellate review for any of these requests. Doc. No. 1.

For these requests, TIGTA was required to notify Ms. Lewis of its "determination and reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i). TIGTA must then notify Ms. Lewis of her right "to seek assistance from the FOIA Public Liaison of the agency." *Id*. For adverse decisions, TIGTA is also required to notify Ms. Lewis of her right "to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency." *Id*.

TIGTA satisfied these requirements on February 27, 2017; November 3, 2017; October 4, 2018; October 17, 2018; August 27, 2019; October 21, 2019; November 26, 2019. Decl. of Turner at ¶ 9–10, Exhibit J*, Determination for FOIA Request Number 2017-FOI-00102*; ¶ 16, Exhibit K, *Determination for FOIA Request Number 2018-FOI-00014*; ¶ 21–22, Exhibit L*, Determination*

12

*for FOIA Request Number 2018-FOI-00256*; ¶ 30, Exhibit M*, Response to FOIA Request Number 2019-FOI-00009 and 2019-FOI-00010*; ¶ 36–37, Exhibit N, *Determination for FOIA Request Number 2019-FOI-00211*; ¶¶ 43–44, Exhibit O, *Determination for FOIA Request Number 2019-FOI-00233*; ¶ 51, Exhibit P, *Response to FOIA Request Number 2020-FOI-00023*.

Consistent with section 552(a)(6)(A)(i), TIGTA repeatedly notified Ms. Lewis of her rights to appeal.  Decl. of Turner at ¶ 11, Exhibit J*, Determination for FOIA Request Number 2017-FOI-00102*; ¶ 23, Exhibit L*, Determination for FOIA Request Number 2018-FOI-00256*; ¶ 31, Exhibit M*, Determination for FOIA Request Number 2019-FOI-00009 and 2019-FOI-00010*; ¶ 38, Exhibit N, *Determination for FOIA Request Number 2019-FOI-00211*; ¶¶ 45, Exhibit O, *Determination for FOIA Request Number 2019-FOI-00233*.

Ms. Lewis does not indicate to which of her FOIA requests she refers in her complaint, however, TIGTA has searched its records and determined that Ms. Lewis has not filed an administrative appeal challenging TIGTA's withholding of records.[2]  Decl. of Turner at ¶¶ 55–68.  This failure to appeal deprived TIGTA of the chance to "exercise discretion and expertise on the matter."  *See Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019).  Thus, regardless of which FOIA determination is the subject or subjects of Ms. Lewis's complaint, she has failed to exhaust her administrative remedies as to the requests she sent to TIGTA.  Ms. Lewis

---

[2] Ms. Lewis did email TIGTA and challenged their determination that Request Number 2020-FOI-00023 was a duplicate request of Request Number 2017-FOI-00102.  Decl. of Turner at ¶ 52, Exhibit Q, *Email from Ms. Lewis*.  Despite the request being a duplicate, in response to Request Number 2020-FOI-00023, TIGTA provided Ms. Lewis with a copy of the response provided to Request Number 2017-FOI-00102.  Decl. of Turner at ¶ 54, Exhibit R, *Response to Appeal Number 2020-APP-00005*.  Ms. Lewis's email was construed as an appeal of TIGTA's determination that it was a duplicate; she did not challenge TIGTA's withholding of responsive records, as required under 5 U.S.C. § 552(a)(6)(A)(i).

has failed to meet the elements of a FOIA claim against TIGTA and thus her First Cause of Action asserting FOIA claims against TIGTA should be dismissed pursuant to Rule 12(b)(6).

      C.  <u>Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Treasury Defendants.</u>

The Second Cause of Action seeks access to "HR Connect System Information." Doc. No. 1 at 10. Ms. Lewis does not identify the agency to which she sent this request, but alleges "Treasury and IRS officials" had denied her access to the records. *Id*. Ms. Lewis submitted FOIA requests to the Service for information related to the HR Connect System, however, she failed to exhaust her administrative remedies. She also submitted a FOIA request to the BEP related to the HR Connect System, however, that request was granted. TIGTA did not receive any FOIA request related to the HR Connect System, and thus Ms. Lewis failed to exhaust her administrative remedies.

