IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND

KIESHA D. LEWIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 8:20-cv-00494-TDC

\*\*\*\*\*\*

## KIESHA D. LEWIS' MEMORANDUM IN RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS

The plaintiff, Kiesha D. Lewis, submits this brief in response to the defendant's motion to dismiss her Freedom of Information Act/Privacy Act Violation Complaint.

### BACKGROUND

While employed at the Internal Revenue Service (IRS), Ms. Lewis made senior IRS management officials aware of the conduct and actions of her second line managers that she perceived to be both illegal and unethical. In November 2017, Ms. Lewis filed a retaliation complaint with the Treasury Inspector General for Tax Administration (TIGTA). After TIGTA failed to contact Ms. Lewis to discuss her complaint, she submitted various Freedom of Information Act (FOIA) requests with various federal government entities to ensure that documents were not destroyed or altered and to obtain documentation to support her Merit System Protection Board (MSPB) retaliation complaint. In the Defendants responses to Ms. Lewis' requests, it is Ms. Lewis' belief that the Defendant showed a pattern of FOIA violations by delaying responses, failing to respond, completely redacting all information in

the response, or altering the documents provided to Ms. Lewis. Ms. Lewis contends that the actions taken by the Defendant are both FOIA and Privacy Action violations.

## ARGUMENT

Ms. Lewis contacted both TIGTA and the United States Office of Special Counsel (OSC) to request an independent investigation into her retaliation allegations. Based on the information she has been able to obtain, neither organization chose to conduct an investigation. After TIGTA failed to contact Ms. Lewis to discuss her complaint, Ms. Lewis decided to start her own investigation using the FOIA system. Ms. Lewis is not an attorney nor an Inspector General investigator and would have preferred that the organizations tasked/authorized to perform these investigatory functions had fulfilled their responsibilities. However, when it became clear that this was not going to happen, she attempted to fill the void. In the case of TIGTA, it completely abdicated its investigatory responsibility to the IRS, giving IRS management, specifically Ms. Linda Gilpin, the authority to determine both the direction and outcome of the investigation, see Exhibit 1, which she closed with no finding of misconduct. This lawsuit is the expected end result of her attempts to obtain information suppressed by the Defendant, to the Plaintiff's FOIA and MSPB Discovery requests.

### I. RESPONSE TO THE DEFENDANT'S CLAIM OF INSUFFICIENT SERVICE

This is a Pro Se case, Ms. Lewis, who is not an attorney and has no previous legal training is representing herself. As such, she is not aware of all the legal and courtroom technicalities governing the federal judicial system. Therefore, during her initial submission, Ms. Lewis did not properly service the Defendant, instead of using either a private process server or the United States Postal Service (USPS), Ms. Lewis used the services of the United

Parcel Service (UPS) to service the Defendant, as noted in the initial court filings. Ms. Lewis learned of her error from the Magistrate Judge court filing. In this filing, the Judge afforded Ms. Lewis an opportunity to correct her error, which she did, see Document Number: 4. Therefore, the Defendant's Insufficient Service Claim is no longer valid.

## II. RESPONSE TO THE DEFENDANT'S CLAIM THAT THE PLANTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

The Defendant failed to respond in a timely manner to many of Ms. Lewis' FOIA requests. For example, Ms. Lewis submitted a FOIA request to the Department of Treasury requesting the HR Connect System Audit Log information. Instead of responding in thirty days, the Department of Treasury delayed providing the information for almost one year, see Exhibit 2. When the Defendant did provide a response, the files were redacted so that Ms. Lewis was unable to ascertain who had accessed and altered her performance records, see Exhibit 3. Moreover, when Ms. Lewis sent a follow-up FOIA request expanding the time frame, the Department of Treasury failed to respond and instead referred her request to the Bureau of Engraving and Printing (BEP) for a response, see Exhibit 4, actions that directly contradict how the Defendant handled Ms. Lewis' request when she requested these records from the Internal Revenue Service (IRS), see Exhibit 5.

Another example of the Defendant failing to respond timely is the February 25, 2018 FOIA request Ms. Lewis sent to the IRS. The IRS did not provide a response until October 30, 2019, almost two years AFTER the request, see Exhibit 6. When the IRS did respond, they failed to provide email discussions from Ms. Henby even in a redacted manner, see Exhibit 7, even though the FOIA request asked for this information; actions Ms. Lewis perceives as an effort to hide these documents existence. Moreover, the response contained

an altered email that hid a discussion between Ms. Gilpin and Ms. Henby, see Exhibit 8, instead of redacting the conversation as required under FOIA law.

