IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIESHA DANIELLE LEWIS, ) | |
| ) | Case No. 8:20-cv-00494-TDC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEPT. OF TREASURY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

The Defendants reply in support of their Motion to Dismiss this Freedom of Information Act (FOIA) suit. Defendants Department of Treasury (Department), Internal Revenue Service (Service), Bureau of the Fiscal Service (BFS), Treasury Inspector General for Tax Administration (TIGTA), and Bureau of Engraving and Printing (BEP) (collectively, "Treasury Defendants") moved to dismiss the claims asserted by Plaintiff Kiesha Danielle Lewis pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Likewise, the United States Department of Veteran Affairs (VA) moved for dismissal under Rule 12(b)(6) and Rule 56(a).

**I.    The Treasury Defendants should be dismissed for insufficient service pursuant to Rule 12(b)(5).**

The Treasury Defendants moved to dismiss under Rule 12(b)(5), as Lewis had failed to sufficiently serve them. To properly serve the United States, its agencies, its officers and/or its employees, Lewis must serve a copy of both the summons and the complaint to the local United States Attorney, Attorney General of the United States, and the relevant agency, officer, or employee sued in an official capacity. Fed. R. Civ. P. 4(i). Pursuant to Rule 4(m), Lewis was required to serve the appropriate summons and a copy of the complaint on each of the Treasury

Defendants on or before May 25, 2020. *See also,* Doc. No. 3. Since summonses were not issued until June 16, 2020, Lewis could not have properly served the Treasury Defendants as required under Rule 4(i). Lewis does not contest that she failed to properly serve the Treasury Defendants, arguing instead that as a *pro se* plaintiff, her error should be excused. Doc. No. 22 at 2-3. This argument is without merit. "Although the filings of *pro se* litigants are liberally construed, procedural rules, including filing deadlines, apply equally to *pro se* litigants and represented parties." *Thomas v. Comm'r, Soc. Sec.*, 2012 WL202654, *2 (D. Md. Jan. 20, 2012); *see also Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [petitioner's] late filing"). Accordingly, the Treasury Defendants should be dismissed pursuant to Rule 12(b)(5) for insufficient service.

**II.    Any causes of action asserted against Defendant Bureau of Fiscal Services should be dismissed pursuant to Rule 12(b)(6) as Lewis has failed to state a claim against BFS.**

Lewis includes the Bureau of Fiscal Services (BFS) as a defendant to this action. Doc. No. 1 at 6. However, Lewis does not mention the BFS when listing her causes of action, in her requests for relief, or in her response. *Id*. at 10-11; Doc. No. 22. A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a complaint must contain enough facts that would permit a court to infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "[t]he plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.' It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis v. Giacomelli*, 558 F.3d 186, 194 (4th Cir. 2009) (quoting *Iqbal*, 550 U.S. at 678).

Lewis has articulated no facts concerning the BFS, much less facts which would, if true, show that Lewis has stated a cause upon which she is entitled to relief. Doc. No. 1. Furthermore, Lewis's response does not address the Treasury Defendants' motion to dismiss with regards to BFS. Failure to respond to a motion constitutes abandonment of the claim. *See, e.g., Ferdinand– Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of the claim); *Johnson v. Nationstar Mortgage, LLC*, No. 14–02536, 2014 WL 5377636, at *2, n. 2 (D. Md. Oct. 21, 2014) (dismissing claim, in part, because plaintiff failed to respond to defense arguments raised in its motion to dismiss). For these reasons, the Court should grant the Treasury Defendants' Motion to Dismiss as to BFS.

**III.** **As to the remaining Treasury Defendants, Lewis's Privacy Act claims should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted, because Lewis has failed to exhaust her administrative remedies under the Privacy Act.**

In Lewis's complaint, she purports to assert sixteen causes of action pursuant to the Privacy Act. Doc. No. 1 at 10-11. However, Lewis fails to allege any facts to suggest she has exhausted her administrative remedies under the Privacy Act. While her response purports to "provide additional information to clarify her claims," she still has not alleged any facts supporting an exhaustion of administrative remedies. Doc. No. 22 at 7-9.

