## Additional Information – Amended Submission

**Defendant Names**
- Treasury Inspector General for Tax Administration
- Bureau of Fiscal Services
- Bureau of Engraving and Printing
- U.S. Department of Veterans Affairs

**Defendant Addresses**
Bureau of Engraving and Printing
Address: 300 14th St SW, Washington, DC 20228
Phone: (202) 874-3188

U.S. Department of Veterans Affairs
810 Vermont Ave NW, Washington, DC 20420
(800) 827-1000



**Statement of Claim**
- First Cause of Action - Privacy Act/Freedom of Information Act-Denial
  of Access to Records; TIGTA Reports; this violation involves Treasury
  officials improperly denying Kiesha D. Lewis complete, non-redacted
  FOIA responses for requested TIGTA reports.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| TGITA Case Numbers TRN-1611-0623 and TRN-1701-0215<br><br>HR Connect Audit Log Information | 2017, 2018, 2019 | TIGTA<br><br>IRS<br><br>Treasury<br><br>BEP | TIGTA – failed to provide requested information.<br><br>IRS – Suppressed my ability to obtain the HR Connect Records and the TIGTA Case files.<br><br>Treasury – provided redacted information.<br><br>BEP – provided files that had been modified. | I contend that appeals were filed, either in follow-up emails or phone call conversations. | 5 U.S.C. 552a (g)(1)(B) |

I contend that I exhausted all administrative remedies in my effort to obtain this information, especially as it relates to TIGTA case numbers TRN-1611-0623 and TRN-1701-0215 and the unredacted HR Connect system logs, using the FIOA/Privacy Act process and during the Discovery phase of my MSPB case.

After submitting a documentation request for these records, the IRS chose to suppress this information. It is my belief that these documents would have supported my MSPB retaliation claims and undermine the information provided during the TIGTA investigation and in Sworn Statements given during court cases. Not having this accurate record limited my ability to impeach the testimony and Sworn Statements given by IRS management; thus, contributing to me not winning my MSPB case.

Supporting documents are provided in Exhibit A.

- Second Cause of Action - Privacy Act/Freedom of Information Act- Denial of Access to Records; HR Connect System Information; this violation involves Treasury and IRS officials improperly denying access to and/or modifying Kiesha D. Lewis' HR Connect System Information.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Request for Unredacted System Audit Trail | 2/25/2018 | Treasury<br><br>IRS<br><br>BEP | Treasury – The information could not be provided due to an Exemption.<br><br>IRS – The files could not be provided to me by Treasury, must obtain from IRS. MSPB Discovery Response - I could not obtain | I contend that appeals were filed, either in follow-up emails or phone call conversations. | 5 U.S.C. 552a (g)(1)(C) |

2

| | | | unless I explained why they were needed and what information they would tell me. BEP – N/A | | |
|---|---|---|---|---|---|

## Records at Issue

HR Connect system records for Kiesha D. Lewis.

## How the Records are Inaccurate

At least two entries are missing, one from Kevin McCreight on October 13, 2017 and another from Ramona Henby on November 14, 2017.  HR Connect is an official system of record for the Department of Treasury and its subordinate agencies.  Records in the system should not be modified or removed without first notifying the person impacted by the modification and/or removal.

## Adverse Determination that Occurred

An accurate HR Connect record is very important because it provides a complete accounting of everyone who has accessed my HR Connect file and the actions that each person executed.  It is my belief that all actions executed by Kevin McCreight and Ramona Henby were either removed or hidden from my account so that the system would have no records of a higher 2017 Performance Rating, prior to me resigning from the IRS.  It is my belief that these missing records would have supported my MSPB retaliation claims and undermine the information provided during a previous TIGTA investigation and in Sworn Statements given during court cases.  Not having this accurate record limited my ability to impeach the testimony and Sworn Statements given by IRS management; thus, contributing to me not winning my MSPB case.

Supporting documents are provided in Exhibit B.

- Third Cause of Action - Privacy Act/Freedom of Information Act- Denial of Access to Records; Department of Veterans Affairs FOIA non-response; this violation involves VA officials improperly redacting information in response to Kiesha D. Lewis' request for hiring/ranking information.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Freedom of Information Act Appeal - 20-00012-FOIP | 3/20/21 | VA | We will not respond to your FOIA appeal because you currently have a case in litigation regarding this FOIA request. | N/A | 5 U.S.C. 552a (g)(1)(B) |

Because I was not provided this information, I was denied the opportunity to identify and correct deficiencies in my resume and job experiences to make myself more competitive for future job opportunities.

