

U.S. Department of Justice

**Tax Division**
*Civil Trial Section, Eastern Region*

| | | |
|---|---|---|
| REZ:DSM:EKMiller | P.O. Box 227 | Telephone: 202-353-7509 |
| DJ 5-35-12721 | Washington, D.C. 20044 | Telecopier: 202-514-6866 |
| CMN 2020100623 | | Emily.K.Miller@usdoj.gov |

November 12, 2021

**Via Electronic Court Filing**

The Honorable Theodore D. Chuang
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re: *Lewis v. Department of the Treasury et al.*
       8:20-cv-00494-TDC (D.Md.)

Dear Judge Chuang:

  Pursuant to your Case Management Order dated September 25, 2020 (Doc. No. 14) regarding the filing of motions, Defendants Department of the Treasury, Internal Revenue Service, Treasury Inspector General for Tax Administration, and the Bureau of Engraving and Printing (collectively, the Treasury Defendants) as well as the Department of Veterans Affairs, respectfully request to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the Defendants seek summary judgment against Plaintiff Keisha Lewis. Plaintiff brings this action pursuant to the Freedom of Information Act (FOIA) and the Privacy Act seeking various records from the Defendants.

  Lewis's Privacy Act claims should be dismissed pursuant to Rules 8 and 12(b)(6), or in the alternative, summary judgment for the Treasury Defendants should be granted, because Ms. Lewis has failed to sufficiently plead the claims in her Amended Complaint and to exhaust her administrative remedies. A proper administrative claim must be filed with the Service before judicial review of a Privacy Act Claim is appropriate. 5 U.S.C. § 552a(g)(1). A request under the Privacy Act must be "made in writing and signed by the person making the request" and must describe "in sufficient detail" the nature of the records sought. 31 C.F.R. §§ 1.26(d). An individual may only bring a claim under the Privacy Act if the agency has refused to provide to the individual's own records. 5 U.S.C. § 552a(g)(1).

  Likewise, Lewis's Second Cause of Action and Sixteenth Cause of Action should be dismissed because Lewis has failed to exhaust her administrative remedies. As in Privacy Act claims, before seeking review in a FOIA case, a plaintiff must also exhaust her administrative remedies. *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). Federal jurisdiction of a FOIA action "is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980) (internal quotations and


citations omitted).  The agency must first receive a FOIA request; an agency cannot have improperly withheld agency records sought by a request it never received.  A plaintiff in a FOIA case must demonstrate the agency received a FOIA request, not just that the request was mailed.  *See, e.g., Pickering-George v. Registration Unit*, DEA/DOJ, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it).  A FOIA case must be dismissed when the plaintiff fails to rebut an agency affidavit attesting that the request was never received by the agency.  *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff must articulate facts, when accepted as true, will show that the plaintiff has stated a claim entitling her to relief.  *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (quoting *Iqbal*, 550 U.S. at 678).  Here, Plaintiff has failed to allege any facts to suggest that she has exhausted her administrative remedies as to her Privacy Act claims or as to her Second and Sixteenth Causes of Action. Alternatively, the Court should grant the Treasury Defendants summary judgment pursuant to Rule 56 because the Treasury Defendants have reviewed their records and determined that Plaintiff has not exhausted her administrative remedies.

In the alternative, to the extent the Court can construe Lewis's Second Cause of Action as asserting a claim related to BEP Request Number 2019-10-116, summary judgment should be granted for the BEP.  Claims brought pursuant to the FOIA are resolved by summary judgment, where the agency must satisfy the dual burden proving both that the agency (1) conducted a reasonable search for responsive records; and (2) that any records withheld, in whole or in part, are protected from disclosure under the FOIA's exemptions.  *See* 5 U.S.C. § 552(b).  The BEP has produced declarations demonstrating a reasonable search for responsive records and indicating that all responsive records were produced to Lewis.  Because the requested records have been released, the controversy is moot and must be dismissed.  *Ingraham v. U.S. Postal Serv.*, 816 F.2d 672 (Table), 1987 WL 37025 (4th Cir. 1987) (*citing Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir.1982).

Finally, as to the First Cause of Action, TIGTA has properly withheld the records at issue pursuant to FOIA Exemptions 6 and 7(C).  TIGTA has produced a declaration demonstrating that a third party has a substantial privacy interest in the nondisclosure of the withheld information, and no public interest would be served by disclosure of this information.  *See, Neely v. FBI*, 208 F.3d 461, 464–65 (4th Cir. 2000); *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 333 (4th Cir. 2016).  Accordingly, summary judgment should be granted in favor of TIGTA as to the First Cause of Action.

With respect to Third Cause of Action against the VA, the VA intends to move to dismiss, or in the alternative, for summary judgment.  By way of background, on or about October 20, 2019, Plaintiff emailed the VA Central Office, FOIA Service, requesting "the Applicant History Report" and the "Evaluation and Section Process information" for four job announcements.  The VA referred the request to the VA, Office of Inspector General ("VA OIG"), Office of Information Release, which responded on November 8, 2019 by partially granting Plaintiff's request and

19163388.1

producing on November 8, 2019 seventy-one pages of records with redactions in accordance with the exemptions outlined in the Privacy Act and FOIA.

The VA OIG did not receive an administrative appeal from Plaintiff, either within the required 90 calendar days or at any time prior to Plaintiff initiating suit in federal district court. In March 2021, the VA OIG discovered that a record that was responsive to Plaintiff's October 2019 FOIA request but was inadvertently not produced by the VA in November 2019. The VA OIG produced this single-page document with redactions to Plaintiff on March 19, 2021. On March 22, 2021, Plaintiff filed an administrative appeal concerning the single-page document. After further review and consideration, the Agency, in November 2021, provided a less-redacted version of the seventy-plus pages requested by Lewis in October 2019, redacting only identifying information for third-party non-selectees. The VA intends to move for dismissal, or in alternative for summary judgment, on Plaintiff's failure to exhaust her administrative remedies. Additionally, Lewis's claim against the VA should be dismissed, or summary judgment granted, because neither the Complaint nor record support that the VA improperly withheld information when responding to Plaintiff's FOIA request. Rather, the VA only withheld information as required by the exemptions outlined in the Privacy Act and FOIA.

Given the nature of the claims, the Parties have not met and conferred to discuss whether the matter can be resolved without a motion. Based on the foregoing, Defendants request to file a Motion to Dismiss, or alternatively, for Summary Judgment, and request forty-five pages given the number of counts and defendants.

Sincerely yours,

DAVID A. HUBBERT
Acting Assistant Attorney General


*/s/ Emily K. Miller*
EMILY K. MILLER (Ky. Bar No. 97725)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
Emily.K.Miller@usdoj.gov
*Counsel for the Treasury Defendants*


Erek L. Barron
United States Attorney

19163388.1

                                     */s/*
                                     Rebecca A. Koch (Bar No. 802108)
                                     Assistant United States Attorney
                                     6406 Ivy Lane, Suite 800
                                     Greenbelt, Maryland 20770
                                     Telephone: 301-344-4433
                                     Facsimile: 410-962-2310
                                     Rebecca.Koch@usdoj.gov
                                     *Counsel for the VA*

19163388.1