IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIESHA DANIELLE LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPT. OF TREASURY, ET AL., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 8:20-cv-00494-TDC |

**DECLARATION OF ALEXIS TURNER**

I, Alexis Turner, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as follows:

1. I am an attorney in the Office of Chief Counsel for the Treasury Inspector General for Tax Administration (TIGTA) in Washington, D.C. I have been employed by TIGTA, in that capacity, since December 2007.

2. As part of my official duties, I process administrative appeals of TIGTA responses to Freedom of Information Act, 5 U.S.C. § 552 (FOIA) requests, and I am responsible for assisting the Department of Justice in defending litigation filed under the FOIA and the Privacy Act of 1974, 5 U.S.C. §552a (Privacy Act) against TIGTA. These duties require that I have knowledge of the procedures and requirements for making FOIA and Privacy Act requests.

3. On February 25, 2020, Kiesha Danielle Lewis filed a civil complaint against TIGTA and other defendants. In her complaint, Lewis asserts a cause of action related to alleged FOIA requests, as well as several causes of action under the Privacy Act, including the following:

   a. First Cause of Action: Lewis asserts a Privacy Act/FOIA claim against TIGTA as it relates to Request No. 2020-FOI-00023. Doc. No. 37, ¶ 1.

1

Exhibit 1

    b.  Twelfth Cause of Action: Lewis asserts a Privacy Act claim against TIGTA pursuant to 5 U.S.C. § 552a(g)(1)(C) for allegedly removing or deleting the TIGTA complaint she filed on November 16, 2017.  Doc. No. 37, ¶ 12.

### Plaintiff's FOIA/Privacy Act Requests

Request Number 2017-FOI-00102

4.    On January 30, 2017, TIGTA received a FOIA request from Lewis seeking the "status and outcome" of "TIGTA Case Numbers: TRN-1701-0215 [and] TRN-1611-00623."

5.    TIGTA assigned this request number 2017-FOI-00102.

6.    TIGTA granted this request in part and denied this request in part.

7.    In a letter dated February 27, 2017, TIGTA advised Lewis that with respect to TRN-1701-0215, TIGTA located one hundred two (102) responsive pages, of which TIGTA was releasing eighty-eight (88) pages in full and twelve (12) pages in part, and withholding two (2) pages in full.  TIGTA further advised Lewis that with respect to TRN-1611-0623, TIGTA located thirty-six (36) responsive pages, of which TIGTA was releasing twenty-four (24) pages in full and ten (10) pages in part, and withholding two (2) pages in full.

8.    The February 27, 2017 letter notified Lewis it was withholding four (4) pages in full and twenty-two (22) pages in part of 2 records pursuant to FOIA exemptions (b)(6) and (b)(7)(C). (*See* Doc. No. 20-5 at 11, Exhibit J*, Determination for FOIA Request Number 2017-FOI-00102.*)

9.    The TIGTA Response to Lewis included the following paragraph:

> We have enclosed an Information Sheet that explains the subsections cited above as well as your administrative appeal rights.  If you file an appeal, your appeal must be in writing, signed by you, and postmarked or electronically transmitted within ninety (90) days from the date of this letter.

10.    I reviewed the administrative record for the request and TIGTA did not receive an appeal from Lewis regarding TIGTA's determination for Request Number 2017-FOI-00102.

Exhibit 1

Request Number 2020-FOI-00023

11.     On November 18, 2019, TIGTA received a FOIA request from Lewis seeking "full, non-redacted copies of the finalized reports for . . . TIGTA Case Numbers: TRN-1611-0623 and TRN-1701-0215."

12.     TIGTA assigned this request number 2020-FOI-00023.

13.     TIGTA determined this request was a duplicate of Request Number 2017-FOI-00102.

14.     Both Request Number 2017-FOI-00102 and Request Number 2020-FOI-00023 sought reports for TIGTA Case Numbers TRN-1611-0623 and TRN-1701-0215.

15.     On November 26, 2019, TIGTA notified Lewis that Request Number 2020-FOI-00023 would not be processed because it was determined to be a duplicate of Request Number 2017-FOI-00102.  TIGTA provided Lewis with a copy of its response to Request Number 2017-FOI-00102.  (*See* Doc. No. 20-5 at 27, Exhibit P, *Determination for FOIA Request Number 2020-FOI-00023*.)

16.     On November 29, 2019, Lewis emailed TIGTA requesting TIGTA reconsider its decision to withhold the records.  (*See* Doc. No. 20-5 at 32, Exhibit Q, *Email from Ms. Lewis*.)

17.     TIGTA construed the November 29, 2019, email from Lewis as an appeal of TIGTA's determination of Request Number 2020-FOI-00023 and assigned the request Appeal Number 2020-APP-00005.

18.     TIGTA reviewed Appeal Number 2020-APP-00005 and upheld the determination that Request Number 2020-FOI-00023 was a duplicate of Request Number 2017-FOI-00102. (*See* Doc. No. 20-5 at 36, Exhibit R, *Determination for Appeal Number 2020-APP-00005*.)

19.     As part of the review process of Appeal Number 2020-APP-00005, TIGTA reviewed the file, responsive documents, and final response for Request Number 2017-FOI-00102 and was able to affirm in full the Disclosure Officer's prior determination in Request Number 2017-FOI-00102 to withhold four (4) pages in full and twenty-two (22) pages in part pursuant to FOIA exemptions (b)(6) and (b)(7)(C).

