TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

DATE:   January 1, 2011

**CHAPTER 400 – INVESTIGATIONS**

**(400)-240   Processing Complaints, Reports of Investigation and Congressional Inquiries**

240.1   Overview.
This section details the procedures TIGTA-Office of Investigations (OI) follows for receiving and processing complaints:

- General Guidelines for Receiving Complaints
- Complaints Received by Complaint Management Team (CMT)
- Complaints Received by Divisions
- Processing Complaints Referred by Internal Revenue Service (IRS) Management to TIGTA
- Section 1203 Complaint Processing
- Reports of Investigation
- Section 1203 Complaints Received Directly by CMT
- Section 1203 Complaints Received by Divisions
- Processing Reports of Investigation to the IRS
- Processing Congressional Inquiries
- Processing *Qui Tam* Complaints

TIGTA's OI has established and publicized the toll-free hotline telephone number 800-366-4484 to accept complaints.

240.1.1   Acronyms Table.

240.2   General Guidelines for Receiving Complaints.
OI will assume ownership of all complaints, as defined in this section, received directly from an individual complainant.  OI does not assume ownership of all complaints referred by IRS management.  See Section 240.5 for more information on processing complaint referrals by IRS Management.

Assuming ownership means that OI will:

- Document receipt of the complaint in the Performance and Results Information System (PARIS) complaint screen;
- Interview the original complainant except as authorized by this section;
- Provide original complainant with the complaint number;
- Determine the appropriate disposition of the complaint; and,
- Document the actions resulting from the complaint.

TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

DATE: January 1, 2011

The **complainant**, as defined in this section, is the person originally making the complaint. It does not refer to the source of the complaint, which in many instances may be an intermediary that refers the complaint to TIGTA.

A **complaint**, as defined in this section, is any allegation of criminal or administrative misconduct, mismanagement, or other impropriety within TIGTA's oversight purview of Federal tax administration, including allegations of misconduct by employees of the IRS, the Office of Chief Counsel of the IRS, the IRS Oversight Board, or TIGTA.

OI will evaluate all complaints and make a determination as to whether OI will initiate an investigation into the matter or will take other appropriate action. The evaluation of complaints must be limited to preliminary inquiries to determine if the allegation(s) is within TIGTA's jurisdiction. If a decision is made not to open an investigation, the proper reason will be documented in the "Reason for no investigation" data field of the PARIS complaint screen.

All complaints received by OI employees will be properly documented in a PARIS complaint screen by the special agent (SA) or CMT personnel receiving the complaint.

**Note:** Information developed from internal OI initiatives, such as Strategic Enforcement and Data Integrity Division (SEDID)/Unauthorized Access (UNAX), integrity projects, or spin-off cases relating to multi-subject investigations, are not documented in the PARIS complaint screen as these are not "complaints" received by TIGTA. The PARIS complaint screen is only used to document complaints received from sources external to OI.

If a complaint is received by other than telephonic means, TIGTA will contact the complainant to advise them that TIGTA has received the complaint and to provide the complaint number assigned to the matter.

The initial complainant will be notified, if possible, that his/her complaint has been referred to TIGTA on any complaint referred and accepted by OI from another agency (e.g., complaints initially received by the IRS and then subsequently referred to TIGTA).

Due to Federal privacy laws, OI generally will only advise a complainant that TIGTA has received the complaint. TIGTA generally cannot provide a complainant with information on his/her complaint unless requested pursuant to the provisions of the Freedom of Information Act (FOIA) and/or the Privacy Act. FOIA and Privacy Act requests are processed through the TIGTA Disclosure Branch, 202-622-4068. See Chapter 700, Chief Counsel, Sections 60 and 70, of the TIGTA Operations Manual for information concerning FOIA and Privacy Act requests.

