IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIESHA DANIELLE LEWIS,                    )
                                          )    Case No. 8:20-cv-00494-TDC
              Plaintiff,                  )
                                          )
       v.                                 )
                                          )
DEPARTMENT OF TREASURY, *et al*.,         )
                                          )
              Defendants.                 )
_____ )

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

The Defendants reply in support of their Motion to Dismiss, or in the alternative, Motion

for Summary Judgment.  Defendants Department of Treasury (Department), Internal Revenue

Service (Service), Treasury Inspector General for Tax Administration (TIGTA), and Bureau of

Engraving and Printing (BEP) (collectively, "Treasury Defendants") moved to dismiss the claims

asserted by Plaintiff Kiesha Lewis under Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim upon which relief can be granted, or in the alternative, for summary judgment.

Defendant Department of Veterans Affairs (the VA) moved to dismiss the claims asserted by

Plaintiff under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, or in the

alternative, for summary judgment.

**I.    Summary judgment should be granted for TIGTA as to Lewis's First Cause of
       Action because TIGTA is properly withholding the twenty-two (22) pages in part
       and four (4) pages in full under FOIA exemptions, and the Privacy Act prohibits
       disclosure.**

Lewis seeks relief under the FOIA and Privacy Act for requests she made to TIGTA related

to TIGTA Case Numbers TRN-1611-0623 and TRN-1701-0215, as well as requests made for the

HR Connect Audit Log Information.  Doc. No. 27 at 1.  TIGTA assigned these Request Numbers

2017-FOI-00102 and 2020-FOI-00023.  Doc. No. 27-2 at 4–5.  In response to Request Number 2017-FOI-00102, TIGTA located one hundred thirty-eight (138) total pages responsive to her request, releasing one hundred twelve (112) pages in full and twenty-two (22) pages in part.  Doc. No. 40-4, ¶ 7; Doc. No. 20-5 at 11.  TIGTA withheld the twenty-two (22) pages in part and four (4) pages in full consisting of two records under FOIA Exemptions 6 and 7(C).  Doc. No. 40-4, ¶ 8; Doc. No. 20-5 at 11.  TIGTA did not receive an appeal from Lewis.  Doc. No. 40-4, ¶ 10.

TIGTA received a second request for the same records, assigned this Request Number 2020-FOI-00023, and determined it was a duplicate of Request Number 2017-FOI-00102.  Doc. No. 40-4, ¶¶ 11–13.  TIGTA alerted Lewis that the request was a duplicate and provided her with a copy of its response to Request Number 2017-FOI-00102.  *Id.,* ¶ 15; Doc. No. 20-5 at 27.  Lewis emailed TIGTA, seeking reconsideration of TIGTA's determination to withhold documents.  Doc. No. 40-4, ¶ 16; Doc. No. 20-5 at 32.  Construing this as an appeal, TIGTA affirmed the prior determination in Request Number 2017-FOI-00102 to withhold four (4) pages in full and twenty-two (22) pages in part under FOIA Exemptions 6 and 7(C) and the Privacy Act.  *Id.*, ¶¶ 17–19.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Cases under the FOIA are decided on summary judgment and may be granted based only on agency affidavits if they are sufficiently detailed and are submitted in good faith.  *See, e.g., Am. Mgmt. Servs., LLC, v. Dep't of the Army*, 703 F.3d 724, 733 (4th Cir. 2013) (citing *Spannaus v. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987); *Wickwire Gavin P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004).  Such affidavits or declarations receive "a presumption of good faith, which cannot be rebutted by purely speculative claims . . .." *Goldner v. Soc. Sec. Admin.*, 293 F.

Supp. 3d 540, 544 (D. Md. 2017) (quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200, (D.C. Cir. 1991)).  Courts can review the documents at issue *in camera*, however, "When the agency meets its burden by means of affidavits, *in camera* review is neither necessary nor appropriate."  *Hayden v. Nat'l Sec. Agency/ Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).

