IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIESHA DANIELLE LEWIS, ) | |
| ) | Case No. 8:20-cv-00494-TDC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEPT. OF TREASURY, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TIGTA'S MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)(6)**

On July 21, 2022, the Court granted in part and denied in part the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. Doc. No. 46. The Court ordered the Treasury Inspector General for Tax Administration (TIGTA) to disclose certain specified information to Plaintiff Kiesha Lewis within fourteen days. *Id.* The Court identified this information as "the third category of information, consisting of internal tracking numbers, information on the administrative processing and status of the complaint and investigation, and standard form instructions." Doc. No. 45 at 11.

TIGTA requests for relief from this Court's order so that it can provide the Court with additional contextual facts and materials. To accomplish this, TIGTA anticipates either filing a motion for reconsideration pursuant to Rule 59(e) and/or Rule 60(b)(1), or a motion for leave to submit in camera additional declarations and possibly supplemental briefing. TIGTA notes that the Court's third category of records contains detailed information from law enforcement records that pertain to a third party individual. Doc. No. 41-1; Doc. No. 41-2; Doc. No. 41-3. Disclosing this information will harm TIGTA's law enforcement interests, and it hopes to have the chance to more fully describe to the Court why and how. TIGTA posits that certain facts about its

1

investigative process has been explained mostly in the declarations described in other FOIA cases in which it has been a defendant, and the Court should have the benefit of those facts as applicable in this case. For example, TIGTA officials filed and/or submitted to chambers in *Goldstein v. Treasury Inspector Gen. for Tax Admin. (TIGTA)*, Case No. 1:14-cv-2189 (D.D.C.) (Doc. No. 19-3, *Declaration of Darlene R. Fulton*; Doc. No. 19-8; *Declaration of Elissa Sissman*, Doc. No 39-1, *Declaration of Timothy P. Camus*).

For these reasons, TIGTA anticipates filing a motion for reconsideration of the Court's order denying summary judgment or the motion for leave to submit materials in camera. Both motions require declarations from TIGTA officials and review from multiple individuals at both TIGTA and the Department of Justice. As a result, either motion could not be reviewed and approved for filing prior to the Court's deadline for TIGTA to disclose the records.

Thus, TIGTA requests relief from the Court's order Doc. No. 46, instructing it to disclose the disputed records to Lewis by no later than August 4, 2022, pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) states that a court may relieve a party from a court order for any reason that justifies relief. Only "extraordinary circumstances" will support a successful motion under this rule. *Kemp v. United States*, 142 S.Ct. 1856 (2022); *see also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). Such "extraordinary circumstances" are present here.

TIGTA anticipates filing a motion for reconsideration pursuant to Rule 59(e) and/or Rule 60(b)(1), or a motion for leave to submit supplemental materials, including declarations, *in camera*. That procedure gives TIGTA at least twenty-eight days from the date of the order (or until August 18, 2022) by which to file such motion. Fed. R. Civ. P. 59(e) and 60(c)(1). This motion would seek to protect the very information the Court has ordered TIGTA to disclose by August 4, 2022. If TIGTA is required to comply with the Court's order, the information will have been released and TIGTA will have lost its opportunity to seek reconsideration. To the

contrary, no such permanent damage will befall Lewis if the Court grants TIGTA this relief. The records can always be released to Lewis later, but they can never be clawed back.

    Therefore, TIGTA requests the Court grant relief from its order entered July 21, 2022, requiring TIGTA to disclose specified information on or before August 4, 2022. Doc. No. 46. The undersigned has conferred with Lewis and Lewis objects to the relief sought.

Dated: August 2, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER (Ky. Bar No. 97725)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
Emily.K.Miller@usdoj.gov
*Counsel for the Treasury Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it. Additionally, I hereby certify that on the same date I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

KIESHA D. LEWIS
2305 Prima Way
Bowie, Maryland 20721
KieshaLewis@hotmail.com
*Plaintiff*

                    */s/ Emily K. Miller*
                    EMILY K. MILLER (Ky. Bar No. 97725)
                    Trial Attorney, Tax Division
                    U.S. Department of Justice