      *i.*  *Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6) as to the Service for failure to exhaust administrative remedies.*

Ms. Lewis submitted seven separate FOIA requests for HR Connect System information to the Service. Decl. of Winters at ¶¶ 7–11 (Request Number F18057-0060), ¶¶ 12–15 (Request Number F18057-0061), ¶¶16–20 (Request Number F18055-0031), ¶¶ 27–31 (Request Number F20294-0078), ¶¶ 32–35 (Request Number F20295-0063), ¶¶ 36–39 (Request Number F20297-0001), and ¶¶ 43–46 (Request Number F20324-0135). Ms. Lewis did not allege that she sought appellate review for any of these requests. Doc. No. 1.

For these requests, the Service was required to notify Ms. Lewis of its "determination and reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i). The FOIA then required the Service to notify Ms. Lewis of her right "to seek assistance from the FOIA Public Liaison of the agency." 5 U.S.C. § 552(a)(6)(A)(i). For an adverse decision, the Service was also required to notify her of his right

"to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency."  5 U.S.C. § 552(a)(6)(A)(i).

The Service satisfied these requirements on August 9, 2018; October 30, 2019; December 5, 2019; January 24, 2020; and January 29, 2020. Decl. of Winters at ¶ 10, Exhibit A*, Determination to FOIA Request Number F18057-0060*; ¶ 19, Exhibit B, *Determination to FOIA Request Number F18155-0031*; ¶ 30, Exhibit D, *Determination to FOIA Request Number F20294-0078*; ¶ 38, Exhibit E, *Determination to FOIA Request Number F20297-0001*; and ¶ 45, Exhibit F, *Determination to FOIA Request Number F20324-0135*.  The Service repeatedly notified Ms. Lewis of her rights to appeal.  Decl. of Winters at ¶ 11, Exhibit A*, Determination to FOIA Request Number F18057-0060*; ¶ 20, Exhibit B, *Determination to FOIA Request Number F18155-0031*; ¶ 31, Exhibit D, *Determination to FOIA Request Number F20294-0078*; ¶ 39, Exhibit E, *Determination to FOIA Request Number F20297-0001*; and ¶ 46, Exhibit F, *Determination to FOIA Request Number F20324-0135*.

Ms. Lewis does not indicate to which of her FOIA requests she refers in her complaint, however, the Service has searched its records and determined that Ms. Lewis has not filed an administrative appeal for any of the twenty-nine FOIA requests she has submitted.  Decl. of Winters at ¶ 54.  This failure to appeal deprived the Service of the chance to "exercise discretion and expertise on the matter."  *See Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019).  Thus, regardless of which FOIA determination is the subject or subjects of Ms. Lewis's complaint, she has failed to exhaust her administrative remedies as to the requests she sent to the Service.   Ms. Lewis has failed to meet the elements of a FOIA claim against the Service and thus her Second Cause of Action asserting FOIA claims against the Service should be dismissed pursuant to Rule 12(b)(6).

> ii.   *Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6) as to the BEP, as the BEP granted her FOIA request.*

Ms. Lewis submitted a FOIA request for HR Connect System information to the BEP in November 2019. Decl. of Larson at ¶¶ 15– 21. The BEP granted Ms. Lewis's request and provided her with the responsive, unredacted document. *Id.* at ¶ 19. Ms. Lewis did appeal, asserting the information was not complete, however, because the BEP granted Ms. Lewis's FOIA request, Ms. Lewis did not have any right to appeal. *Id.* at ¶ 21–22.

In her complaint, Ms. Lewis asserts, "Treasury and IRS officials" had denied her access to the records. Doc. No. 1 at 10. However, the BEP did not deny her access to records related to the HR Connect System: the BEP granted her request. Decl. of Larson at ¶ 19. The basis of Ms. Lewis's complaint is that the agencies *denied* her FOIA request. Doc. No. 1 at 10. Her complaint does not include any facts or claims challenging the inadequacy of the search performed by BEP. Doc. No. 1. Thus, Ms. Lewis has failed to state a claim for which relief may be granted against the BEP.

> iii.   *Plaintiff's Second Cause of Action should be dismissed pursuant to Rule 12(b)(6) as to TIGTA for failure to exhaust administrative remedies.*

TIGTA did not receive any FOIA request for HR Connect System information from Ms. Lewis. *See, generally,* Decl. of Turner. To bring a FOIA action in federal court, the plaintiff must demonstrate that the agency received a FOIA request, as an agency cannot have improperly withheld agency records sought by a request it never received. *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted). *See also, Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it); *Banks v. DOJ*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008) (finding that plaintiff failed to exhaust administrative remedies because

agencies had no records of plaintiff's requests); *Thomas v. FAA*, No. 05-2391, 2007 WL 2020096, at *3-4 (D.D.C. July 12, 2007) ("Without any showing that the agency received the request, the agency has no obligation to respond to it." (internal quotations and citations omitted)).