This is not the only instance of the Defendant providing altered files as a FOIA response. When BEP provided a response to Ms. Lewis' FOIA request for the HR Connect records, the documents provided had been altered; entries from Mr. Kevin McCreight and Ms. Ramona Henby had been removed. Ms. Lewis sent a follow-up correspondence concerning the issue, however, the Defendant failed to act on the discrepancy, see Exhibit 9.

The Defendant's motion also fails to account for the Plaintiff's efforts to obtain the FOIA information during the Discovery phase of her MSPB administrative legal case. The Defendant actively worked to suppress evidence, to include information and statements from potential witnesses and/or other government agencies (e.g. the Department of Treasury and TIGTA). These efforts include: the Defendant tampering with the HR Connect files response from the Department of Treasury and employees efforts to suppress the Plaintiff's efforts to obtain these files, see Exhibit 10 and the suppressing email evidence from Ms. Ramona Henby concerning the performance rating of the Plaintiff, see Exhibit 7, despite the Plaintiff's Documentation Production request, see Exhibit 11.

The Defendant's motion also fails to account for the times that the Plaintiff requested assistance from her Congressional Representatives, Senator Ben Cardin and Congressman Anthony Brown, and the Office of Government Information Services (OGIS), see Exhibit 12. All three of these entities attempted to intervene on Ms. Lewis' behalf to assist with obtaining her FOIA requested information. In each instance, their methods failed.

Lastly, in reference to the TIGTA FOIA requests, Ms. Lewis has also tried several times, and failed, to obtain complete, non-redacted copies of the TIGTA reports. In each instance, she was told that she could not be provided with the reports, only the information she had provided, see Exhibit 13. Even when Senator Ben Cardin's office called TIGTA to discuss the matter, they could not persuade TIGTA to provide any additional information concerning the TIGTA reports. Therefore, Ms. Lewis contends that without judicial interference, the Defendant will not provide this information.

The Plaintiff contends that the Defendant's claim that the use of Administrative Remedies would have altered the outcome, negating her need for judicial intervention is nonsensical. If the Defendant was willing to disregard both a Discovery Documentation Production Request and Congressional requests, Ms. Lewis contends that without the assistance of the Federal Court System her FOIA requests will continue to be marginalized.

### III. RESPONSE TO THE DEFENDANT'S FOIA EXEMPTION CLAIM

In the Department of Veterans Affairs (VA) FOIA response, they provided the Plaintiff with what amounts to blank files, documents that have been completely redacted. The VA contends that it needed to completely redact these files based on the following exemptions: Privacy Act Exemption (k)(6), Exemption 2, (b) (2), and Exemption 5, (b) (5). However, Ms. Lewis contends that none of these exemptions apply in this situation, especially not to the extent to which the VA has used it.

In Ms. Lewis' FOIA request, she asked to be provided with documentation showing

the factors used to rate each applicant and how the rating was derived for each. These documents are developed prior to the start of the application reviewing and rating process to ensure that the process is fair - and free from any bias such as race, gender, ethnicity or any other outside influences not related to the person's ability to perform the job duties. Ms. Lewis was not requesting to be provided with anyone's personnel file, resume, SF50 or medical records - information covered under the Privacy Act.

Moreover, Ms. Lewis was not requesting information such as performance standards and leave practices, items usually covered under FOIA Exemption 2. The information requested would be considered Personnel matters of greater public interest, which are typically NOT covered under an exemption.

Lastly, the argument of Deliberative Privilege does not apply either; granting Ms. Lewis' FOIA request would not increase the prospect of actual harm to anyone's legitimate public or private interests; it ensures that there was NO bias or outside influence involved when her credentials were considered during the rating process for these job announcements. Ms, Lewis contends that a responsive submission from the VA would have provided this information, redacting ONLY the names of the other applicants - not everything, Exhibit 14 provides an example of a responsive reply. Moreover, other Defendant agencies, the Department of Homeland Security, Housing and Urban Development (HUD) responded to similar FOIA requests - none of which failed to respond, as the VA did, see Exhibit 15. In fact, the Bureau of the Fiscal Service (Fiscal Service) provided the Plaintiff with its Merit Promotion Selecting Instructions, which states Interview Notes are to be kept and provided

with application files, in the event that a complaint is filed, see Exhibit 15.