A proper administrative claim must be filed with an agency before judicial review of a Privacy Act Claim is appropriate. 5 U.S.C. § 552a(g)(1). A request under the Privacy Act must be "made in writing and signed by the person making the request" and must describe "in sufficient detail" the nature of the records sought. 31 C.F.R. §§ 1.26(d). An individual may only bring a claim under the Privacy Act if the agency has refused to provide to the individual that individual's own records. 5 U.S.C. § 552a(g)(1).

3

Lewis's complaint fails to allege facts asserting she filed any administrative claims pursuant to the Privacy Act. Doc. No. 1 at 10-11; Doc. No. 22 at 7-9. Without a request, the agency necessarily cannot have denied a request, and the agency must first have denied the request before Lewis could file a claim. 5 U.S.C. § 552a(g)(1). By failing to make a Privacy Act request that conformed to the applicable Privacy Act regulations, Lewis has failed to exhaust her administrative remedies. *See Powell v. Internal Revenue Service*, 255 F. Supp. 3d 33, 41-42 (D. D.C. 2017) (collecting cases). Because she has failed to allege exhaustion of her administrative remedies, Lewis is barred from obtaining judicial relief pursuant to the Privacy Act. *Id*. Thus, Lewis's Privacy Act claims should be dismissed pursuant to Rule 12(b)(6).

**IV.   As to the remaining Treasury Defendants, Lewis's FOIA claims should be dismissed pursuant to Rule 12(b)(6), or in the alternative, summary judgment should be granted, because Lewis has failed to exhaust her administrative remedies under the FOIA.**

In addition to her Privacy Act claims, Lewis asserted four causes of action against the Treasury Defendants pursuant to the FOIA. Doc. No. 1 at 10-11 (First, Second, Fourth, and Sixteenth Causes of Action). The Treasury Defendants moved to dismiss this case for lack of jurisdiction, as Lewis had failed to exhaust her administrative remedies as to all four claims. Doc. No. 20-1 at 7-22. When jurisdiction has been challenged, the plaintiff bears the burden of establishing jurisdiction. *Sierra Club v. U.S. Army Corps of Engineers*, 981 F.3d 251, 257 (4th Cir. 2020) (citations omitted).

Before seeking review in a FOIA case, a plaintiff must exhaust her administrative remedies. *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). The District of Maryland has determined that challenges to a FOIA complaint regarding administrative exhaustion of remedies should be examined pursuant to Rule 12(b)(6). *McKenzie-El v. Internal Revenue Serv.*, Civil Action No. ELH-19-1956, 2020 WL

4

902546, at *10-11 (D. Md. Feb. 24, 2020).  Federal jurisdiction of a FOIA action "is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records."  *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and citations omitted).  The agency must first receive a proper FOIA request.  *See, e.g., Boyd v. Trump*, 478 F. Supp. 3d 1, 6 (D. D.C. 2020) (holding that an agency's obligation to disclose records is not triggered until the agency actually receives a proper request).  An agency cannot have improperly withheld agency records sought by a request it never received.

Once a plaintiff demonstrates that the agency received her FOIA request, she must also show that she exhausted her administrative remedies by appealing any adverse FOIA determinations.  The requirements of an administrative appeal prior to bringing suit provides an agency a further opportunity to "exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).  "Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors."  *Khine*, 943 F.3d at 968 (quoting *Oglesby*, 920 F.2d at 64).

To fully exhaust administrative remedies, a requester must appeal the adverse determination through the FOIA administrative procedures.  *Coleman*, 714 F.3d at 823.  Failure to pursue appellate review from the agency results in a failure "exhaust administrative remedies under the FOIA.  *See, e.g., Gray v. Washington Metro Area Transit Authority*, Civil Action No. DKC 16-1792, 2017 WL 511910 (D. Md. Feb. 8, 2017) (dismissing for failure to exhaust administrative remedies after plaintiff failed to allege facts to show he had filed an administrative appeal).

Lewis has not satisfied her burden of establishing jurisdiction. Her complaint fails to contain facts to support that she exhausted her administrative remedies. Doc. No. 1. First, she argues that the Treasury Defendants failed to provide her with the requested information during discovery in her administrative case before the United States Merit Systems Protection Board or following inquiries from Senator Ben Cardin and Congressman Anthony Brown. Doc. No. 22 at 4. Neither of these avenues are proper requests for information under the FOIA, and Lewis does not allege that these were proper FOIA requests.