Supporting documents are provided in Exhibit C.

- Fourth Cause of Action - Privacy Act/Freedom of Information Act- Denial of Access to Records; Non-responsive to FOIA request for Emails to the Criminal Investigations (CI) organization; this violation involves Treasury officials improperly being non-responsive to Kiesha D. Lewis' FOIA request to the IRS Criminal Investigations (CI) unit.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Freedom of Information Act/Privacy Act Request | 8/2/2019 8/10/2019 | IRS | N/A | N/A | 5 U.S.C. 552a (g)(1)(B) |

The Criminal Investigation (CI) organization within the IRS is charged with conducting criminal investigations regarding alleged violations of the Internal Revenue Code, the Bank Secrecy Act and various money laundering statutes. As part of their duties of conducting a criminal investigation, they have access to various investigation techniques such as interviewing of third-party witnesses, conducting surveillance, and reviewing financial data. This includes the ability to view and monitor a person's bank

accounts, real estate records, motor vehicle records and health insurance information. After filing my TIGTA complaint, I began encountering issues in each of these areas, issues I never encountered before.  The following provides an overview of the anomalies that I experienced:

- Electronic surveillance that caused me to experience various cellular telephone anomalies:

    - Overheated phone, reduced battery life, Background noise when using phone, either echo or static,

    - Websites being translated into a foreign language,

    - Text messages duplicating when I texted select individuals, Text messages failing to deliver when I texted select people, Text messages delivering, then reversing course to say undelivered, and receiving 'message queued' when I texted select people.

- Manipulation and Suppression tactics for financial and healthcare systems and applications that I used to include:

    - Receiving an error message (incorrect zip code) when I attempted to forward cash to a friend.

    - Car dealership being unable to transfer tags from old vehicle to new vehicle after purchase.

    - Car dealership having issues when attempting to payoff car lien.

    - Healthcare claims not being paid, receiving a "masked" email from an individual with access to the Choice Health Insurance network.

After learning of these capabilities, I submitted both a FOIA/Privacy Act request and sent an email to senior IRS officials requesting information to ascertain if any of these CI capabilities had been used against me – I was not provided with this information. I continue to contend that this information is relevant – to know if anyone in CI performed any type of functions on my name.

Supporting documents are provided in Exhibit D.

- Fifth Cause of Action - Privacy Act- Improper Dissemination: IRS Email
  Address; this violation involves Treasury officials improperly keeping Kiesha
  D. Lewis' IRS email address active, giving the impression that she is still an
  IRS employee.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Requested that my IRS email account be deactivated. | 4/18/2019 | IRS | The security department deactivated the email address and notified CSCIR of the security breach. | None | 5 U.S.C. 552a (g)(1)(C) |

### Records at Issue

Agency separation records for Kiesha D. Lewis.

### How the Records are Inaccurate

For approximately 18 months, the IRS communication system displayed me as having an active IRS email.

### Adverse Determination that Occurred

This action is a security breach. When an employee is no longer employed at an agency, they should be immediately removed from all agency systems. This action causes the human resource department to generate a final SF50, which shows that the employee is no longer with the agency and changes the status of that employee so that they are no longer in the agency employment systems, such as the training system. It also changes the status of the employee in the physical security system so that the PIV credentials and security adjudication information are no longer associated with the IRS and can be transferred to any other agency. Because the IRS failed to properly separate me, I encountered many issues with both my background investigation and the issuance of my PIV credentials when I was onboarding with BEP. My hiring/onboarding date was delayed, and I faced possible removal from my position

because I could not obtain PIV credentials. My removal didn't occur because I elevated the issue to several oversight agencies, to include TIGTA and the FBI and the problem was resolved.

Another adverse event that occurred due to this violation is that my SF50 was not generated in a timely manner.  This impacted my ability to apply for other federal government positions.

It is my belief that the IRS counsel refused to provide this information during the Discovery phase of my MSPB case because it would have shown that agency standard operating procedures had not been followed in my case.

Supporting documents are provided in Exhibit E.