**Exemptions Claimed for All Information
Withheld in Response to Request Number 2017-FOI-00102**

20.     TIGTA continues to assert FOIA Exemptions 6 and 7(C) as legal justification for withholding twenty-two (22) pages in part and four (4) pages in full in response to Request Number 2017-FOI-00102.  The information withheld under Exemption 6 is the same information withheld under Exemption 7(C).

21.     The documents requested by Lewis in Request Number 2017-FOI-00102 relate to TIGTA complaint files, which were opened in response to complaints alleging criminal and/or administrative misconduct filed by Lewis against an employee of the Internal Revenue Service (IRS).

22.     When Lewis filed these complaints with TIGTA, she was given TRN-1611-0623 and TRN-1701-0215 as reference numbers for the complaints made.

23.     TIGTA seeks to protect identifying information such as names, addresses, phone numbers, and social security numbers, as well as status information about the complaints.  Any further description, beyond the descriptions contained in this declaration, of the information TIGTA seeks to protect would reveal the very information that TIGTA is trying to protect and thwart FOIA Exemptions 6 and 7(C).

24.     I am familiar with the segregation requirement of 5 U.S.C. § 552(b) for any nonexempt information contained in responsive agency records.  TIGTA has reasonably

segregated exempt information from non-exempt information before releasing records or portions of records.

## FOIA Exemption 6

25. FOIA Exemption 6 protects information about individuals in personnel, medical, or similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.

26. Lewis requested documents related to complaints she made to TIGTA against a third-party IRS employee.

27. The responsive complaint files contain information that pertains to the third-party IRS employee including identifying information related to this individual, such as the individual's name, address, IRS office, IRS post of duty, potential conduct violations, and internal reference numbers, as well as status information about the complaints.

28. TIGTA redacted twenty-two (22) pages in part and withheld four (4) pages in full pursuant to FOIA Exemption 6 to protect the disclosure of this information that would be contained in personnel or similar files.

29. The third-party IRS employee has a substantial privacy interest in protecting this information from disclosure.

30. In weighing this strong privacy interest held by the third-party against any public interest there might be in this information, TIGTA has determined that release of the withheld information would shed little, if any light, on TIGTA's performance of its official functions. Therefore, there is no public interest in this information as that term is defined for purposes of the FOIA.

31.     Accordingly, TIGTA is asserting FOIA Exemption 6 as legal justification for withholding twenty-two (22) pages in part and four (4) pages in full that are responsive to Request Number 2017-FOI-00102.

### FOIA Subsection (b)(7)(C)

32.     FOIA subsection (b)(7)(C) exempts from disclosure records or information compiled for law enforcement purposes to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

33.     TIGTA is tasked with conducting investigations into alleged criminal violations and/or administrative misconduct by employees of the Internal Revenue Service.

34.     TIGTA has law enforcement authority to execute and serve search warrants, execute and serve arrest warrants, serve subpoenas and summonses, and to make arrests without warrant for any offense against the United States relating to the Internal Revenue Laws.  5 U.S.C. app. § 8D.

35.     Information responsive to Request Number 2017-FOI-00102 contained in the twenty-two (22) pages withheld in part and the four (4) pages withheld in full were generated or compiled by TIGTA's Office of Investigations in connection with its review of Lewis's complaints against a third-party IRS employee.

36.     Because the records were compiled in the course of TIGTA's Office of Investigations' review of Lewis's complaints, TIGTA has determined that the withheld information was compiled for law enforcement purposes.

37.     FOIA subsection (b)(7)(C) requires a balancing of the public's right to disclosure against the individual's right to privacy.

Exhibit 1

38. TIGTA has determined that the individual to whom the withheld information relates has a strong privacy interest in the information generated or obtained by TIGTA's Office of Investigations during the course of its review of Lewis's complaints.

39. Disclosure of this information would not contribute anything to the public's understanding of the operations or activities of TIGTA.

40. TIGTA has concluded that the privacy interest of this individual outweighs the public interest, if any, in this information.

41. TIGTA is asserting FOIA subsection (b)(7)(C) as legal justification for withholding twenty-two (22) pages in part and four (4) pages in full that are responsive to Request Number 2017-FOI-00102.

Privacy Act

42. TIGTA routinely reviews requests for records under both the FOIA and the Privacy Act in order to give the requester the greatest access to information available.

43. The Privacy Act prohibits disclosure of a record "which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains," or pursuant to one of twelve exceptions.  5 U.S.C. § 552a(b).

44. As stated above, Request Number 2017-FOI-00102 sought the "status and outcome" of "TIGTA Case Numbers: TRN-1701-0215 [and] TRN-1611-00623."

45. While the records at issue are attributable to Lewis's action of submitting complaints to TIGTA, they pertain to the IRS employee identified in Lewis's complaints, not Lewis.

Exhibit 1

46.     This third-party IRS employee has not consented to the release of TIGTA's complaint files concerning their conduct, nor do any of the twelve Privacy Act exceptions apply in the instant matter.

47.     Thus, TIGTA determined that Lewis would gain greater access to the information she requested under the FOIA, and her request was processed under the FOIA and not the Privacy Act.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on January 7, 2022, in Washington, D.C.

_____
ALEXIS TURNER
Office of Chief Counsel
Treasury Inspector General for Tax Administration

Exhibit 1