For all complaints received by OI investigative divisions where an investigation is not initiated, a hard-copy file will be established. This file will be maintained by the division

receiving the complaint in accordance with the applicable record retention schedule. The hard copy file will include any incoming correspondence from the complainant. The reason TIGTA chose not to investigate the complaint must be documented in the appropriate data field of the PARIS complaint screen. See Chapter 500, Information Technology, Section 130.1.4 of the TIGTA Operations Manual for records control schedules.

240.3  Complaints Received by CMT.
The CMT will maintain a staff of Investigative Specialists that are available to receive complaints Monday through Friday, except for Federal holidays, from 8:00 a.m. until 4:30 p.m. eastern time.

The CMT will maintain the capability to receive complaints through each of the following methods:

- Hotline telephone:  800-366-4484;
- Fax:  202-927-7018;
- United States (US) mail:
    Treasury Inspector General for Tax Administration
    HOTLINE
    P.O. Box 589
    Ben Franklin Station
    Washington, DC 20044-0589;
- Inter-office or Treasury Bureau routing;
- Email:  *TIGTA-NO Complaints Unit; and
- Internet Email:  Complaints@TIGTA.treas.gov.

When CMT receives a complaint through the Hotline telephone, the receiving Investigative Specialist will conduct an interview of the complainant to ascertain information relevant to the complaint. The Investigative Specialist will document the complaint in the PARIS complaint screen, unless the complaint is against a TIGTA employee. If the complaint is against a TIGTA employee, the Special Agent-in-Charge (SAC)-Internal Affairs Division (IAD) will be responsible for documenting the complaint in the PARIS complaint screen.

If a complaint is received by other than telephonic means, the Investigative Specialist will document the complaint in the PARIS complaint screen and contact the complainant to develop additional information as necessary.

In all complaints received by CMT, the Assistant Special Agent-in-Charge (ASAC)-CMT, or his/her designee, will send the complainant a written acknowledgement advising that TIGTA has received the complaint.

The ASAC-CMT or his/her designee will review the complaint for final evaluation and disposition.

240.3.1   CMT Complaints Referred for Investigative Determination.   If the ASAC-CMT determines the complaint involves alleged criminal violations within TIGTA's jurisdiction or IRS/TIGTA employee misconduct issues, CMT will forward the complaint to the appropriate SAC for an investigative determination as follows:

- CMT will refer any complaint involving the following to the SAC-IAD for an investigative determination:
    - Any senior IRS official and IRS International employee as listed in Section 340.2.1 and Section 340.2.2;
    - Any IRS Criminal Investigation Division (CID) employee;
    - Any IRS Office of Chief Counsel employee; and
    - Any TIGTA employee.

- CMT will refer any complaint involving the following to the respective SAC-Field Division for an investigative determination:
    - An IRS employee in the International (U.S. Competent Authority) function and located in Puerto Rico or the U.S. Virgin Islands must be referred to the SAC-Atlanta Field Division.
    - An IRS employee in the International (U.S. Competent Authority) function and located in Guam or the American Samoa Islands must be referred to the SAC-San Francisco Field Division.
    - All other complaints will be referred to the SAC covering the geographic area where the subject of the complaint is employed (if an IRS employee), or where the subject of the complaint lives or where the alleged violation occurred (if a non-IRS employee).

- CMT will refer any complaint involving the following to the SAC, Procurement Fraud Division, for an investigative determination:
    - Any allegation of fraud relating to the administration of IRS/TIGTA contracts.

If CMT personnel interviewed the complainant, a Memorandum of Interview or Activity (Form OI 2028-M) documenting the interview will be included in the complaint package forwarded to the SAC.

Upon receipt of the complaint, investigative division personnel will make reasonable attempts to conduct a thorough complainant interview, either in-person or telephonically. See Section 240.4 for more information regarding complaints received by divisions.

If a decision is made not to open an investigation, the reason will be documented in the "Reason for no investigation" data field of the PARIS complaint screen.  The SAC or his/her designee will be responsible for making final disposition decisions on complaints.

If the SAC or his/her designee determines an investigation is warranted, the PARIS complaint screen will be appropriately documented.