TIGTA publicly filed the Declaration of Alexis Turner and the Declaration of John Kirk to assert FOIA Exemptions 6 and 7(C).  Doc. No. 40-4; Doc. No. 40-5.  TIGTA also submitted the responsive documents to the Court for *in camera* review of the claimed FOIA Exemptions.  Doc. No. 41Lewis has failed to rebut the presumption courts accord the declarations as she includes no challenge to the declarations or to TIGTA's assertion of FOIA Exemptions, nor has she alleged a lack of bad faith.  Doc. No. 43 at 1.  Thus summary judgment for TIGTA is appropriate. *Am. Mgmt Servs*, 703 F.3d at 733; *Goldner*, 293 F. Supp. 3d at 544.

Even so, TIGTA's withholding of responsive records was proper.  TIGTA properly asserted Exemption 6 to withhold a third party's name, address, office, post of duty, potential conduct violations, and internal reference numbers.  Doc. No. 40-4, ¶¶ 25–31.  This information applies to a particular individual, and therefore, the information withheld is in personnel, medical, or similar files such that it satisfies the initial inquiry into whether records were properly withheld. *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 332 (4th Cir. 2016); *Goldner*, 293 F. Supp. 3d at 546 (citing *U.S. Dep't of States v. Washington Post Co.*, 456 U.S. 595, 600 (1982)).  As to the second inquiry, government employees "have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment."  *Neely v. FBI*, 208 F.3d 461, 464–65 (4th Cir. 2000). Additionally, disclosing the third party's name, address, office, post of duty, potential conduct

3

violations, and internal reference numbers would serve no cognizable public interest.  *Id.*; *Solers*, 827 F.3d at 333.  As a result, the Court should find that TIGTA has properly withheld the four (4) pages in full and twenty-two (22) pages in part under FOIA Exemption 6.

TIGTA also properly asserted Exemption 7(C) to withhold the four (4) pages in full and twenty-two (22) pages in part.  For Exemption 7(C) to apply, (1) the withheld records must be compiled for law enforcement purposes and (2) disclosing them "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  For Exemption 7(C), the second part of the test is like the analysis applied for the application of Exemption 6, as both require the Court to balance the public interest in disclosure with the individual's interest in privacy.  *Solers*, 827 F.3d at 332.  The withheld records were compiled for law enforcement purposes because Lewis submitted complaints to TIGTA, which has law enforcement authority, alleging criminal violations or administrative misconduct by an employee of the Internal Revenue Service, and these records were compiled by TIGTA during an investigation.  Doc. No. 40-4, ¶¶ 21, 26, 33–36; 5 U.S.C. App. 3 § 8D; Doc. No. 40-5, ¶ 3; *see also FBI v. Abramson*, 456 U.S. 615, 622 (1982).  As to the second inquiry, the third party has a substantial privacy interest in protecting this information from disclosure, while little or no public interest exists.  *See* Doc. No. 40-1, § II.B.ii.  Having balanced the public's interest against the private interests of the individuals and determined that the public's interest does not outweigh the individuals' interest.  Doc. No. 40-4, ¶¶ 37–40.  Moreover, it reasonably segregated all exempt records or portions of records from non-exempt records or portions of records.  *Id.*, ¶ 24.  For these reasons, the Court should find that TIGTA has properly withheld the four (4) pages in full and twenty-two (22) pages in part under FOIA Exemption 7(C).

Finally, the Privacy Act prohibits TIGTA from disclosing the four (4) pages withheld in full and twenty-two (22) pages withheld in part. Unless authorized by the Privacy Act, "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b); *see also Goldstein v. Treasury Inspector Gen. for Tax Admin. (TIGTA)*, 172 F. Supp. 3d 221, 235 (D.D.C. 2016). While Lewis's complaints appear to have launched the TIGTA investigation and the generation of the responsive documents, this does not mean the documents are "about" Lewis or that they "pertain" to her. *Goldstein*, 172 F. Supp. 3d at 235. The employee identified in Lewis's TIGTA complaint and later requests did not consent to the release of TIGTA's investigative files. Doc. No. 40-4, ¶¶ 44–46. Even if the records were about Lewis, "when materials pertain to both a Privacy Act requester and a third party from whom consent has not been obtained, the Privacy Act's prohibition on disclosure 'must take precedence.'" *Goldstein*, 172 F. Supp. 3d at 235 (citing *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1121 n.9 (D.C. Cir. 2009)). Because Plaintiff has not obtained the consent of the third-party employee to whom the records pertain, these records may not be disclosed under the Privacy Act. *Id.* For these reasons, the Court should grant summary judgment for TIGTA. *Id.*

## II.    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE VA AS MOOT.

The Court should dismiss Plaintiff's claims against the VA as moot because there is no longer a justiciable case or controversy. The VA re-produced the single-page record at issue without redactions on November 3, 2021, and Plaintiff agrees that the VA has now produced the information she sought.