TIGTA did not receive any requests from Ms. Lewis pertaining to HR Connect System information, and therefore, Ms. Lewis has failed to exhaust her administrative remedies as to this claim. *Id*. To the extent Ms. Lewis attempts to assert this Second Cause of Action against TIGTA, this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

> D. Plaintiff's Fourth Cause of Action should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Treasury Defendants, as Ms. Lewis has failed to exhaust her administrative remedies.

The Fourth Cause of Action specifically relates to Ms. Lewis's "FOIA request to the IRS Criminal Investigations (CI) unit" in which she requested "Emails to the Criminal Investigations (CI) organization. Doc. No. 1 at 10. Ms. Lewis asserts this request was sent to the Service, and therefore, to the extent Ms. Lewis attempts to assert her Fourth Cause of Action against any of the other defendants, this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The BEP did not receive any FOIA request related to the IRS Criminal Investigations Unit from Ms. Lewis. *See, generally,* Decl. of Larson. Nor did TIGTA receive any FOIA requests from Ms. Lewis related to the same. *See, generally,* Decl. of Turner.

To bring a FOIA action in federal court, the plaintiff must demonstrate that the agency received a FOIA request, as an agency cannot have improperly withheld agency records sought by a request it never received. *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted). *See also, Pickering-George v. Registration*

*Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it); *Banks v. DOJ*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008) (finding that plaintiff failed to exhaust administrative remedies because agencies had no records of plaintiff's requests); *Thomas v. FAA*, No. 05-2391, 2007 WL 2020096, at *3-4 (D.D.C. July 12, 2007) ("Without any showing that the agency received the request, the agency has no obligation to respond to it." (internal quotations and citations omitted)).   Neither BEP nor TIGTA received any requests from Ms. Lewis pertaining to the IRS Criminal Investigations Unit, and therefore, Ms. Lewis has failed to exhaust her administrative remedies as to this claim.  *Id*.   To the extent Ms. Lewis attempts to assert this Fourth Cause of Action against the BEP or TIGTA, this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

On August 2, 2019, Ms. Lewis submitted a FOIA request to the Service for any Criminal Investigation Emails regarding her.  Decl. of Winters at ¶ 21.  The Service assigned this request number F19218-0137.  *Id*. at ¶ 22.  The Service then denied this request because it did not meet the requirements of the FOIA or the applicable FOIA regulations of the Service.  *Id*. at ¶ 23; Exhibit C, *Determination to FOIA Request Number F19218-0137*.  The Service responded to Ms. Lewis's request, explaining that the request did not comply with the applicable FOIA regulations and requirements.  *Id*.  Specifically, the Service informed Ms. Lewis that her request for "any and all" communications over a two-year period was overly broad.  *Id*.

Before seeking review in a FOIA case, a plaintiff must exhaust her administrative remedies. *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004).  Before an agency can release requested documents, the requester must comply with both the FOIA requirements and the agency requirements.  5 U.S.C.

§ 552(a); 26 C.F.R. § 601.702(c)(5).  "Failure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal."  *Dale v. Internal Revenue Serv.*, 238 F.Supp.2d 99, 103 (D.D.C. 2002).

Here, Ms. Lewis has not submitted a proper FOIA request to the Service because she failed to describe the records sought.  Exhibit C, *Determination to FOIA Request Number F19218-0137*.  Ms. Lewis was required to provide the Service with a description that would enable the service to "determine precisely what records are being requested."  *Dale*, 238 F.Supp.2d at 104 (citations omitted).  FOIA requests for "all documents" related to a subject are precisely the lack of specificity Congress sought to preclude by requiring a reasonable description.  *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977).  Because Ms. Lewis's FOIA request for any Criminal Investigation Emails, to which the Service assigned Request Number F19218-0137, did not "reasonably describe" the records Ms. Lewis sought, as required by § 552(a)(3)(A), Ms. Lewis did not exhaust her administrative remedies.  Thus, Ms. Lewis has failed to exhaust her administrative remedies as to this claim and this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

  E. <u>Plaintiff's Sixteenth Cause of Action should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Treasury Defendants, as Ms. Lewis has failed to exhaust her administrative remedies.</u>

The Sixteenth Cause of Action states that Treasury officials improperly provided "altered information in an official FOIA response."  Doc. No. 1 at 10.  Again, Ms. Lewis fails to state which agency from which she requested information.  *Id*.  Nor does Ms. Lewis indicate to which request she is referring.  *Id*.  She does, however, indicate that the response involved Linda Gilpin, an employee of the Service.  *Id*.