### IV. CLARIFICATION OF PLANTIFF'S PRIVACY ACT VIOLATION CLAIMS

As a result of Ms. Lewis filing her TIGTA complaint, Ms. Lewis believes that her Privacy Rights under the Privacy Act of 1974 have been violated. According to Wikipedia, the Privacy Act of 1974 governs "the collection, maintenance, use, and dissemination of personally identifiable information (PII) about individuals that is maintained in systems of records by federal agencies. It prohibits the disclosure of information from a system of records absent of the written consent of the subject individual and provides individuals with a means by which to seek access to and amendment of their records and sets forth various agency record-keeping requirements and grants rights to review what was documented"[1] Ms. Lewis disagrees with the Defendant's motion to dismiss her Privacy Act violation claims and will provide additional information to clarify her claims.

**A. Removal of the Plaintiff's Initial TIGTA Complaint.**

This violation involves Improper Access to and deletion of the Plaintiff's TIGTA Complaint. In November 2017, Ms. Lewis successfully submitted a complaint to TIGTA, see Exhibit 16. This complaint contained Ms. Lewis' PII. Ms. Lewis believes that the Defendant violated her privacy by accessing her records without her consent or a valid business reason, such as beginning the investigatory process, but rather to disclose the existence of the complaint so that it could be removed from the TIGTA system, see Exhibit 17. Ms. Lewis did

---

[1] "Privacy Act of 1974," Wikipedia, last modified March 15, 2021, https://en.wikipedia.org/wiki/Privacy_Act_of_1974

not authorize the disclosure or removal her complaint.

### B. Interference with the Plaintiff's Security Adjudication and HSPD-12 Process.

This violation involved the Improper access to and modification of the Plaintiff's security information. The Plaintiff believes her Privacy was violated by the Defendant when they accessed and altered her PIV credentials and background investigation files without her consent and without a valid business reason, see Exhibit 18. The Plaintiff believes that the Defendant accessed and modified these files to interfere with her ability to obtain employment.

### C. Accessing and Altering the Plaintiff's HR Connect Records.

This violation involves Treasury officials improperly denying the Plaintiff full and complete access to her records by redacting information and improperly modifying her HR Connect System records. In response to her FOIA request, the Defendant provided altered records; entries by Mr. Kevin McCreight and Ms. Ramona Henby had been deleted. At least two entries are missing, one from Kevin McCreight dated October 13, 2017 and another from Ramona Henby dated November 14, 2017. An accurate HR Connect record is very important because it provides a complete accounting of everyone who has accessed the Plaintiff's HR Connect file and the actions that each person executed. It is Ms. Lewis' perception that these, and other entries were purposely removed by someone with high-level access to the HR Connect system to hide actions executed on her file, see Exhibit 9.

### D. Privacy Act-Improper Dissemination: BEP PII Request.

This violation involves Treasury officials improperly requesting/requiring the Plaintiff's personally identifiable information (PII). A BEP official required an employee to contact the Plaintiff to obtain her PII under the guise of properly removing her from BEP systems, see Exhibit 19, after the Plaintiff resigned her position with the BEP as a contractor. In most system record procedures, PII information is not needed for people leaving an organization, only when they join.

### E. Privacy Act-Improper Dissemination: Interference with Job Opportunities.

This violation involved Treasury officials improperly interfering with other federal government and contracting job opportunities by providing false information. After her disclosures, the Plaintiff believes that Treasury officials improperly used their access to the Federal Government job application system and to vendors with the contracts with state governments to interfere with her job opportunities, see Exhibit 20.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court not dismiss the Plaintiff's claim. It is the Plaintiff's belief that the Defendant has purposely acted to circumvent and suppress her ability to obtain the information she is seeking as to hide and/or cover-up the actions of government officials by destroying records, altering system files, delaying responses and redacting information provided. The Plaintiff also respectfully requests that the Court consider being an intermediary for the various FOIA requests;

reviewing unredacted versions of the documents to determine if the FOIA and Privacy Act exemptions being claimed by the Defendant are valid and justify its lack of cooperation and/or response to the Plaintiff's request.

Respectfully Submitted,

Kiesha D. Lewis

By:_____/s/ _Kiesha Lewis_____

Kiesha D. Lewis
2305 Prima Rd.
Bowie, Maryland 20721
Telephone: 240-346-8398

## CERTIFICATE OF SERVICE

I certify on April 8, 2021, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being mailed to all parties names in this lawsuit via First Class Mail.

### SERVICE LIST

Rebecca A. Koch

Assistant United States Attorney

6406 Ivy Lane, Suite 800

Greenbelt, Maryland 20770

Telephone: 301-344-4433

Facsimile: 410-962-2310


Attorney General Merrick Garland

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001


/s/ Kiesha Lewis

Kiesha D. Lewis
Plaintiff