Lewis next provides examples in which she believes the Treasury Defendants failed to respond to her requests in a timely manner. Doc. No. 22 at 3-4. However, Lewis admits she received responses for these requests. *Id*. Lewis has not alleged any facts to suggest she has appealed the adverse FOIA decisions. Doc. No. 1 at 10-11; Doc. No. 22 at 3-4. Thus, because she has not adequately pled facts to demonstrate she exhausted her administrative remedies under the FOIA, the Court should dismiss her FOIA claims pursuant to Rule 12(b)(6), or in the alternative, grant summary judgment in favor of the Treasury Defendants. *McKenzie-El*, 2020 WL 2020 WL 902546, at *11 (citing *Gunter v. U.S. Secret Serv.*, No. 19-353 (TFH), 2020 WL 570010, at *2 (D. D.C. Feb. 5, 2020) (dismissing FOIA claim under Rule 12(b)(6) for failure to plead facts concerning exhaustion).

**V.    Motion for More Definite Statement**

The Treasury Defendants also moved for a more definite statement. Doc. No. 20-1 at 22. Rule 12(e) permits a party to move for a more definite statement of a pleading, such as a complaint, to which a responsive pleading is permitted, but which is so ambiguous that the party cannot reasonably prepare a response. Lewis filed a complaint alleging sixteen separate causes of action

related to purported FOIA and Privacy Act requests, but she did not identify (by request number, date, or otherwise) the specific determinations she wishes to challenge. *Id*.

Lewis's response does not address the Treasury Defendants' motion for a more definite statement. Failure to respond to a motion constitutes abandonment of the claim. *See, e.g. Ferdinand–Davenport*, 742 F. Supp. 2d at 777 (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of the claim); *Johnson v. Nationstar Mortgage, LLC*, No. 14–02536, 2014 WL 5377636, at *2, n. 2 (D. Md. Oct. 21, 2014) (dismissing claim, in part, because plaintiff failed to respond to defense arguments raised in its motion to dismiss). Thus, if the Court denies the Treasury Defendants' Motion to Dismiss, the Court should grant the Treasury Defendants' Motion for a More Definite Statement.

## VI. Plaintiff Abandoned her Third Cause of Action against the VA by Failing to Respond to the VA's Exhaustion Arguments.

Plaintiff's Complaint avers no facts concerning Plaintiff's exhaustion of her administrative remedies prior to filing her FOIA suit against the VA. As such, the VA argued for dismissal of Plaintiff's FOIA claim pursuant to Rule 12(b)(6). *See* Doc No. 20.1 at 23-25. Alternatively, the VA argued that the Court should grant summary judgment in favor of the VA based on the VA's November 2019 FOIA response because the record demonstrates that Plaintiff never filed an administrative appeal before bringing suit in federal district court. *Id*.

Plaintiff does not appear to address either argument in her response to Defendants' motion, and thus has abandoned her claim. *See, e.g., Ferdinand–Davenport*, 742 F. Supp. 2d at 777; *Johnson*, 2014 WL 5377636, at *2, n. 2.

## VII. Summary Judgment Should Be Granted for the VA Because the VA Properly Withheld Information in Accordance with FOIA and Privacy Act Exemptions from Disclosure.

Plaintiff asserts that the VA's redactions are not supported by FOIA Exemptions 2, 5, and 6 and the Privacy Act, but Plaintiff's argument lacks merit and summary judgment should be granted for the VA.

Plaintiff asserts that FOIA Exemption 2 should not apply because she was not requesting "performance standards and leave practices." and the information she requested "would be considered Personnel matters of greater public interest." Doc. No. 22 at 6. Plaintiff adds that she "asked to be provided with documentation showing the factors used to rate each applicant and how the rating was derived for each," *Id*. at 5-6, and not "anyone's personnel file, resume, SF50, or medical records, " *Id.* at 6. However, the records at issue (the VA's Senior Executive Service and Senior Level ("SES") rating sheets (VA OIG 3-69) and applicant score summary (VA OIG 66-69) are personnel records reflecting the agency's policies and practices concerning the selection of placement of federal employees, and thus fall squarely within the protections of Exemption 2. *See* Doc. No. 20-1 at 25-26. Plaintiff also overlooks that her name and total scores were included in the rating sheets produced by the VA as well as total scores for other applicants (with names redacted), so Plaintiff could glean how the agency rated her as compared to other applicants. *See* VA OIG 14, 20, 26, 45, 53, and 61 (Doc. No. 20.7). Plaintiff's name also appears in the applicant score summary, reflecting her total score as compared to other applicants. VA OIG 68.