- Sixth Cause of Action - Privacy Act- Improper Dissemination: BEP Email Address; this violation involves Treasury officials improperly keeping Kiesha D. Lewis' BEP email address active, giving the impression that she is still a contractor with BEP.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Requested that my BEP email address be deactivated. | 12/11/2019 | BEP | N/A | No official appeal, however, I found an employee willing to deactivate the email address. | 5 U.S.C. 552a (g)(1)(C) |

**Records at Issue**

Agency separation records for Kiesha D. Lewis.

**How the Records are Inaccurate**

The BEP communication system displayed me as having an active BEP email address and active BEP Contractor.  I also continued receiving BEP Alerts.

**Adverse Determination that Occurred**

As with the IRS violation, this action is a security breach. When an employee or contractor is no longer employed at an agency, they should be immediately removed from all agency systems.  It is my belief that the failure for BEP to follow proper separation procedures was to ensure that my Personally Identifiable Information (PII) continued to be in BEP and Treasury systems; ensuring that Treasury individuals had access to my PII.

Supporting documents are provided in Exhibit F.

- Seventh Cause of Action - Privacy Act-Improper Dissemination: HR Connect System Records; this violation involves Treasury officials improperly redacting and modifying Kiesha D. Lewis' HR Connect System records.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| FOIA Case # 2017-11-151 | 11/2017 | Treasury IRS | Treasury – Provided redacted versions of the information. Follow-up phone conversations and email were unfruitful. IRS – Obstructed the release of the unredacted files. | No official appeal. However, I made several email requests and requested the information during the Discovery Phase of my MSPB case. | 5 U.S.C. 552a (g)(1)(B) |

I contend that I exhausted all administrative remedies in my effort to obtain this information. When I first received the redacted files, I spoke with the Treasury point of contact (POC) asking that unredacted versions of these records be sent to me – my request was denied.

I also sent a FOIA/PA request to the IRS, requesting this information.  The IRS FOIA office told me to contact the Department of Treasury to obtain these records.

After I had an active MSPB case, I contacted both the IRS and the Department of Treasury. In both instances, both agencies refused to provide me with these files. Moreover, the IRS attorney, Mr. Mark Wines, obstructed my efforts to obtain these records from the Department of Treasury.  As I have previously stated, it is my belief these missing records would have supported my MSPB retaliation claims and undermine the information provided during a previous TIGTA investigation and in Sworn Statements given during court cases.  Not having this accurate record limited my ability to impeach the testimony and Sworn Statements given by IRS management; thus, contributing to me not winning my MSPB case.  I also believe that this violation gave the IRS time to modify my records to remove or hide all entries from Kevin McCreight and Ramona Henby.

Supporting documents are provided in Exhibit G.

- Eighth Cause of Action - Privacy Act-Improper Dissemination: BEP PII Request; this violation involves Treasury officials improperly requesting/requiring Kiesha D. Lewis' personally identifiable information to remove me from a BEP system.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Request for my PII from BEP Employee | 11/22/2019 | IRS<br><br>TIGTA<br><br>Treasury IG<br><br>DHS | No response was provided. | No official appeal, however, several follow-up emails were sent. | 5 U.S.C. 552a (g)(1)(D) |

**The Privacy Act Provision Violated**

5 U.S.C. § 552a (e)(A) which states :
"(3)inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—
(A)the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of

such information is mandatory or voluntary;, ..."

**How the Provision was Violated**

My contractor appointment with BEP ended in October 2019. Once my association with BEP ended, there was no longer a business need or justification for BEP to have my PII. However, over a month after my appointment ended, I received a request for this information under the guise of needing to ensure I was removed from a BEP system. However, for most information systems, information such as a social security number, email address, date of birth, and address is not needed for individuals leaving an organization, unless there was a need to contact, oversee or monitor that individual in the future.

**Resulting Adverse Effects**

Despite knowing that this request was a Privacy Action violation, I complied because I was concerned that I would begin experiencing issues with my new employer. I believe that my suspicion was confirmed when the BEP person said that BEP needed this information for the BEP PIV card.

It is my belief that this Privacy Act provision was violated so that Treasury officials had access to my PII and to be able to monitor my PIV credentials. For example (illustrative, not presenting a new claim), on 1-13-20 and 2-21-20, there were soft pulls on my credit report from the IRS. When I followed up with the IRS for an explanation as to why they were present, no one could provide a definitive response. Moreover, the IRS FOIA office could not provide any documentation concerning the transactions; they could only provide a possible scenario as to why this may have occurred.