For those complaints not investigated, the SAC or his/her designee will make a final disposition decision and will update the PARIS complaint screen as appropriate.

240.3.2   CMT Complaints Referred to the IRS.  All complaints that are being referred to the IRS for action and response will be forwarded to the Employee Conduct and Compliance Office (ECCO), via a Complaint Referral Memorandum – Response Required (Form OI 2070), within 30 days of receiving the initial complaint.

CMT will update the PARIS complaint screen as appropriate.

The address for ECCO is:

> Internal Revenue Service
> Employee Conduct and Compliance Office
> 1111 Constitution Avenue NW
> OS:HC:R:EC, Room 7213/IR
> Washington, DC  20224
>
> Fax number:  202-622-6114
> Telephone number:  202-622-6383
> Email:  CCPAG@IRS.GOV

The PARIS Coordinator will follow-up with the IRS on all complaints referred from CMT via Form OI 2070 that have not been returned within 180 days to ascertain the reason and the anticipated date of the response.

When the IRS returns the Form OI 2070 to CMT, the ASAC-CMT or his/her designee will ensure the response is fully documented, to include:

- The actions taken by the IRS;
- The scope of the IRS inquiry into the matter; and,
- The methodology used by IRS to conduct its inquiry.

If any of the above is not included in the IRS response, CMT will return the complaint to ECCO requesting that the additional information be provided by the IRS.

When a final response is received from the IRS, the ASAC-CMT or his/her designee will ensure the PARIS complaint screen is updated as appropriate.

All complaints involving § 1203 violations will be processed in accordance with Section 240.6.

240.4   Complaints Received by Divisions.
All complaints received by division personnel will be forwarded to the appropriate ASAC for evaluation and disposition.  Division personnel will process complaints within 30 days of TIGTA's receipt of the complaint.  This 30-day processing period includes reassignment of complaints from one division to another division.

Field divisions will refer any complaint involving the following to the SAC-IAD for an investigative determination:

- Any senior IRS official or IRS International employee as listed in Section 340.2.1 and Section 340.2.2;
- Any IRS CID employee;
- Any IRS Office of Chief Counsel employee; and
- Any TIGTA employee.

Field divisions will refer any complaint involving the following to the respective SAC-field division for an investigative determination:

- An IRS employee in the International (U.S. Competent Authority) function and located in Puerto Rico or the U.S. Virgin Islands must be referred to the SAC-Atlanta Field Division.
- An IRS employee in the International (U.S. Competent Authority) function and located in Guam or the American Samoa Islands must be referred to the SAC-San Francisco Field Division.
- Complaints against other IRS employees will be referred to the SAC covering the geographic area where the alleged subject of the complaint is employed; and,
- Complaints against non-IRS employees will be referred to the SAC covering the geographic area where the alleged subject of the complaint resides and/or where the violation took place.

Field Divisions will refer any complaint involving the following to the SAC, Procurement Fraud Division, for an investigative determination:

- Any allegation of fraud relating to the administration of IRS/TIGTA contracts.

Division personnel will make reasonable attempts to interview all complainants, either telephonically or in person, within 15 days of receiving the complaint. Any determination not to interview the complainant must be approved by the appropriate SAC for those complaints received by division agents, or referred to a division by CMT if not previously interviewed by CMT personnel. If a decision is made not to interview the complainant, the reason, along with a statement indicating that the SAC concurred with the decision, is to be documented in the "Remarks" section of the PARIS complaint screen.

For all complaints referred to a SAC/ASAC for evaluation and disposition, if it is determined that an investigation is not warranted, the reason will be documented in the "Reason for no investigation" data field of the PARIS complaint screen.