Plaintiff does not challenge that her claims against the VA are moot.  Likewise, Plaintiff does not dispute that damages are unavailable under FOIA or the VA's assertion that Plaintiff has not alleged sufficient facts to support monetary damages under the Privacy Act.  As such, Plaintiff concedes these arguments by not addressing them in her opposition.  *See, e.g., Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) (treating issue as conceded where plaintiff's opposition did not respond to defendant's argument in summary judgment motion); *Johnson v. Nationstar Mortgage, LLC*, No. 14–02536, 2014 WL 5377636, at *2 n. 2 (D. Md. Oct. 21, 2014) (dismissing claim, in part, because plaintiff failed to respond to defense arguments raised in its motion to dismiss).

Plaintiff appears to seek attorney fees or "reasonable litigation/case filing fees."[1]  *See* Opp. at 2-4.  Nevertheless, Plaintiff's pending request for fees or costs does not change the analysis because such request may be considered separately from the merits of her claim.  Notwithstanding a request for fees, courts have found FOIA actions moot when an agency has disclosed the documents requested by a plaintiff.  *See Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676-77 (7th Cir. 2009); *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1385 (10th Cir. 1993) (plaintiff's FOIA claims were moot even though the issue of attorney's fees remained unresolved).  Indeed, courts consider costs separately from the merits of a claim.  *See Cornucopia Inst.*, 560 F.3d at 676-77.  As such, despite Plaintiff's pending request for

---

[1] The VA notes that Plaintiff's *pro se* status precludes any award for attorney fees.  *See, e.g., Benavides v. Bureau of Prisons,* 993 F.2d 257, 258-59 (D.C. Cir. 1993), *cert. denied,* 510 U.S. 996 (1993) (denying award of attorney fees for *pro se* litigant in a FOIA action); *Wolfel v. United States,* 711 F.2d 66, 68 (6th Cir. 1983) (same); *Clarkson v. IRS,* 678 F.2d 1368, 1371 (11th Cir. 1982) (same); *Cunningham v. FBI,* 664 F.2d 383, 388 (3d Cir. 1981) (same); *Barrett v. Bureau of Customs,* 651 F.2d 1087, 1090 (5th Cir. 1981) (same).

reimbursement of fees or costs, the Court should, nevertheless, dismiss her claims against the VA

as moot and address, if need be, her claim for costs separately at the appropriate time.[2]

### III.     Lewis's Privacy Act claims should be dismissed under Rule 12(b)(6), or in the alternative, summary judgment should be granted.

A complaint must "state a claim to relief that is plausible on its face" to survive a motion

to dismiss under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8.  To be facially plausible, a

complaint must contain enough facts that would permit a court to infer that the defendant is liable

for the alleged misconduct.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other

words, "[t]he plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility

that a defendant has acted unlawfully.'  *Id.*   It requires the plaintiff to articulate facts, when

accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."  *Francis*

*v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (quoting *Iqbal*, 550 U.S. at 678).

Lewis has asserted several Privacy Act claims under 5 U.S.C. § 552a(g)(1)(C) and 5 U.S.C.

§ 552a(g)(1)(D).  To succeed on a § 552a(g)(1)(C) claim, Lewis must establish that:

> (1) [she] has been aggrieved by an adverse determination; (2) the [agency] failed to
> maintain [her] records with the degree of accuracy necessary to assure fairness in
> the determination; and (3) the [agency's] reliance on the inaccurate records was
> the proximate cause of the adverse determination . . ..