The BEP did not receive a request from Ms. Lewis related to Linda Gilpin.  *See, generally,* Decl. of Larson.  Nor did TIGTA receive any FOIA requests from Ms. Lewis regarding Linda Gilpin.  Decl. of Turner at ¶¶ 5–54.

To bring a FOIA action in federal court, the plaintiff must demonstrate that the agency received a FOIA request, as an agency cannot have improperly withhold agency records sought by a request it never received.  *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted).  *See also, Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it); *Banks v. DOJ*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008) (finding that plaintiff failed to exhaust administrative remedies because agencies had no records of plaintiff's requests); *Thomas v. FAA*, No. 05-2391, 2007 WL 2020096, at *3-4 (D.D.C. July 12, 2007) ("Without any showing that the agency received the request, the agency has no obligation to respond to it." (internal quotations and citations omitted)).  Neither BEP nor TIGTA received any requests from Ms. Lewis pertaining to Ms. Gilpin, and therefore, Ms. Lewis has failed to exhaust her administrative remedies as to this claim.  *Id.*   To the extent Ms. Lewis attempts to assert this Sixteenth Cause of Action against the BEP or TIGTA, this claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

The Service did receive three separate FOIA requests pertaining to Linda Gilpin from Ms. Lewis.  Decl. of Winters at ¶ 30, Exhibit D, *Determination to FOIA Request Number F20294-0078*; ¶ 38, Exhibit E, *Determination to FOIA Request Number F20297-0001*; and ¶ 45, Exhibit F, *Determination to FOIA Request Number F20324-0135*.  Ms. Lewis did not allege that she sought appellate review for any of these requests.  Doc. No. 1.

For these requests, the Service was required to notify Ms. Lewis of its "determination and reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i). The Service did so on December 5, 2019; January 24, 2020; and January 29, 2020. Decl. of Winters at ¶ 30, Exhibit D, *Response to FOIA Request Number F20294-0078*; ¶ 38, Exhibit E, *Response to FOIA Request Number F20297-0001*; and ¶ 45, Exhibit F, *Response to FOIA Request Number F20324-0135*. The FOIA then required the Service to notify Ms. Lewis of her right "to seek assistance from the FOIA Public Liaison of the agency." 5 U.S.C. § 552(a)(6)(A)(i). The Service also did so on each of these dates. Decl. of Winters at ¶ 30, Exhibit D, *Response to FOIA Request Number F20294-0078*; ¶ 38, Exhibit E, *Response to FOIA Request Number F20297-0001*; and ¶ 45, Exhibit F, *Response to FOIA Request Number F20324-0135*. For an adverse decision, the Service was also required to notify her of his right "to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency." 5 U.S.C. § 552(a)(6)(A)(i). The Service repeatedly notified Ms. Lewis of her rights to appeal. Decl. of Winters at ¶ 31, Exhibit D, *Response to FOIA Request Number F20294-0078*; ¶ 39, Exhibit E, *Response to FOIA Request Number F20297-0001*; and ¶ 46, Exhibit F, *Response to FOIA Request Number F20324-0135*.

Ms. Lewis does not indicate to which of her FOIA requests she refers in her complaint, however, the Service has searched its records and determined that Ms. Lewis has not filed an administrative appeal for any of the twenty-nine FOIA requests she has submitted. Decl. of Winters at ¶ 54. This failure to appeal deprived the Service of the chance to "exercise discretion and expertise on the matter." *See Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019). Thus, regardless of which FOIA decision is the subject or subjects of Ms. Lewis's complaint, she has failed to exhaust her administrative remedies as to the requests she sent to the Service. Ms. Lewis has failed to meet the elements of a FOIA claim against the Treasury

21

Defendants and thus her Sixteenth Cause of Action asserting FOIA claims should be dismissed pursuant to Rule 12(b)(6).

As to each cause of action discussed, consistent with the *Shortall v. Baltimore Dist. U.S. Army Corps of Engineers* case, the Court should not add facts that Ms. Lewis, as a *pro se* litigant, failed to include in her complaint.  *See supra*, page 3.