Plaintiff summarily asserts that Exemption 5 pertaining to the deliberative process should not apply because "granting Ms. Lewis' FOIA request would not increase the prospect of actual harm to anyone's legitimate public or private interests." Doc. No. 22 at 6. Plaintiff's argument misses the mark. The VA invoked Exemption 5 in redacting VA OIG memoranda appointing SES members to rate and rank applicants for referral (VA OIG 1-2; VA OIG 72), the VA's SES rating sheets (VA OIG 3-69), and a Certificate results sheet (VA OIG 70-71). These documents concern

the VA's decision-making, evaluation, and proposed selection of applicants for hiring, reflect the "give-and-take of the consultative process," and thus these records are both "predecisional" and "deliberative." *See* Doc. No. 20-1 at 26-27.  As such, the VA properly redacted in accordance with Exemption 5's protections for deliberative process materials to prevent stifling the frank or candid communications integral to the hiring process. *See id*. at 26-28.

FOIA Exemption 6 is routinely invoked to protect the privacy interests inherent in job applicant materials.  *See* Doc. No. 20-1 at 30.  Plaintiff asserts that disclosing the information she requested "ensures that there was NO bias or outside influence involved when her credentials were considered during the rating process for these job announcements." Doc. No. 21 at 6.  However, Plaintiff's "bare suspicion" that agency officials acted improperly does not warrant invading the privacy rights of other applicants for the relevant vacancies or those who were involved in the selection process.  *See National Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004); Doc. No. 20-1 at 29-30.  FOIA Exemption 6 protects the private and personal information redacted from the VA records at issue and Plaintiff fails to demonstrate a countervailing public interest to justify disclosure.

In accordance with 5 U.S.C. § 552(a)(k)(6) and 5 C.F.R. § 297.501, the VA partially redacted rating sheets (VA OIG 003-065) and an applicant score sheet (VA OIG 066-069) when responding to Plaintiff's FOIA request.  *See* Doc. No. 20-1 at 31.  Plaintiff fails to set forth why the Privacy Act's protections for "testing or examination material" for appointment or promotion in the Federal service are inapplicable here.

## **CONCLUSION**

Ms. Lewis has failed to effectuate proper service against the Treasury Defendants, and therefore, the Treasury Defendants request the Court dismiss her complaint pursuant to Rule 12(b)(5).  Furthermore, Ms. Lewis has failed to state a claim upon which relief may be granted

against the Bureau of Fiscal Services, and thus the Court should dismiss the claims against the Bureau of Fiscal Services pursuant to Rule 12(b)(6).

Furthermore, despite submitting numerous FOIA requests from the Treasury Defendants, Ms. Lewis has failed to file an administrative appeal as to any of her requests for records either under the Privacy Act or the FOIA. Thus, because she has failed to exhaust her administrative remedies, Ms. Lewis's complaint should be dismissed pursuant to Rule 12(b)(6). In the alternative, the Treasury Defendants request a more definite statement to respond to Ms. Lewis's sixteen causes of action.

Plaintiff abandoned her FOIA claim against the VA by failing to respond to the VA's argument that Plaintiff's complaint should be dismissed for failure to plead exhaustion, or in the alternative, summary judgment granted because the record demonstrates that Plaintiff failed to exhaust her administrative remedies as to the VA's November 2019 response to Plaintiff's FOIA inquiry. Further, summary judgment is appropriate as to the VA's November 2019 and March 2021 response as the VA properly redacted information in accordance with FOIA and the Privacy Act.

Dated: May 3, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General


*/s/ Emily K. Miller*
EMILY K. MILLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
Emily.K.Miller@usdoj.gov

       *Counsel for the Treasury Defendants*

       Jonathan F. Lenzner
       Acting United States Attorney

        */s/*                    
       Rebecca A. Koch (Bar No. 802108)
       Assistant United States Attorney
       6406 Ivy Lane, Suite 800
       Greenbelt, Maryland 20770
       Telephone: 301-344-4433
       Facsimile: 410-962-2310
       Rebecca.Koch@usdoj.gov
       *Counsel for the VA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

/s/
Rebecca Koch
Assistant United States Attorney