Supporting documents are provided in Exhibit H.

- Ninth Cause of Action - Privacy Act-Disclosure Without Consent: Monitoring of USAJOBS account; this violation involved Treasury officials improperly monitoring Kiesha D. Lewis' USAJobs account.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Treasury Human Resources (HR) Shared Services | 8/11/2019 | BFS<br><br>IRS | BFS – Conducted an investigation of the issues I encountered – I was not notified of the outcome of the investigation.<br><br>IRS -No response. | No, an appeal was not filed. | 5 U.S.C. 552a (g)(1)(D) |

**The Privacy Act Provision Violated**

5 U.S. Code § 552a (b) which states "Conditions of Disclosure.—No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, ..."

**How the Provision was Violated**

It is my belief that IRS officials improperly accessed and monitored my USAJobs account. After filing a Whistleblower complaint, I began experiencing issues using the USAJobs system, such as the Status of a job application, for which I had withdrawn my application, changing from 'Not Hired' to 'Reviewed' the day AFTER the announcement closing date; being told by two potential employers that the first page of my resume, from the USAJobs system, was missing the part of my resume that contains my contact information, making it difficult for them to contact me for interviews; and encountering security error messages or a frozen screen when I attempted to apply to positions that were either processed by BFS or that were located on the treasury site (occurrences that could not be duplicated by Monster employees or others when they applied to the same announcement).

For example (illustrative, not a new claim), on 9/25/2017, I declined a position with the IRS because the job was offered to me without an interview being conducted. Three days after explaining this to the official, I received an email concerning another position within the IRS, providing an update on the status of my application. The

status email did not follow the standard template, it had been altered.  Not only was the
organization/location of the position missing, but it also included two statements
referencing the practice of interviewing applicants; statements that appear to be
rebuttals to my reasoning for denying the employment opportunity.

**Resulting Adverse Effects**

   Because of this violation, my ability to apply to positions was hindered. This also
had the potential of causing me to miss interview and employment opportunities
because my contact information was missing. It is my belief that IRS individuals used
access to this system as an opportunity to obstruct my ability to obtain employment
with other government agencies by knowing the agencies to which my application was
referred. I would contend that my belief is not unreasonable or preposterous. I have
experienced IRS officials interfering with job opportunities while I was an IRS
employee, to include requiring a Treasury official rescind a detail job offer after being
contacted by IRS management or being told that a job selection could not be made
because management would not approve my selection. After filing the Whistleblower
complaint, I started experiencing other employment opportunity anomalies for non-IRS
positions.

   For example, I applied to a job with the HUD IG office. Not only did I make
the Best Qualified list for the vacancy announcement, but my resume was also
Referred to the Selection Official for consideration. However, shortly after Senator
Cardin's office and I contacted TIGTA to appeal one of TIGTA's decisions to not
provide me a complete TIGTA report, the status of my application changed from
"Referred" to "Not Hired". Moreover, when I followed up to learn what factors were
used to determine who the agency interviewed, the agency failed to provide a response
– after I highlighted the fact that the person selected for the position was scored lower
than I did.  I also had an agency call me to schedule an interview and then cancel it
almost a week after scheduling it, then refuse to answer any questions concerning the
hiring process.

Supporting documents are provided in Exhibit I.

- Tenth Cause of Action - Privacy Act-Improper Dissemination: Interference with job opportunities; this violation involved Treasury officials improperly interfering with other federal government and contracting job opportunities by providing false information.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| MSPB Discovery Requests  Agency Touhy Requests | Treasury - 5/7/2019  BFS - 6/4/2019  IRS - 6/3/2019 (Amended Discovery Request) | Treasury  BFS  IRS | Treasury – information was not provided.  BFS – information was not provided.  IRS – information was not provided. | No official appeal, only follow-up emails. | 5 U.S.C. 552a (g)(1)(D) |

**The Privacy Act Provision Violated**

5 U.S. Code § 552a (b) which states "Conditions of Disclosure.—No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, ..."