If an investigation is not initiated, the complaint will generally be disposed of in one of the following ways:

- If the complaint involves issues where there is a potential for disciplinary action against one or more IRS employees, the originating SAC will forward it directly to ECCO for appropriate inquiry and response, via a Complaint Referral Memorandum -Response Required (Form OI 2070). OI will include in the Remarks section of this form a brief summary of the nature of the complaint, the reason an investigation is not being initiated, and that the IRS should provide the scope of, and methodology used in, their inquiry into the matter when responding to TIGTA regarding the complaint. The PARIS complaint screen will be updated as appropriate. The IRS response to the complaint should include any actions taken and the scope and methodology of its inquiry into the matter. If the IRS response is lacking any of these three elements, the originating SAC is to follow-up with the IRS to obtain the missing information. The PARIS Coordinator will follow-up with ECCO on all complaints referred via Form OI 2070 that have not been returned within 180 days to ascertain the reason and the anticipated date of response.
- If the complaint involves issues that relate to IRS operations or personal/business tax-related issues, and there is no potential for disciplinary action against an IRS employee, or any other reason to track the IRS disposition of the complaint, it will be forwarded to ECCO via a Complaint Referral Memorandum (Referred for Information Only) Form OI 2070-A. The PARIS complaint screen will be updated as appropriate.
- If the complaint does not come under the jurisdiction of TIGTA or the IRS, as authorized by law, the complaint will be forwarded by letter from the SAC to the agency having jurisdiction over the matter. The PARIS complaint screen will be updated as appropriate.
- The complaint may be associated with a previously initiated and/or closed investigation if the investigation relates to the same issues as the current complaint. The PARIS complaint screen will be updated as appropriate.

- The complaint may be documented in the PARIS complaint screen as a non-actionable item.
- Any complaint or request for information received by field personnel from a member of the U.S. Congress will immediately be forwarded to the TIGTA, Congressional Affairs, for appropriate response and tracking. The address and telephone number are:

   Treasury Inspector General for Tax Administration
   Attn: Congressional Affairs
   1401 H Street NW, Suite 469
   Washington, DC 20005

   If the SAC determines an immediate investigation of the matter is appropriate, an investigation may be initiated concurrently with forwarding the complaint to the Executive Secretariat.

All hard copy documents relating to a complaint will be transmitted in a "Confidential Information – to be opened by addressee only" envelope.

240.5   Processing Complaints Referred by IRS Management to OI.
Generally, OI will receive complaints from IRS management in two ways: referrals by IRS directly to a OI division, or by ECCO referral to CMT. In all instances, the receiving TIGTA employee will document receipt of the complaint in the PARIS complaint screen, regardless of whether TIGTA takes ownership of the complaint or it is returned to the IRS.

The receiving TIGTA official will evaluate the complaint and, within five working days, advise the IRS official who originally made the complaint whether or not OI will take ownership of the complaint.

In most instances, OI will not take ownership of complaints referred by the IRS that are limited to allegations concerning:

- Rude or unprofessional conduct on the part of an IRS employee;
- IRS management competence or judgment issues;
- Personnel or labor relations issues;
- Taxpayer's personal or business tax issues;
- IRS systems/process issues; or,
- Legality of tax system issues.

However, consideration should always be given to making a referral to TIGTA's Office of Audit or Office of Inspections & Evaluations when programmatic or systemic issues are present.

If OI does not take ownership of the complaint, OI will return the complaint to the IRS by whatever means the SAC determines is most expedient, and the IRS will **not** be requested to provide OI with the results of any subsequent actions it may take in regards to the complaint.  The PARIS complaint screen will be documented as appropriate, and a file on the complaint will be maintained by the receiving OI official.

In those instances where OI takes ownership of a complaint, OI will notify the original complainant advising him/her that TIGTA has received his/her complaint and provide the complainant with the related TIGTA complaint number.

240.6   Section 1203 Complaint Processing.

Complaints and investigations involving alleged violations of § 1203 of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 98) will receive special processing, as they are tracked and adjudicated differently than most other types of misconduct.  Generally, TIGTA will initiate an investigation into all bonafide complaints that allege a § 1203 violation.  Usually, the only exceptions will be § 1203 (b)(8) and (b)(9) allegations, which relate to timely and full payment of taxes.  In some instances, the IRS, if requested to conduct a preliminary inquiry into these § 1203 allegations, may fully resolve the issues and a TIGTA investigation will not be warranted.