*Gard v. U.S. Dep't of Educ.*, 789 F. Supp. 2d 96, 106 (D.D.C. 2011) (quoting *Chambers v. Dep't*

*of Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009)).  Section 552a(g)(1)(D), in contrast, is a "catch-

all" provision, creating civil causes of action for violations not otherwise described in §§

---

[2] Assuming Plaintiff could prove that she "substantially prevailed" in this action for purposes of 5 U.S.C. § 552a(4)(E), and assuming further she could prove eligibility and entitlement to reimbursement of costs, it is unclear exactly which expenditures Plaintiff seeks reimbursement and whether such expenditures could be recovered.

552a(g)(1)(A)–(C).  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007) (citing

*Doe v. Stephens*, 851 F.2d 1457, 1463 (D.C. Cir. 1988)).  Only monetary damages are available

under § 552a(g)(1)(D); a plaintiff cannot obtain declaratory or injunctive relief.  *Id.*  For her §

552a(g)(1)(D) claims, Lewis must show:

> (1) the agency violated another provision of the Privacy Act, (2) the violation was intentional or willful, and (3) the violation had an adverse effect on [Lewis].

*Dick v. Holder*, 67 F. Supp. 3d 167, 177 (D.C. Cir. 2014) (citing *Paige v. Drug Enf't*

*Admin.*, 665, F.3d 1355, 1358–59 (D.C. Cir. 2012)).

## A. Lewis's Privacy Act claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because the agencies have not waived sovereign immunity.

For claims under both § 552a(g)(1)(C) and § 552a(g)(1)(D), Lewis may only prevail if she

proves that an agency violated the provisions intentionally or willfully.  *Gard v. U.S. Dep't of*

*Educ.*, 789 F. Supp. 2d 96, 105 (D.D.C. 2011).  In her Complaint, Lewis fails to allege that the

agencies acted intentionally or willfully.  Doc. No. 28; Doc. No. 37.  Nor does she affirmatively

allege intentional or willful behavior in her response, alluding only that intent could be determined

in discovery.  Doc. No. 43.  But without claims of intentional behavior, the agencies have not

waived sovereign immunity under the Privacy Act and the Court lacks jurisdiction, and therefore,

her Privacy Act claims should be dismissed for lack of jurisdiction.  *In re U.S. Off. of Pers. Mgmt.*

*Data Sec. Breach Litig.*, 928 F.3d 42, 62 (D.C. Cir. 2019); *Gard*, 789 F. Supp. 2d at 105.

## B. Lewis's Fifth Cause of Action should be dismissed for failure to state a claim under Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Service.

Lewis's Fifth Cause of Action asserts a claim against the Service under 5 U.S.C. §

552a(g)(1)(C) for failure to update her agency separation records.  Doc. No. 37, ¶ 5.  Specifically,

Lewis alleges that the Service failed to timely generate her form SF-50, and she believes her email

address has been improperly kept active.  Doc. No. 28 at 6–7; Doc. No. 27-2 at 36–48.  Lewis now admits that her "resignation paperwork was processed promptly," including that she did receive her SF-50, even if later than she anticipated.  Doc. No. 43 at 5.  She still also fails to allege that she has been aggrieved by an adverse *determination*, and therefore, her claim should be dismissed. *Gard v. U.S. Dep't of Educ.*, 789 F. Supp. 2d 96, 106 (D.D.C. 2011).

Lewis claims that she was not considered for other federal jobs because she did not submit an SF-50.  Doc. No. 43 at 6.  Even assuming her failure to obtain federal employment is considered an "adverse determination" for Privacy Act purposes,[3] Lewis admits that the Service promptly processed her resignation paperwork.  Doc. No. 43 at 5.  Lewis does not rebut that the Service generated her SF-50 in accordance with Service procedures.  *Compare* Doc. No. 40-7, ¶ 5 *with* Doc. No. 43 at 5.  Nor does she believe her SF-50 was incorrect or inaccurate.  Doc. No. 43 at 5.  While she states that the Service did not accurately maintain her records, the basis for this assertion is that she did not *receive* her SF-50 immediately, not that the Service failed to generate or maintain the record.[4]  Doc. No. 43 at 6.  Whether or not the Service accurately maintained her records is a question of law, and therefore the Court need not her assertion as true.  *See, e.g.*, *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021).  Her response contains no information about the

---

[3] This determination relates to her employment disputes.  While the Civil Service Relief Act (CSRA) does not always preempt the Privacy Act, "the Privacy Act is not to be used as an end run around the comprehensive remedial scheme created by the CSRA to address federal employment disputes."  *Gard v. U.S. Dept. of Educ.*, 789 F. Supp. 2d 96, 106 (D.D.C. 2011) (citing *Hubbard v. EPA*, 809 F.2d 1, 5 (D.C. Cir. 1986).