**V.     Motion for More Definite Statement**

In the alternative, the Treasury Defendants move for a more definite statement.  Rule 12(e) permits a party to move for a more definite statement of a pleading, such as a complaint, to which a responsive pleading is permitted, but which is so ambiguous that the party cannot reasonably prepare a response.

The Treasury Defendants have identified over thirty separate FOIA requests received by the various agency defendants.  Decl. of Winters at ¶ 5; Decl. of Larson at ¶ 5; Decl. of Turner at ¶ 5. Ms. Lewis filed a complaint alleging sixteen separate causes of action related to purported FOIA and Privacy Act requests.  Doc. No. 1.  However, Ms. Lewis did not identify the specific determinations she wishes to challenge.  *Id*.  She fails to include the dates of the alleged requests or request numbers, including only vague descriptions of her purported requests.  *Id*.

Plaintiff is only required to include "a short and plain statement of the claim showing [she] is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)).

Ms. Lewis's complaint falls short of providing a short definite statement of the claims. Instead, because she has submitted numerous FOIA requests for the same or similar information, the Treasury Defendants cannot reasonably prepare a response to these allegations.  Therefore, if the Court does not dismiss Ms. Lewis's complaint, the Treasury Defendants requests the Court

order Ms. Lewis to prepare a more definite statement of her complaint, to include the dates of her purported FOIA requests.

**VI.     Plaintiff's Third Cause of Action against the VA should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment granted, concerning the VA's November 2019 response to Plaintiff's FOIA request because Plaintiff failed to exhaust her administrative remedies.**

Plaintiff alleges that the VA improperly redacted information when responding to her FOIA request.  However, Plaintiff has not alleged any facts to suggest she exhausted her administrative remedies prior to filing suit concerning her FOIA request to the VA.  *See* Sec. IV (setting forth requirements for administrative exhaustion).  And, the VA's regulations require a FOIA requester to appeal an adverse determination before filing in federal court. 38 C.F.R. § 1.559(f). Thus, because Plaintiff has not adequately pled such administrative exhaustion, the Court should dismiss her FOIA claims pursuant to Rule 12(b)(6).  *See McKenzie-El*, 2020 WL 2020 WL 902546, at *11; *Brown*, 793 F. Supp. 2d at 380-81 (D.D.C. 2011) (same).[3]

Alternatively, the Court should grant summary judgment in favor of the VA as to Plaintiff's FOIA claim based on the VA's November 2019 response.  In response to Plaintiff's October 2019 FOIA request, the VA OIG produced seventy-one pages of documents, with redactions, on November 8, 2019.  R. Gowins-Bellamy Decl., ¶ 8; *Vaughn* Index.  The VA OIG advised Plaintiff that any administrative appeal of the response must be received within ninety (90) calendar days. R. Gowins-Bellamy Decl., ¶ 8.  However, the VA OIG did not receive an administrative appeal from Plaintiff, either within the required 90 calendar days or at any time prior to Plaintiff filing the instant Complaint (ECF No. 1).  *Id*., ¶ 9.

---

[3] To the extent, Plaintiff's third cause of action is construed as a Privacy Act claim, Plaintiff fails to allege any facts demonstrating compliance with the VA's Privacy Act regulations.  *See* 38 C.F.R. §§ 1.577 - 1.582.

VII.    **Summary Judgment should be granted for the VA because the VA properly withheld information in accordance with FOIA and Privacy Act exemptions from disclosure.**

In response to Ms. Lewis's FOIA request, the VA released responsive records with redactions under the applicable FOIA and or Privacy Act exemptions.  Ms. Lewis appears to allege that the VA improperly withheld information from her.  However, Ms. Lewis's argument is not well founded.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Thus, under FOIA, when a person makes a specific and reasonable request for records from a federal agency, the agency must make the records available.  *See* 5 U.S.C. § 552(a)(3)(A); *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 703 F.3d 724, 728 (4th Cir. 2013).  However, because public disclosure is not always in the public interest, the FOIA contains nine exemptions that are designed to safeguard various public interests against the harms that would arise from overbroad disclosure.  *See Am. Mgmt. Servs., LLC,* 703 F.3d at 728.  When a requester challenges the agency's actions under the FOIA, a district court must make a *de novo* determination of whether government records were properly withheld under a FOIA exemption.  *Willard v. IRS*, 776 F.2d 100, 102 (4th Cir. 1985) (citing 5 U.S.C. § 552(a)(4)(B)).  The agency bears the burden of proving that it has fully discharged its obligations under the FOIA.  *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir. 1985).