**How the Provision was Violated**

It is my belief that after filing the Whistleblower complaint, IRS officials used their considerable influence to obstruct employment opportunities. For example, during consideration for a Maryland State contract position, my application was blocked because my applicant status was mis-represented; I was told that my name had already been submitted and therefore could not be submitted again. However, I learned from the state representative that no one could have this knowledge, therefore what I was told was not accurate. Submitted Application information was sealed and would not be opened until after the closing date – which had not passed. Therefore, no one would have known if my name had been submitted previously. She also checked to see if my name was present on any other submitted applications, and it was not.

After much research, I learned that the main contractor on the effort was also a main contractor for the IRS, that has hired former IRS executives.

To determine if there was any IRS interference in my employment seeking endeavors, I sent Touhy requests to some government agencies, including Treasury and BFS. However, the IRS intervened and obstructed my ability to obtain this information.

**Resulting Adverse Effects**

My ability to find fulltime employment was hindered. It also caused undue financial hardship, due to a lack of fulltime employment.

Supporting documents are provided in Exhibit J.

- Eleventh Cause of Action - Privacy Act-Disclosure Without Consent: Interference with the processing of IRS Fresh Start Application; this violation involved Treasury officials improperly accessing Kiesha D. Lewis' personal tax information in order to interfere with her IRS Fresh Start Program application.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| IRS Taxpayer Advocate Service | 12/29/2019 | IRS | My submitted Fresh Start Application could not be located. | No | 5 U.S.C. 552a (g)(1)(C) |

**Records at Issue**

Submitted IRS Fresh Start Application and Tax Records.

**How the Records are Inaccurate**

My Fresh Start Application is not showing in the IRS system, even though I submitted the application and have proof of delivery.

**Adverse Determination that Occurred**

For at least one year, I was either unemployed or working part-time. During this timeframe, I applied for the IRS Fresh Start Program to address my tax debt. Because my application was missing from the Treasury system, my application was not processed. Moreover, I was denied the opportunity to pay a fraction of the tax debt – based on my employment and income status at that time. I became liable for the entire balance, despite being eligible for the program.

Supporting documents are provided in Exhibit K.

- Twelfth Sixteenth Cause of Action - Privacy Act-Disclosure Without Consent: Removal of TIGTA Complaint; this violation involved Treasury officials improperly removing Kiesha D. Lewis' TIGTA complaint that she submitted in November 2017.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Submitted TIGTA Complaint | 11/16/2017<br><br>1/9/2018<br><br>2/2018 | Treasury IG<br><br>TIGTA | Treasury IG – they didn't have jurisdiction over IRS, contact TIGTA directly.<br><br>TIGTA - That there was NO record of either my submission or the submission provided by the IG's office. | No – TIGTA entered another complaint. | 5 U.S.C. 552a (g)(1)(C) |

**Records at Issue**

TIGTA complaint submitted by Kiesha D. Lewis.

**How the Records are Inaccurate**

The complaint submitted on 11/16/2017 is missing from the TIGTA system.

**Adverse Determination that Occurred**

15

This action is a serious security breach. Inspector General offices are charged with investigating allegations. However, investigations can only be conducted if a complaint is present.  Moreover, most people working in an Inspector General's organization have a top-level security clearance, and for those working with the systems supporting the work of an IG office, they typically have the highest security clearance level, TS/SCI and require expert system knowledge and access.  This means they should be operating under the highest integrity and ethical standards. Therefore, for two separate submissions to disappear from a system is a problem and raises the question of how many other submitted requests disappeared from the TIGTA system, unknown to the person submitting the complaint.

The missing TIGTA complaint caused the "investigation" of my complaint to be delayed by several months.  Had not I been diligent in following up and notifying other government agencies – such as GAO and OPM – there would have been no record of my complaint and no "investigation" would have been conducted.

Supporting documents are provided in Exhibit L.

- Thirteenth Cause of Action - Privacy Act-Improper Dissemination: Alteration of PIV Credentials; this violation involves Treasury officials improperly access Kiesha D. Lewis' PIV credentials so that they could be associated with the IRS and unable to be transferred to another government agency.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| Treasury/IRS HSPD12/PIV Process | 1/17/2019 | Treasury<br><br>IRS<br><br>TIGTA | Treasury – no response to address the PIV transfer issue. However, after I continued to experience issues, Treasury issued a new PIV card. | No official appeal was filed; however, I sent several follow-up emails. | 5 U.S.C. 552a (g)(1)(C) |

| | | IRS – no official response.<br><br>TIGTA – A formal complaint was filed. | | | |
|---|---|---|---|---|---|

**Records at Issue**

     The Personal Identity Verification (PIV) credentials for Kiesha D. Lewis. A PIV credential is a unique identifying object that allows a person to access government facilities and applications.