The SAC/ASAC will review the complaint to determine if there is a basis for a § 203 allegation.  For there to be a basis for a § 1203 allegation, the following should be apparent in the complaint:

- The complaint alleges misconduct by an IRS employee, whose identity may either be known or unknown;
- The alleged incident occurred on or after July 22, 1998; and,
- The substance of the allegation relates to one or more of the 10 specified § 1203 violations.  See Exhibit (400)-240.2 for the RRA 98 § 1203 Plain Language Guide to determine the elements for a specific § 1203 violation.

In some instances, the date that the incident occurred may not be readily apparent in the complaint and will require an interview of the original complainant to determine when the incident on which the complaint is based actually occurred.

If the SAC/ASAC determines that the three criteria above have been met, the complaint will be entered to the PARIS complaint screen using the appropriate § 1203 violation code.

If the SAC/ASAC determines that an investigation should not be initiated, the complaint will be referred to ECCO for review by the Board on Employee Professional Responsibility (BEPR).  The BEPR will include representatives of TIGTA, IRS National Headquarters, and the appropriate IRS operating division.  If the BEPR recommends

that an investigation is needed to resolve a § 1203 issue regarding the complaint, the TIGTA representative will determine whether to initiate an investigation.

Do not remove the § 1203 violation code from the PARIS complaint screen when an IRS initial inquiry and evaluation determines there is no basis for the § 1203 allegation. The § 1203 violation code must be retained in the PARIS complaint screen due to special reporting requirements and analyses conducted at Headquarters.

A § 1203 violation code will not be removed from PARIS investigations screen by field division personnel once the code is entered, even if the subsequent investigation disproves or otherwise fails to substantiate the § 1203 allegation. Again, it is necessary that the § 1203 violation code be retained in PARIS investigations screen due to special reporting requirements and analyses conducted at Headquarters.

240.7   Reports of Investigation.
Generally, TIGTA field divisions will forward completed reports involving a § 1203 violation to IRS Personnel Security in accordance with the instructions contained in Section 250.12.  If the investigation involves personnel identified in Section 340.2, an agreement will be made between the SAC-Field Division and the SAC-IAD on processing.  The Remarks Section of the Referral Memorandum (Form OI 2076) must reflect the following statement: **"This report contains a § 1203 matter and must be forwarded to the ECCO."** This statement is needed to ensure that all investigations involving a § 1203 allegation are properly and timely routed to the BEPR and thereafter properly adjudicated.

240.8   Section 1203 Complaints Received Directly by CMT.
All § 1203 complaints received directly by CMT will be reviewed, evaluated, and documented as appropriate in the PARIS complaint screen.

If there are other serious misconduct or criminal issues not directly related to the § 1203 violation, the complaint will be forwarded immediately to the appropriate SAC for an investigative determination of these non-section 1203 issues.

If the complainant initially provided insufficient information to make a determination regarding TIGTA's jurisdiction, CMT will telephonically contact the complainant to obtain additional information to assist the field division in making their determination.

If CMT determines there is a potential basis for a § 1203 violation, and it is one of those listed below, the complaint will be forwarded for initial inquiry and evaluation to ECCO on the Form OI 2070 relating to § 1203 violations.  The inquiry should include a review of the allegation to determine if there is a basis for the allegation, and to assess whether the IRC, regulations, or IRS policies, including the Internal Revenue Manual (IRM) were violated, or if willful late filing or willful understatement of Federal tax filing or an understatement of tax liability took place.

| § 1203 **(b)(1)** | § 1203 **(b)(3)(B)** | § 1203 **(b)(8)** |
| § 1203 **(b)(3)(A)** | § 1203 **(b)(6)** | § 1203 **(b)(9)** |

However, if one of the above § 1203 violations is so closely related to other serious misconduct or criminal issues that it would be impractical or inadvisable to "breakout" or separate the § 1203 violation, then the SAC-Operations may elect not to refer the above listed violations to the IRS for the preliminary inquiry and evaluation, but instead, refer it directly to the appropriate SAC for investigation.