The USAJOBS website contemplates that applicants would not have immediate access to an SF-50, and contains a link to the National Archives website for applicants to request their SF-50s. *See, What types of documents might I need to Provide?*, USAJOBS, https://www.usajobs.gov/Help/faq/application/documents/.  The United States Office of Personnel Management (OPM) also contains this information.  *See, Classification*, OPM, https://www.opm.gov/faqs/QA.aspx?fid=d2dc8952-41ec-434a-ac7e-bcb6ee8206ba&pid=be5df882-1dc5-4f6f-9a17-d1a9d29d057e.

allegations surrounding her email account and does not contest the Service's assertions that her email account was properly maintained. *Id.* at 5–6.

This is not a cognizable Privacy Act claim under 5 U.S.C. § 552a(g)(1)(C). For both her SF-50 and her email, the Service has maintained her records with the required accuracy. As a result, because she does not contest that these records were accurate, no agency could have relied on *inaccurate* records for any adverse determinations, and the Service is entitled to summary judgment on this cause of action. *Gard*, 789 F. Supp. 2d at 106.

      C.  <u>Lewis's Eighth Cause of Action should be dismissed for failure to state a claim under Rule 12(b)(6), or in the alternative, summary judgment should be granted for the BEP.</u>

In her Eighth Cause of Action, Lewis asserted a claim against BEP under 5 U.S.C. § 552a(g)(1)(D) for an alleged failure to provide the appropriate Privacy Act Statement under 5 U.S.C. § 552a(e)(3) before soliciting her social security number, address, email address, and date of birth. Doc. No. 37, ¶ 8. The Privacy Act requires an agency to inform an individual whom it asks to supply information (1) the authority which authorizes the solicitation of the information and whether disclosure is mandatory or voluntary; (2) the principal purpose for which the information is to be used; (3) the routine uses which may be made of the information; and (4) any effect on the individual (if any) of not providing the requested information. 5 U.S.C. § 552a(e)(3). To succeed on a claim under § 552a(e)(3) and § 552a(g)(1)(D), Lewis must prove that BEP failed to notify her of the principal purpose of the solicitation, that BEP's failure harmed her, and that BEP willfully or intentionally violated this provision. *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31, 44 (D.D.C. 2009) (citing *Cardamone v. Cohen*, 241 F.3d 520, 529 (6th Cir. 2001).

In her response, Lewis does not contest that she was notified of the principal purpose of the solicitation. Doc. No. 43 at 6–9. She also concedes that the "adverse impacts" she alleged in

her Complaint were not committed by BEP.  *Id.* at 7.  Nor does she allege that BEP willfully or

intentionally violated § 552a(e)(3).  *Id.* at 6–9.  Consistent with *Ashcroft*, Lewis therefore has not

adequately pleaded a cause of action, and the Court should dismiss this count against BEP.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007)).  Even so, Lewis's own submissions prove that BEP *did* notify her of the principal purpose

of the solicitation of her personal information.  Doc. No. 27-2 at 74–75.  Contractors are also

statutorily required to provide their Social Security Numbers to the Federal Agencies with which

they work.  31 U.S.C. § 7701(c); 26 U.S.C. § 6109.  The BEP is directed by statute to use her

Social Security Number to verify that records are kept accurate.  31 U.S.C. § 7701(c).  So because

BEP *did* notify Lewis of the principal purpose of collecting her information, summary judgment

should be granted for the BEP.  *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31, 44 (D.D.C. 2009)

(citing *Cardamone v. Cohen*, 241 F.3d 520, 529 (6th Cir. 2001).