In a FOIA case, the agency has the burden of showing that any identifiable document has either been produced or is subject to withholding under a FOIA exemption.  *Havemann v. Colvin*, 629 Fed. Appx. 537, 539 (4th Cir. 2015).  To meet this burden, the agency may submit a declaration

24

and a *Vaughn* index describing the withheld material with reasonable specificity and explaining the applicability of a FOIA exemption. *Ethyl Corp.v. U.S. Environmental Protection Agency*, 25 F.3d 1241, 1249 (4th Cir. 1994). The agency's justification for invoking a FOIA exemption is sufficient if it appears "logical" or "plausible." *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007). If the agency meets its burden, the burden shifts to the requester to suggest bad faith on the part of the agency. *Havemann*, 629 Fed. Appx. at 539.

Here, the VA properly relied on FOIA Exemptions 2, 5, and 6 and the Privacy Act to justify its withholdings in its response to Ms. Lewis's FOIA request. The VA has submitted Ms. Ruthlee Gowins-Bellamy's declaration and a detailed *Vaughn* index in support of its withholding determinations. Further, there is no evidence in the record to suggest bad faith on the part of the VA.

A. The VA Properly Relied on FOIA Exemption 2.

Exemption 2 protects from FOIA disclosure information pertaining solely to "the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).

The Supreme Court has instructed that the term "personnel" "refers to human resources matters," such as the "selection, placement, and training of employees and … the formulation of policies, procedures, and relations with [or involving] employees or their representatives." *Milner v. Dep't of Navy*, 562 U.S. 562, 569 (2011) (internal citations and quotations omitted). "An agency's 'personnel rules and practices' are its rules and practices dealing with employee relations or human resources." *Id.* at 570 (noting "all the rules and practices referenced in Exemption 2 share a critical feature: They concern the conditions of employment in federal agencies—such matters as hiring and firing, work rules and discipline, compensation and benefits.").

Here, the Supreme Court's opinion in *Milner* makes clear that the VA's Senior Executive Service and Senior Level rating sheets (VA OIG 3-69), and applicant score summary (VA OIG 66-69), are solely personnel records given that the rating sheets and applicant score sheet concern the selection and placement of federal employees. *See Milner*, 562 U.S. at 569-70; *see also Stein v. U.S. Dep't of Justice*, 134 F. Supp. 3d 457, 471 (D. D.C. 2015) (granting motion for summary judgment because employee evaluation forms are exempt from disclosure under FOIA exemption 2).

### B. The VA Properly Relied on FOIA Exemption 5.

Exemption 5 permits an agency to withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552(b)(5). "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). "Among the privileges Exemption 5 encompasses are the attorney-client privilege, the attorney-work product privilege, and the deliberative process privilege." *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 371 (4th 2009). The agency bears the burden to establish that Exemption 5 applies. *Id.*

Of significance here, the deliberative process privilege "is designed to protect the quality of administrative decisionmaking by ensuring that it is not done 'in a fishbowl.'" *City of Virginia Beach, Va. v. U.S. Dept. of Commerce*, 995 F.2d 1247, 1252 (4th Cir. 1993) (quoting *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87 (1973)). "To fall within the deliberative process privilege, materials must bear on the formulation or exercise of agency policy-oriented *judgment*." *Ethyl Corp.*, 25 F.3d at 1248 (emphasis in original) (quoting *Petroleum Info.*

*Corp. v. United States Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992)).  To qualify for

withholding under the deliberative process privilege, a document must be both "predecisional" and

"deliberative."  *Petroleum Info. Corp.*, 976 F.2d at 1434.  A document is predecisional if it was

"'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to

support a decision already made."  *Id.*  (quoting *Renegotiation Bd. v. Grumman Aircraft*, 421 U.S.

168, 184 (1975)); *see also Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C.

Cir. 1980) (explaining that a document is "predecisional" if it is "generated before the adoption of

an agency policy").  A document is "deliberative" if it "reflects the give-and-take of the

consultative process by revealing the manner in which the agency evaluates possible alternative

policies or outcomes."  *Id.*  Deliberative material reveals "the manner in which the agency

evaluates possible alternative policies or outcomes."  *City of Virginia Beach*, 995 F.2d at 1253;

*see also Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 329 (4th Cir. 2016).