**How the Records are Inaccurate**

     My PIV credential was permanently associated with the IRS, unable to be transferred or associated with any other government agency.

**Adverse Determination that Occurred**

     I faced possible removal from my position because I could not obtain PIV credentials. My removal didn't occur because I elevated the issue to several oversight agencies, to include TIGTA and the FBI.  However, the serious of IRS' ability to manipulate and corrupt any person's PIV credentials cannot be overstated. This could have been a serious problem for any other person who either did not have the technical knowledge to understand why they were experiencing problems or who had reservations of taking the bold step of elevating the issue to oversight entities.

Supporting documents are provided in Exhibit M.

- Fourteenth Cause of Action - Privacy Act-Disclosure Without Consent: Interference in Background Investigation; this violation involves Treasury officials improperly accessing and altering information provided to and information required from agencies when they performed background investigations on Kiesha D. Lewis.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Follow-up on Adjudication Status<br><br>Background Investigation Scope | 12/6/2018<br><br>6/16/2020 | BEP<br><br>OPM<br><br>DCSA | BEP – Favorably adjudicated two weeks after phone call.<br><br>OPM – provided a generalized response.<br><br>DCSA – provided a generalized response. | No official appeal, follow-up call to BEP and emails to OPM and DCSA. | 5 U.S.C. 552a (g)(1)(D) |

**The Privacy Act Provision Violated**

5 U.S.C. § 552a (e)(A) which states :

"(3)inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—

(A)the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;, ..."

**How the Provision was Violated**

It is my belief that Treasury and IRS officials misused the Background Investigation process to both influence the "Reciprocity" process, so that my onboarding at BEP was delayed and to obtain information about me and my family to be used to discredit me. When I was onboarding with BEP, in November 2018, I was told that I didn't need to submit a new background investigation request, due to Reciprocity, which would be my investigation being transferred from the IRS to BEP. However, for undisclosed reasons the process was delayed - until I inserted myself in the process, causing it to move forward with no additional issues.

I had a similar experience during the interview portion of the background investigation process in 2020.  My understanding of the process is that investigator interviews are the investigator's opportunity to ask applicants to explain responses to any question on the questionnaire.  During the investigator interview, I was asked to provide explanations or to answer questions for subjects not present on the questionnaire and that were more aligned with an individual seeking to obtain a Security Clearance.  I was also asked questions more appropriate for the vetting of a

public official where the goal is to identify all potentially embarrassing or compromising issues about the candidate and his/her family.

For example, during the process, I was required to provide a thorough accounting of how I spent my paycheck, this included telling the investigator how much money I made yearly, how frequently I was paid (e.g. weekly, bi-weekly, or monthly), when I received my paycheck, and the amount of money in that paycheck - both gross and net. I was also made to provide a list of my monthly expenses, to include the name and the description of every entity that I paid and how much I paid them each month; providing this level of financial detail was not requested on the questionnaire.

I was also asked a question concerning my sexual history, which I believe was unwarranted. In OPM's 2008 Suitability Guide for Suitability Determinations, issues related to sexual behavior are limited to criminal behavior, to include a recent criminal offense or a pattern of criminal sexual behavior. I do not have criminal record, therefore, sexual misconduct or any type of questions relating to sexual behavior would not apply to me. Therefore, I would contend that this line of questioning was an attempt to obtain information without a legal basis for do so.

Moreover, when one of my references was contacted, instead of the investigator validating the information on my questionnaire, or asking questions concerning my work ethic or integrity, the investigator was more interested in learning about my computer hacking skills and ability and the financial status of my family – if any of them could be bribed. None of these are questions or subject areas on the questionnaire. Also, in OPM's 2008 Suitability Guide for Suitability Determinations, I was unable to locate any suitability criteria relating to an individual's family; they do exist, however, for Security Clearance determinations. It is my belief that this line of questioning was inappropriate because I did not agree to a Security Clearance investigation, only a Public Trust.