If the § 1203 violations above are alleged against personnel identified in Section 340.2, the complaint will be referred to the SAC-IAD for investigation.

For allegations related to § 1203 (b)(3)(A), the complainant must allege that the named IRS employee personally committed an overt act against the complainant that caused a denial of his/her Constitutional Rights; otherwise, the complaint will be forwarded to ECCO as noted above.  If the complaint alleges a violation of § 1203 (b)(3)(A) but does not allege an overt act by the subject, then the complaint should be titled as "IRS Officials-Constitutional Tax Issues."

If the IRS reviews and determines that there is a basis for the § 1203 allegation, CMT will forward the results of the IRS inquiry, along with other appropriate documentation, to the appropriate SAC, who will initiate an investigation.  If the IRS determines there is no basis for the § 1203 allegation, the complaint will be closed upon return of Form OI 2070 from the IRS.

For all other § 1203 allegations not relating to those listed above, if it is determined there is a basis for a § 1203 violation, the complaint will be forwarded directly to the appropriate SAC for investigation.

The "Complaint Status" and "Date" fields in the PARIS complaint screen must be continuously updated to reflect the current status of the complaint.

See Exhibit (400)-240.1 for processing § 1203 complaints received by CMT.

240.9   Section 1203 Complaints Received by Divisions.
All § 1203 complaints received by a division will be reviewed, evaluated, and documented, as appropriate, in the PARIS complaint screen by the receiving agent.

The receiving agent will then forward the complaint to his/her ASAC for review and a disposition determination.

TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION

DATE:  January 1, 2011

If the complainant specifically alleges a § 1203 violation, but the SAC/ASAC determines there is no basis for the § 1203 allegation, then the complaint will be forwarded to ECCO on a Form OI 2070.

If the complaint alleges a § 1203 violation, and the ASAC determines there is a basis for the § 1203 allegation, then he/she will initiate an investigation, except as provided below.

If one of the following § 1203 violations is alleged,

| | | |
|---|---|---|
| **§ 1203 (b)(1)** | **§ 1203 (b)(3)(B)** | **§ 1203 (b)(8)** |
| **§ 1203 (b)(3)(A)** | **§ 1203 (b)(6)** | **§ 1203 (b)(9)** |

the SAC/ASAC may send the complaint package to ECCO for initial inquiry and evaluation as to whether there is a basis for a § 1203 violation.

However, the SAC may elect to investigate any alleged § 1203 violation without referral to the IRS for initial inquiry and evaluation.

For those complaints referred to ECCO for initial inquiry and evaluation, if the IRS determines there is no basis for the § 1203 allegation, then the complaint will be closed upon return of the Form OI 2070 from the IRS.

For those complaints referred to ECCO for initial inquiry and evaluation, if the IRS determines there is a basis for the § 1203 allegation, then an investigation will be initiated upon return of the Form OI 2070 from the IRS.

See Exhibit (400)-240.1 for processing § 1203 complaints received by divisions.

240.10  Processing Reports of Investigation to the IRS.
The originating SAC will forward reports in accordance with guidance contained in Section 250.12.  An exception are those reports where the allegation is against personnel identified in Section 340.2, which will be forwarded to SAC-IAD, who in turn will date the Form OI 2076 and forward it to IRS Personnel Security, unless otherwise agreed by the SAC-IAD and the SAC-Field Division.

Upon completion of the adjudication process, the IRS adjudicating official will return the ROI and the accompanying Form OI 2076, through IRS Personnel Security, to the referring SAC as documented on the Form OI 2076.

If the adjudication process extends beyond 180 days for a particular case, the PARIS Coordinator will follow-up with IRS Personnel Security to determine the reasons and the anticipated completion date of the adjudicative actions.  IRS Personnel Security will advise the SAC of the appropriate IRS management personnel to contact regarding the

matter. For those cases forwarded to the IRS by SAC-IAD, SAC-IAD will be responsible for this monitoring.

The IRS adjudicating official will document the Form OI 2076 with any administrative actions taken, the date of the decision, and the Automated Labor and Employee Relations Tracking System (ALERTS) issue code.

If the originating SAC believes the administrative action taken by the IRS is not commensurate with the results of the investigation, the issue will be forwarded to the appropriate Assistant Inspector General for Investigations (AIGI), who may raise the matter to the Inspector General (IG) or the IRS executive over the employee.

All SACs will implement procedures to routinely monitor the timeliness and appropriateness of administrative actions taken for investigations referred to the IRS for administrative disposition.

240.11   Processing Congressional Inquiries.
The TIGTA Congressional Affairs staff will log all congressional correspondence into PARIS TIGTA Control Management (TCM), including scanning all documents as an attachment to the TCM ticket. The Executive Secretariat, in consultation with the Congressional Liaison, will assign the matter to the appropriate TIGTA office. See Chapter 200, Mission Support, Exhibit (200)-40.3 of the TIGTA Operations Manual.

All congressional inquiries requiring action by OI will be forwarded to SAC-Operations Division for initial documentation, assignment, coordination, and tracking.

The Congressional Affairs Liaison will initiate the appropriate actions to ensure that acknowledgements are sent to individual Senators or Representatives within 15 days of receipt by TIGTA of their Congressional inquiries.

The Operations Division will prepare final responses to Congressional inquiries.

Congressional responses to individual Members of Congress will be prepared in letter format for the signature of the DIGI with reviews conducted by Chief Counsel and the Senior Advisor and Congressional Liaison.

Congressional responses to Congressional committees will be prepared in letter format for the signature of the Inspector General. Reviews will be conducted by Chief Counsel, the Senior Advisor and the Congressional Liaison

The Operations Division will simultaneously refer the congressional inquiry to the appropriate SAC for proper action and response to the Operations Division regarding results of the inquiry. A copy of the referrals to field divisions will be sent to the Deputy Assistant Inspector General for Investigations (Field Operations).

Unless there are extenuating circumstances, and if applicable, the SAC will ensure that the constituent making the complaint is interviewed.

The SAC will endeavor to complete the inquiry or investigation in a timely manner, but usually within 30 days of receiving it from the Operations Division. In those instances in which the SAC is unable to complete the inquiry within the first 30 days after receiving the inquiry, the SAC will submit a status report to the SAC – Operations Division every 30 days until the investigation is closed. Concurrently, a copy of the status reports from field divisions will be sent to the Deputy Assistant Inspector General for Investigations (Field Operations).

In each status report, the SAC will advise the Operations Division whether the field division anticipates completing the investigation within the next 30-day time period. If the investigation is not anticipated to be completed within the next 30 days, the SAC will include an explanation for the delay.

When the SAC's inquiry into the matter is completed, the SAC will submit a synopsis of the results of the inquiry to the Operations Division, or if an investigation was initiated, a copy of the report.

The Operations Division will then prepare the final response to the appropriate member(s) of Congress or Congressional committee.

240.12   Processing *Qui Tam* Complaints.
A *qui tam* complaint is a civil suit filed under the provisions of the [False Claims Act](#) by a private citizen in the name of the United States. The law requires that *qui tam* complaints be filed under seal and that the Department of Justice (DOJ) receive a copy of the complaint. DOJ has 60 days, not including possible time extensions, to review the complaint and to determine if they want primary responsibility for prosecuting the case.

When a *qui tam* complaint is filed involving the IRS or TIGTA, DOJ may ask TIGTA-OI to help with its review of the complaint. Upon receipt of a *qui tam* complaint, contact TIGTA Office of Chief Counsel for guidance and coordination with DOJ.