> ### D. Lewis's Ninth Cause of Action should be dismissed for failure to state a claim under Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Service.

For her Ninth Cause of Action, Lewis asserts a Privacy Act claim against the Service

under 5 U.S.C. § 552a(g)(1)(D) for allegedly accessing and modifying her USAJOBS account.

Doc. No. 37, ¶ 9.  She believes that the Service violated 5 U.S.C. § 552a(b), which prohibits

agencies from disclosing any Privacy Act records to third parties.  Doc. No. 28 at 11.  To succeed

on this claim, there must be a "record" and it must be maintained in a "system of records."  *See,*

*e.g.*, *Paige v. Drug Enf't Admin.*, 665 F.3d 1355, 1359 (D.C. Cir. 2012).

Lewis maintains that the Treasury "does manage and operate" a portion of USAJOBS.

Doc. No. 43 at 9.  USAJOBS is not a system of records under the control of the Service, and the

Service's access to some features of it does not give it control.  USAJOBS is, instead, a system of

records under the control of the United States Office of Personnel Management (OPM). *See, Privacy Impact Assessment for USAJOBS*, OPM, https://www.opm.gov/information-management/privacy-policy/privacy-policy/usajobs-pia.pdf. The Service has access to the USA Staffing hiring system to process applications submitted to USAJOBS in response to job announcements from the Service. Doc. No. 40-7, ¶ 16. Even so, the information retrieved by the Service is not retrieved by any personal identifier: rather, the Service retrieves information based on responses to a job announcement. *Id.*, ¶¶ 17–18. Thus, because the Service does not retrieve individual information by reference to a personal identifier, USAJOBS is not a system of records under the control of the Service. *Henke v. U.S. Dep't of Com.*, 83, F.3d 1453, 1460–61 (D.C. Cir. 1996). Because USAJOBS is not a system of records under the control of the Service, Lewis cannot prove a violation of the Privacy Act by the Service. *Paige*, 665 F.3d 1359. Her Nineth Cause of Action should therefore be dismissed, or in the alternative, summary judgment should be granted for the Service. *Id.*

   E.   Lewis's Eleventh Cause of Action should be dismissed for failure to state a claim under Rule 12(b)(6), or in the alternative, summary judgment should be granted for the Service.

Lewis's Eleventh Cause of Action asserts a Privacy Act claim against the Service under 5 U.S.C. § 552a(g)(1)(C) for failing to process her "Fresh Start Application." Doc. No. 37, ¶ 11. Her response now alleges that she believed the Service denied her application when they sent her an "Intent to Levy" letter.[5] Doc. No. 43 at 11. Yet she provides no basis, and the undersigned cannot find any legal authority, to support her assertion that this was a constructive denial. *See, generally,* Doc. No. 43. Even so, her response makes clear that this is an attempt to challenge the

---

[5] The undersigned is prohibited by 26 U.S.C. § 6103 from discussing the results of Lewis's application. *See* Doc. No. 40-1 at 20, Footnote 3.

Service's collection of her tax liability, specifically the Service's decision to send her an "Intent to Levy" letter.  Doc. No. 43 at 11.  The Service provides administrative remedies for recipients of a Notice of Intent to Levy, specifically, the right to request an appeal under the Collection Appeals Program.  *See,* *Understanding* *Your* *CP504* *Notice*, IRS, https://www.irs.gov/individuals/understanding-your-cp504-notice.  To the extent she attempts to challenge her tax liability through the Privacy Act, the Court lacks jurisdiction.  26 U.S.C. § 7852(e); *see also* Doc. No. 40-1 at 21.

      F.   <u>Lewis's Twelfth Cause of Action should be dismissed for failure to state a claim under Rule 12(b)(6), or in the alternative, summary judgment should be granted for TIGTA.</u>

Finally, in her Twelfth Cause of Action, Lewis asserts a Privacy Act claim against TIGTA under 5 U.S.C. § 552a(g)(1)(C) for allegedly removing or deleting the TIGTA complaint she filed on November 16, 2017.  Doc. No. 37, ¶ 12; Doc. No. 28 at 15.  To begin, Lewis's response seeks to assert additional claims not included in her Complaint or her Amended Complaint.  The Treasury defendants are not inclined to provide written consent for her to yet again amend the Complaint.  Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave").

Even with this purportedly new fact, Lewis cannot show that she was aggrieved by an adverse determination, and her claim should be dismissed.  *Gard v. U.S. Dep't of Educ.*, 789 F. Supp. 2d 96, 106 (D.D.C. 2011) (quoting *Chambers v. Dep't of Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009)).  She explains, instead, that the investigation was delayed, rather than terminated.  Doc. No. 28 at 16; Doc. No. 43 at 13.  She does not allege that any adverse determination occurred, nor does she claim that the delay *caused* an adverse determination.  *Id.*  She acknowledges that the complaint was processed.  Doc. No. 43 at 13.  A delay, as she contends here, is not an adverse

13

determination.  *See* OPM Guidelines, 40 Fed. Reg. at 28,969 ("An adverse action is one resulting in the denial of a right, benefit, entitlement, or employment by an agency which the individual could reasonably have been expected to have been given if the record had not been deficient."). "It would make little sense to hold an agency liable for noncompliance with subsection (e)(5) . . . if the agency either makes no determination at all or makes an adverse determination without using the disputed record." *Deters v. U.S. Parole Comm'n,* 85 F.3d 655, 660–61 (D.C. Cir. 1996).  For these reasons, the Twelfth Cause of Action should be dismissed for failure to state a claim.

Furthermore, Lewis now seems to drop her claim that the complaint was "removed or deleted." *Compare* Doc. No. 37, ¶ 12 and Doc. No. 28 at 15 *with* Doc. No. 43 at 12–13.  Instead, she alleges the agency failed to follow what she believes to be the appropriate operating procedures.  Doc. No. 43 at 13.  Still, to prevail on her claim, Lewis must prove that TIGTA's reliance on an alleged inaccurate record proximately caused her adverse determination.  *See, e.g.*, *McCready v. Nicholson*, 465 F.3d 1, 10 (D.C. Cir. 2006).  TIGTA demonstrated that it has accurately maintained her records, and so reliance on inaccurate records could not have proximately caused any adverse determination she could identify.  Doc. No. 40-5, ¶ 10: Exhibit A. Thus, summary judgment should be granted in favor of TIGTA.

## Conclusion

TIGTA is properly withholding documents under FOIA Exemptions 6 and 7(C).  Thus, summary judgment should be granted for TIGTA as to the First Cause of Action.  Lewis's claims against the VA are moot, and therefore the Court should dismiss Plaintiff's Third Cause of Action or grant summary judgment for the VA.

For her remaining Privacy Act claims, despite amending her complaint, Lewis still fails to allege facts, specifically willfulness or intent, that support a waiver of sovereign immunity, and

therefore, her Privacy Act claims against the Treasury Defendants should be dismissed for lack of subject matter jurisdiction.  Yet even if she could establish sovereign immunity, Lewis fails to state Privacy Act claims upon which relief may be granted and therefore her remaining Privacy Act claims should be dismissed, or summary judgment should be granted for the Treasury Defendants.

Dated: February 15, 2022                              Respectfully submitted,

                                                      DAVID A. HUBBERT
                                                      Deputy Assistant Attorney General


                                                      /s/ Emily K. Miller
                                                      EMILY K. MILLER (Ky. Bar No. 97725)
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      P.O. Box 227
                                                      Washington, D.C.  20044
                                                      202-353-7509 (v)
                                                      Emily.K.Miller@usdoj.gov
                                                      Counsel for the Treasury Defendants

                                                      Erek L. Barron
                                                      United States Attorney

                                                      /s/
                                                      REBECCA A. KOCH (Bar No. 802108)
                                                      Assistant United States Attorney
                                                      6406 Ivy Lane, Suite 800
                                                      Greenbelt, Maryland 20770
                                                      Telephone: 301-344-4433
                                                      Facsimile: 410-962-2310
                                                      Rebecca.Koch@usdoj.gov
                                                      Counsel for the VA

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

KIESHA D. LEWIS
2305 Prima Way
Bowie, Maryland 20721
*Plaintiff*

/s/
REBECCA KOCH
Assistant United States Attorney