In determining whether a document is protected by the deliberative process privilege,

courts consider whether the disclosure of that document would be likely to undermine the purposes

of the privilege.  *Coastal States*, 617 F.2d at 866.  Where the contents of a document are "so candid

or personal in nature that public disclosure is likely in the future to stifle honest and frank

communication within the agency," the document is likely to be privileged.  *Id.*  "Human

experience teaches that those who expect public dissemination of their remarks may well temper

candor with a concern for appearances and for their own interests to the detriment of the

decisionmaking process."  *Id.*  (quoting *United States v. Nixon*, 418 U.S. 683, 705 (1974)).

Conversely, "[c]ourts have typically required disclosure of purely factual material, presumably

because the prospect of disclosure is less likely to make an advisor omit or fudge raw facts, while

it is quite likely to have such an effect on materials reflecting deliberative or policy-making

27

processes." *Quarles v. Dep't of Navy*, 893 F.2d 390, 392 (D.C. Cir. 1990) (internal citations and quotation marks omitted).   There are other characteristics that tend to be held by privileged documents.   Documents that provide recommendations or alternative suggestions, or which "weigh[] the pros and cons of agency adoption of one viewpoint or another" are likely to be privileged. *Id.*   But if the suggestion contained in a document "is adopted, formally or informally, as the agency position on an issue," or if it is "used by the agency in its dealings with the public," the document may lose its privileged status. *Id.*

Here, the VA invoked Exemption 5 in redacting VA OIG memoranda dated December 11, 2017, Jan. 22, 2018, and April 6, 2018, which appointed Senior Executive Service members to serve on the Executive Resources Board for the position of Assistant Inspector General for Management and Administration to rate and rank applicants to determine the best qualified applicants for referral (VA OIG 1-2; VA OIG 72).   *See Vaughn* Index.   Such memoranda concern the VA's decision-making as it relates to evaluation of applicants and hiring.   The VA further invoked Exemption 5 in redacting the VA's Senior Executive Service and Senior Level rating sheets (VA OIG 3-69).   These records further bear on how the VA evaluated different candidates for vacancies.   The VA further invoked Exemption 5 in redacting a Certificate results sheet showing the selection official's proposed action on the vacancy announcements (VA OIG 70-71). *See id*.   Memoranda assigning individuals to rate and rank applicants, agency rating sheets, and documentation reflecting the selection officials' proposed selection action are not documents used by the VA in its public dealings, reflect the "give-and-take of the consultative process" and frank, candid communications, *see Coastal States*, 617 F.2d at 866, and thus fall squarely within the protections of (b)(5) for deliberative process materials.

C.   The VA properly relied on FOIA Exemption 6.

28

FOIA Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 is not only intended to include medical and personnel files, but also "*all private or personal information contained in other files*, which, if disclosed to the public, would amount to a clearly unwarranted invasion of the privacy of any person." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 n.3 (1982) (emphasis in original). For the application of Exemption 6, the Supreme Court uses a balancing test that weighs individual privacy interests against the public interest in disclosure. *Casa De Md., Inc. v. United States Dep't of Homeland Sec.*, 409 Fed. Appx. 697, 700 (4th Cir. Jan. 31, 2011) (citations omitted). An agency may withhold information under Exemption 6 only if disclosure would constitute an "unwarranted invasion of personal privacy." *Id.*

Once the agency implicates a legitimate privacy interest under Exemption 6, the burden shifts to the FOIA requester to "(1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake' and (2) 'show the information is likely to advance that interest.'" *Casa De Md.,* 409 Fed. Appx. at 700 (quoting *National Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004)). Where the requester asserts that the public interest being asserted is to show that agency officials engaged in misconduct, "the requester must establish more than a bare suspicion in order to obtain disclosure" and "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174. In the absence of clear evidence to the contrary, courts presume that agency officials have properly discharged their official duties. *Id.* (citation omitted).

Here, the records at issue - three OIG memoranda concerning SES members to serve on the board to rank and determine the best qualified candidates for referral, applicant rating sheets, summary sheet reflecting total applicant scores, and the certificate results sheet showing proposed selection actions – are personnel records, and the VA relied on Exemption 6 in redacting the names, job titles, or other information that could reveal the identity of the individuals described therein. *See Vaughn* Index.  The public interest in knowing who applied for the relevant vacancies, who was not hired, and who was involved in the selection process, is minimal.  The privacy interest of the applicants, however, is substantial because if these documents were released, the public may become aware of the specific individuals who had been judged less qualified or less competent as compared to other applicants.  If the general public could access this information, the individual would be subject to everyone—from his next-door neighbor, co-workers, to someone across the country—knowing information that is intensely personal and private.

Further, exemption 6 is routinely invoked to protect the privacy interests inherent in job applicant materials.  *See, e.g., Barvick v. Cisneros*, 941 F. Supp. 1015, 1021 (D. Kansas 1996) (HUD properly invoked exemption 6 in redacting job application, rating worksheets and selection roster for investigator position); *Holland v. Central Intelligence Agency*, No. 92-1233, 1992 WL 233820, at *14-15 (D.D.C. Aug. 31, 1992) (finding a "substantial privacy interest" in materials submitted by unsuccessful applicant for a general counsel position with CIA that was not outweighed by proffered public interest in the ways in which the government fills vacancies); *Ripskis v. Department of Housing and Urban Dev.,* 746 F.2d 1, 3 (D.C. Cir. 1984) ("Employee evaluation forms contained in personnel files have been found to fall within the ambit of the exemption [6].").

The VA properly invoked Exemption 6 to protect the personal privacy interests of the job applicants and those involved in the selection process and no countervailing public interest warrants invading their rights to privacy.

      D.   <u>VA properly relied on the Privacy Act § (a)(k)(6).</u>

Pursuant to the Privacy Act, at 5 U.S.C. § 552(a)(k)(6), the Office of Personnel Management ("OPM") has promulgated rules, followed by the VA, exempting "testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service" from disclosure under FOIA.  In accordance with 5 C.F.R. § 297.501, applicant appraisal methods, rating schedules, rating sheets, and other testing and examination material are exempt from disclosure when disclosure would compromise the objectivity or fairness of the testing or examination process.

In accordance with 5 U.S.C. § 552(a)(k)(6) and 5 C.F.R. § 297.501, the VA partially redacted rating sheets (VA OIG 003-065) and an applicant score sheet (VA OIG 066-069) when responding to Plaintiff's FOIA request.

## <u>CONCLUSION</u>

Ms. Lewis has failed to effectuate proper service against the Treasury Defendants, and therefore, the Treasury Defendants request the Court dismiss her complaint pursuant to Rule 12(b)(5).  Furthermore, Ms. Lewis has failed to state a claim upon which relief may be granted against the Bureau of Fiscal Services.  Ms. Lewis has not included even a mention of the Bureau of Fiscal Services in any of her causes of action or requests for relief, and thus the Court should dismiss the claims against the Bureau of Fiscal Services pursuant to Rule 12(b)(6).

Furthermore, despite submitting numerous FOIA requests from the Treasury Defendants, Ms. Lewis has failed to file an administrative appeal as to any of her FOIA requests.  Thus, because

she has failed to exhaust her administrative remedies, Ms. Lewis's complaint should be dismissed pursuant to Rule 12(b)(6).  In the alternative, the Treasury Defendants request a more definite statement to respond to Ms. Lewis's sixteen causes of action.

Plaintiff's claim against the VA should be dismissed, or in the alternative, summary judgment granted because Plaintiff failed to exhaust her administrative remedies as to the VA's November 2019 response to Plaintiff's FOIA inquiry.  Summary judgment is appropriate as to the VA's November 2019 and March 2021 response as the VA properly redacted information in accordance with FOIA and the Privacy Act.

Dated: March 29, 2021                         Respectfully submitted,

                                                              DAVID A. HUBBERT
                                                              Acting Assistant Attorney General

                                                              /s/
                                                              _____
                                                              EMILY K. MILLER
                                                              Trial Attorney, Tax Division
                                                              U.S. Department of Justice
                                                              P.O. Box 227
                                                              Washington, D.C.  20044
                                                              202-353-7509 (v)
                                                              Emily.K.Miller@usdoj.gov
                                                              *Counsel for the Treasury Defendants*


                                                              Jonathan F. Lenzner
                                                              Acting United States Attorney

                                                                      /s/
                                                              _____
                                                              Rebecca A. Koch (Bar No. 802108)
                                                              Assistant United States Attorney
                                                              6406 Ivy Lane, Suite 800
                                                              Greenbelt, Maryland 20770
                                                              Telephone: 301-344-4433
                                                              Facsimile: 410-962-2310
                                                              Rebecca.Koch@usdoj.gov
                                                              *Counsel for the VA*

32

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

/s/
Rebecca A. Koch
Assistant United States Attorney