**Resulting Adverse Effects**

Government officials now have private and personal information about me for no valid business reason. It is my perception that my personal information, and information concerning my family has been collected under the pretense of conducting a background investigation. It is my belief that this information was collected to determine if I had the financial means to continue my court cases; to determine if there was anyone available who would provide disparaging or negative comments about me – I believe this is why the question concerning my sexual history was asked; and to unearth any information that could be used as a basis for Treasury and IRS officials to lobby both OPM and my current employer to deny my Public Trust application resulting in my removal from the position.

Supporting documents are provided in Exhibit N.

- Fifteenth Cause of Action - Privacy Act-Improper Dissemination: Associated my contact information with Michigan Address; this violation Treasury officials accessing Kiesha D. Lewis' contact information and improperly associating her name with a Michigan address.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|
| CI Freedom of Information Act/Privacy Act Request | 8/2/2019<br>8/10/2019 | IRS | N/A | N/A | 5 U.S.C. 552a (g)(1)(D) |

**The Privacy Act Provision Violated**

5 U.S. Code § 552a (b) which states "Conditions of Disclosure.—No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, ..."

**How the Provision was Violated**

This is related to the Fourth Cause of Action, the monitoring capabilities of the IRS CI organization. Based on the financial sector anomalies I have experienced, it

is my belief that IRS officials have misused these investigatory capabilities, this dilemma being one of the ramifications of such misuse.

Obtaining a substantive response to both my CI FOIA/Privacy Act request and email will ascertain if any of these CI capabilities had been used on me.

**Resulting Adverse Effects**

I am acquainted with the individuals who live at this address. At the time of this occurrence, I had not been to their home, however, in 2017, I had an order shipped to an occupant of this address, whose last name is different than mine.

In 2019, I was contacted by one of the occupants saying that they had begun receiving mail from local Michigan (MI) companies that was addressed to me. Recently, I was also informed that when this person answered credit reporting validation questions, one of the questions asked them to identify a person who lived at their address – listing my name as a choice. This address association should not have occurred because I have not completed any paperwork associating my name with this MI address.

It is my perception that this association was made in credit reporting systems, organizations that can be monitored by the CI organization. This type of violation has the potential to negatively impact both myself and the address occupants. For the occupants, they may experience issues as it pertains to their credit reporting and car insurance liabilities. For myself, I may encounter issues in the future background investigations – when questions are asked concerning the places I have lived.

Supporting documents are provided in Exhibit O.

- Sixteenth Cause of Action – Freedom of Information Ac violation: Altered Email Response - Linda Gilpin; this violation involves Treasury officials improperly providing altered information in an official FOIA response.

| ID the Privacy Act Request Made | Date of Request | The Recipient Agency | Agency's Response | Whether any appeal was filed | Statutory Basis for Claim |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| IT HRB emails and reports | 2/28/2018<br><br>11/18/2019 | IRS<br><br>TIGTA | Neither the IRS nor TIGTA provided a response. | No. Several emails were sent concerning the altered email, a non-modified email was never sent. | 5 U.S.C. 552a (g)(1)(C) |

**Records at Issue**

An email discussion between Ms. Linda Gilpin and Ms. Ramona Henby.

**How the Records are Inaccurate**

In the IRS (dated) October 30, 2019, FOIA Response, it appears that Ms. Gilpin or an Agency employee has altered an email conversation between Ms. Gilpin and Ms. Ramona Henby, DC- 1221-19-0365-W-1, tab 27, page 57. In this response, Ms. Linda Gilpin responds to Ms. Ramona Henby on Thursday, October 12, 2017, at 9:18 AM. However, Ms. Ramona Henby sent the email, to which Ms. Linda Gilpin is responding, on Thursday, October 12 at 10:17 AM. Someone cannot respond to an email before it is sent.

**Adverse Determination that Occurred**

This email is material because it outlines the logic and methodology used by Ms. Gilpin and Ms. Henby in determining my FY2017 Performance Rating. It is my belief that this alteration was a purposeful attempt to hide material conversations between Ms. Gilpin and Ms. Henby, which would undermine the information provided during a previous TIGTA investigation and in Sworn Statements given during court cases.

Supporting documents are provided in Exhibit P.

**Relief**

My prayer for relief is as follows:
- Equitable Relief:
- Declare that the Department of Treasury, IRS, TIGTA, and BEP violated the Privacy and Freedom of Information Acts;
- Order the Department of Treasury, IRS, TIGTA, BEP, and the VA to immediately disclose the requested records in their entireties to Kiesha D. Lewis: