IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIESHA DANIELLE LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPT. OF TREASURY, *ET AL.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 8:20-cv-00494-TDC |

**MEMORANDUM OF LAW IN SUPPORT OF
TIGTA'S MOTION FOR RECONSIDERATION**

The Treasury Inspector General for Tax Administration (TIGTA) hereby submits this memorandum of law in support of its motion for reconsideration as to the Court's denial of summary judgment.[1]

**Background**

Kiesha Lewis, is a former independent contractor for agencies within the Department of Treasury, sent over thirty requests for various records to Treasury agencies. Lewis then sued under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, over several of these requests. Doc. No. 1. The Court has now dismissed all of Lewis's claims, except for Count I as it pertains to FOIA requests made related to TIGTA Request Numbers 2017-FOI-00102 (Doc. No. 27-2 at 4) and 2020-FOI-00023 (Doc. No. 27-2 at 5). Doc. No. 45 at 7–11; Doc. No. 46.

---

[1] Contemporaneously with this motion, the Treasury Inspector General for Tax Administration (TIGTA) has filed a motion for leave to submit two supplemental declarations for the Court's *in camera* review. Simultaneously, with the public filing of its motion for leave to submit the two declarations *in camera*, TIGTA is filing *ex parte* the two declarations.

1

The Freedom of Information Act (FOIA) "was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The FOIA provides an avenue for public access to official information, and the FOIA establishes a "judicially enforceable public right to secure such information." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

Yet Congress also recognized that public interest does not always support public disclosure and provided nine exemptions under which an agency may withhold records from disclosure. *Am. C. L. Union v. U.S. Dep't of Def.*, 628 F.3d 612, 618 (D.C. Cir. 2011) (*citing C.I.A. v. Sims*, 471 U.S. 159, 166–67 (1985)). These numerated exemptions do not obscure the broad provisions favoring disclosure but establish a balance between the public's right to information and the Government's need to protect certain information. *Rose*, 425 at 361; *John Doe Agency v. John Doe Corp.*, 493 US. 146, 150 (1989).

**The Court should reconsider its order and grant summary judgment for TIGTA because TIGTA is properly withholding the "third category" of information pursuant to FOIA exemptions, and the Privacy Act prohibits disclosure.**

In response to Lewis's FOIA Requests, TIGTA located one hundred thirty-eight (138) total pages responsive to her request, releasing one hundred twelve (112) pages in full and twenty-two (22) pages in part. Doc. No. 40-4, ¶ 7. TIGTA withheld only four (4) pages in full. *Id.* TIGTA withheld the twenty-two (22) pages in part and four (4) pages in full, consisting of two records, under FOIA Exemptions 6 and 7(C). *Id.*, ¶ 8. Upon Lewis's request for reconsideration, TIGTA affirmed this determination to withhold four (4) pages in full and twenty-two (22) pages in part under FOIA Exemptions 6 and 7(C) and the Privacy Act. *Id.*, ¶¶ 17–19.

The Court reviewed all 134 pages of responsive records *in camera* and determined that the withheld information could be separated into three categories:

1. Personally identifiable information (PII) related to the third party, which the Court found TIGA properly withheld;

2. Descriptions of the alleged violation, which the Court found TIGTA properly withheld; and

3. Information that "may shed light on the agency's commitment to processing internal complaints," which the Court found included "internal tracking numbers, information on the administrative processing and status of the complaint and investigation, and standard form instructions" and ordered TIGTA to disclose to Lewis.

Doc No. 45 at 9–11. TIGTA now moves for reconsideration of the Court's order to disclose to Lewis the records representing this "third category" of information.

Parties can also seek reconsideration under Fed. R. Civ. P. 60(b). In FOIA cases, where the government presents additional declarations after an initial judgment Courts typically consider the motion under Rule 60(b)(6). *Nat'l Pub. Radio, Inc. v. Fed. Bureau of Investigation*, 539 F. Supp. 3d 1, 8 (D.D.C. 2021); *People for the Ethical Treatment of Animals (PETA) v. U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 355 (D.C. Cir. 2018); *Piper v. Dep't of Just.*, 374 F. Supp. 2d 73, 78 (D.C. Cir. 2005). Motions under Rule 60(b) permit the government to present additional evidence, even if that evidence were previously available, when the case involves both the interests of the government and the interests of a third party protected by the FOIA. *Comput. Pro. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996); *PETA*, 901 F.3d at 355; *Piper*, 374 F. Supp. 2d at 78. Injury to a third party from a FOIA disclosure provides grounds for the Court to find "manifest justice" under Rule 60(b)(6). *PETA*, 901 F.3d at 355.

TIGTA moved for summary judgment, providing briefing, declarations, and explanations to establish that the materials were properly withheld. Doc. No. 40. Lewis provided no meaningful

argument to contradict this argument; her full response was less than one typed line. Doc. No. 43 at 1 ("I defer to the Court's ruling if the stated FOIA exemptions apply to these records."). Agency declarations describing the justifications for withholding information are entitled to a presumption of good faith, on which the Court can rely solely when granting summary judgment. *Bagwell v. U.S. Dep't of Just.*, --F. Supp. 3d—2022 WL 602448, at *3 (D.D.C. Mar. 1, 2022). And in deferring to the Court without more, Lewis failed to rebut the presumption of accuracy and good faith Courts accord agency records. *See, e.g.*, *S. Poverty L. Ctr. v. Internal Revenue Serv.,* --F. Supp. 3d--, 2022 WL 703934, at *2 (D.D.C. Mar. 9, 2022); *Pub. Emps. for Env't Resp. v. Dep't of Homeland Sec.*, 575 F. Supp. 3d 34, 42 (D.D.C. 2021). The Court, however, *sua sponte* identified a public interest and found that disclosure of the "third category" of information would not constitute a clearly unwarranted invasion of personal privacy. Doc. No. 45 at 11. Because these arguments were not advanced by Lewis during briefing, TIGTA has not had a meaningful opportunity to respond. Here, the government provides two additional declarations to establish that the "third category" of information does implicate the privacy interests of the third-party employee and that there is no public interest in the information withheld.

   **I.   TIGTA is properly withholding the "third category" of information pursuant to FOIA Exemption 6.**

TIGTA withheld information under FOIA Exemption 6. "Exemption 6 covers personnel, medical, or 'similar files'" to protect such information from disclosure under FOIA. *Goldner v. Soc. Sec. Admin.*, 293 F. Supp. 3d 540, 546 (D.Md. 2017) (citing *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982)). Courts employ a two-prong test to determine whether records have been properly withheld pursuant to FOIA Exemption 6. *Id*. First, the Court looks to whether the information withheld is contained in personnel, medical, or similar files. *Id*. The Supreme Court has broadly interpreted "similar files" to include information that applies "to a particular person."

4

*Wash. Post Co.*, 456 U.S. at 599–603. Any records containing information applying to a particular individual will satisfy this threshold test for Exemption 6. *Id.*; *see also Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 332 (4th Cir. 2016). Next, the Court should determine whether release of this information would constitute a "clearly unwarranted invasion of that person's privacy" by balancing the individual's privacy interests against public disclosure. *Solers*, 827 F.3d at 332. "The public interest is served to the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* (cleaned up).

    A.  The "third category" of information applies to a particular person.

The Court has described this third category of information as "consisting of internal tracking numbers, information on the administrative processing and status of the complaint and investigation, and standard form instructions." Doc. No. 45 at 11. All this withheld information, however, is contained in a potential investigation file that applies to a third-party employee. TIGTA has publicly filed the declaration of Alexis Turner to assert that disclosure of the information in the withheld and redacted pages would be contained in personnel or similar files, specifically names, addresses, potential conduct violations, posts of duty, and internal reference numbers. Doc. No. 40-4, ¶¶ 25–31. Contemporaneously with this motion, TIGTA is also moving to submit, *in camera*, additional declarations to further describe TIGTA's process as it relates to received complaints, as well as how this information harms privacy interests. The Court found "that these entries do not disclose the substance of the allegations against the employee." Doc. No. 45 at 11. Yet whether the entries related to the substance of the allegations is not alone conclusive, particularly given the necessary context the *in camera* declarations will provide. If the withheld information is contained in personnel, medical, or similar files, it satisfies the first inquiry. *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 332 (4th Cir. 2016).

With respect to the privacy interests of individuals named in "similar files," courts have found that individuals do not waive all privacy interest merely by becoming public employees. *See Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008) (citations omitted) ("while the privacy interests of public officials are somewhat reduced' when compared to those of private citizens, 'individuals do not waive all privacy interests . . . simply by taking an oath of public office'"). The privacy interest of lower-level officials is stronger than that of senior official. *Id.* at 1026 ("we have placed emphasis on the employee's position in her employer's hierarchical structure as 'lower level officials . . . generally have a stronger interest in personal privacy than do senior officials,'" and deciding that "neither the employees' status as civil servants nor the Forest Service's disciplinary decisions strip them of their privacy interests under Exemption 6.").

The privacy interests of lower-level officials are particularly strong when disclosing the information would associate the individuals with an investigation or law enforcement records, whether or not the investigation led to disciplinary action. *See Beck v. Dep't of Just.*, 997 F.2d 1489, 1494 (D.C. Cir. 1993) (considering a case in which "there is no evidence, let alone any public knowledge, that wrongdoing has occurred," noting that "[a] requestor does not have a right to have his case decided on a hypothetical set of facts that strengthen his position," and finding that "A government employee has at least some privacy interest in his own employment records, an interest that extends to 'not having it known whether those records contain or do not contain' information on wrongdoing, whether that information is favorable or not."); *see Cotton v. Adams*, 798 F. Supp. 22, 27 (D.D.C. 1992) (citation omitted) ("Releasing the documents responsive to the Plaintiff's request would necessarily abrogate the privacy interests of the two individuals named in the FOIA request. The threat to these individuals' privacy interests is 'more palpable than [a]

mere possibility' because, by the very fact of disclosure, the records 'can be identified' as applying to one of the two named individuals.).

Lewis did not dispute this characterization. Doc. No. 43. And TIGTA now seeks to file, *in camera*, the two declarations of Deputy Inspector General for Investigations Trevor Nelson and Office of Chief Counsel Attorney Alexis Turner to further explain to the Court how and why disclosing this "third category" of information would implicate the privacy interests of the third-party employee named in the records. This individual has a particularly strong privacy interest in protecting this information, since it could associate them with investigation or law enforcement records. *Beck*, 997 F.2d at 1494.

B. Disclosing the "third category" of information would constitute a clearly unwarranted invasion of personal privacy.

Government employees "have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment." *Neely v. FBI*, 208 F.3d 461, 464–65 (4th Cir. 2000). Employees of Department of Treasury bureaus have this substantial interest. *See, e.g.*, *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 332–33 (4th Cir. 2016).; *Goldstein v. TIGTA*, 172 F. Supp. 3d 221, 230 (D.C. Cir. 2016).

Lewis does not contest, and the Court seems to agree, that there is at least some privacy interest implicated in the withheld records. Doc. No. 43 at 1; Doc. No. 45 at 11. And when the records implicate "a legitimate privacy interest," it is the burden of the *requester* to "(1) show that the public interest sought to be advanced is a significant one . . . and (2) show the information is likely to advance that interest." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir.

7

2007) (internal citations and quotations omitted).² Lewis made no such allegations. In her amended complaint, Lewis alleges only a private interest in the documents. Doc. No. 27 at 2 ("It is my belief that these documents would have supported my MSPB retaliation claims and undermine the information provided during the TIGTA investigation and in Sworn Statements given during court cases."). The Court, *sua sponte*, found that disclosure of "this information may shed light on the agency's commitment to processing internal complaints." Doc. No. 45 at 11.

However, the only relevant public interest under FOIA Exemption 6 is "the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Goldstein v. TIGTA*, 172 F. Supp. 3d 221, 231 (D.C. Cir. 2016). The interest Lewis advanced in her complaint, that the documents would have supported her MSPB retaliation claims, is not a valid public interest to be weighed in Exemption 6 balancing. *Id.*

To the extent the Court's finding that "this information may shed light on the agency's commitment to processing internal complaints" (Doc. No. 45 at 11) could be imputed to Lewis, this is still not sufficient "to tip the Exemption 6 balancing test in favor of the requester." *Goldstein*, 172 F. Supp. 3d at 232. The Court instead "must insist on a meaningful evidentiary showing" before concluding that a public interest would outweigh a private interest. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 175 (2004). No such evidentiary showing is present here. While TIGTA is authorized by statute to conduct investigative activities, nothing in the statute dictates how TIGTA must process a complaint nor does the statute address a complainant's right to access

---

² *Sussman* discusses private and public interests as they relate to the second part of the test for Exemption 7(C). *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007). The second part of the Exemption 7(C) test is identical to the analysis applied for the application of Exemption 6. *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 332 (4th Cir. 2016).

materials generated because of that complaint. 5 U.S.C. App. 3 § 8D; *see also Goldstein*, 172 F. Supp. 3d at 232 (addressing the lack of federal rights afforded to whistleblowers and determining that the lack of rights did not entitle the whistleblower to records that implicated the privacy rights of a third party). The privacy interests of those involved in TIGTA investigations clearly outweigh any "generalized public interest in fair and efficient government." *Goldstein*, 172 F. Supp. 3d at 233 (quoting *Carter v. United States*, 830 F.2d 388, 390 n. 8 (D.C. Cir. 1987)).

Additionally, TIGTA is entitled to a presumption that it complied with its obligation to disclose reasonably segregable material. *Boyd v. Crim. Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007). Lewis did not rebut this presumption. Doc. No. 43 at 1. As a result, the Court should find that TIGTA has properly withheld the four (4) pages in full and twenty-two (22) pages in part pursuant to FOIA Exemption 6.

## II. TIGTA is properly withholding "third category" of information pursuant to FOIA Exemption 7(C).

TIGTA is also withholding from disclosure "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7)(C). The series of FOIA's Exemptions under 5 U.S.C. § 552(b)(7) protect from disclosure "records or information compiled for law enforcement purposes." *Id.* The Court should apply a two-part test to find that an agency has properly withheld information under one of the law enforcement exemptions from disclosure under section 552(b)(7): (1) the withheld records must be compiled for law enforcement purposes and (2) disclosure of the requested records must cause one of the harms enumerated by statute. *Id*. For Exemption 7(C), the second part of the test is identical to the analysis applied for the application of Exemption 6. *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 332 (4th Cir. 2016).

First, the withheld records were compiled for law enforcement purposes. Lewis submitted complaints to TIGTA alleging criminal violations or administrative misconduct by an employee

of the Internal Revenue Service. Doc. No. 40-4, ¶¶ 21 and 26. Additionally, TIGTA has law enforcement authority. 5 U.S.C. App. 3 § 8D; Doc. No. 40-4, ¶¶ 33–34; Doc. No. 40-5, ¶ 3. So, because these records were compiled by an agency with criminal law enforcement authority during an investigation, these records have been "compiled for law enforcement purposes" such that they satisfy the initial inquiry under Exemption 7(C). Doc. No. 40-4, ¶¶ 35–36; *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).

Next, having found that the information was compiled for law enforcement purposes, the Court applies the same balancing test it applied for Exemption 6: whether release of this information would constitute a "clearly unwarranted invasion of that person's privacy" by balancing the individual's privacy interests against public disclosure. *Solers*, 827 F.3d at 332. As explained above, the third party has a substantial privacy interest in protecting this "third category" of information from disclosure, while little or no public interest exists. *See Supra § I*.

Furthermore, this exemption protects the privacy interests of all persons mentioned in the records, including investigators, suspects, witnesses, and informants. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007). Information related to these individuals are generally exempt from disclosure except when the requester has alleged improper government activity. *Id.* Lewis did not allege such improper activity here. Doc. No. 43 at 1. Nor did the Court identify any allegations of impropriety on behalf of TIGTA. Doc. No. 45 at 11.

TIGTA balanced the public's interest against the private interests of the individuals and determined that the public's interest does not outweigh the individuals' interest. Doc. No. 40-4, ¶¶ 37–40.[3] Moreover, it reasonably segregated all exempt records or portions of records from non-

---

[3] The supplemental *in camera* Declaration of Deputy Inspector General for Investigations Trevor Nelson; *in camera* Declaration Office of Chief Counsel Attorney Alexis Turner explain further the reasons for this.

10

exempt records or portions of records. *Id*., ¶ 24. TIGTA is entitled to a presumption that it complied with its obligation to disclose reasonably segregable material. *Boyd v. Crim. Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007). Lewis did not rebut this presumption. Doc. No. 43 at 1. For these reasons, the Court should find that TIGTA has properly withheld this "third category" of information under FOIA Exemption 7(C).

### III. The Privacy Act prohibits TIGTA from disclosing this "third category" of information.

TIGTA routinely processes under the FOIA requests for records made under both the FOIA and the Privacy act, to give the requester the greatest access to information available. Doc. No. 40-4, ¶ 42. TIGTA processed the records under the FOIA, since the FOIA would grant her greater access to the information that she requested. *Id*., ¶ 47. In any event, the Privacy Act provides that, unless authorized by the Act, "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b); *see also Goldstein v. Treasury Inspector Gen. for Tax Admin. (TIGTA)*, 172 F. Supp. 3d 221, 235 (D.D.C. 2016) (finding where the plaintiff has not obtained consent from any of the IRS Employees to whom the responsive records pertain, the records may not be disclosed). While Lewis's complaints appear to have launched the TIGTA investigation and the generation of the responsive documents, this does not mean the documents are "about" Lewis or that they "pertain" to her. *Goldstein*, 172 F. Supp. 3d at 235.

TIGTA advanced this argument in its motion for summary judgment. Doc. No. 40-1 at 8–9. The Court, however, did not address whether the Privacy Act prohibited disclosure of this information. Doc. No. 45 at 7–11. Notably, Lewis also did not contest that the Privacy Act would

prohibit disclosure of this information, stating only that she would defer to the Court's ruling as to whether the "FOIA exemptions apply to these records." Doc. No. 43 at 1.

This "third category" of information pertain to a third party, not to Lewis. *See supra,* footnotes 1 and 3. The employee identified in Lewis's TIGTA complaint and subsequent requests did not consent to the release of TIGTA's files about that employee. Doc. No. 40-4, ¶¶ 44–46. Even if the records were about Lewis, "when materials pertain to both a Privacy Act requester and a third party from whom consent has not been obtained, the Privacy Act's prohibition on disclosure 'must take precedence.'" *Goldstein*, 172 F. Supp. 3d at 235 (citing *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1121 n.9 (D.C. Cir. 2009)). Because Plaintiff has not obtained the consent of the third-party employee to whom the records pertain, these records may not be disclosed under the Privacy Act. *Id.* For these reasons, the Court should grant summary judgment for TIGTA. *Id.*

## Conclusion

As to Lewis's First Cause of Action, TIGTA is properly withholding documents under FOIA Exemptions 6 and 7(C) and under the Privacy Act. Thus, the Court should reconsider its previous order and grant summary judgment for TIGTA.

Dated: August 10, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER (Ky. Bar No. 97725)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
Emily.K.Miller@usdoj.gov
*Counsel for TIGTA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

KIESHA D. LEWIS
2305 Prima Way
Bowie, Maryland 20721
*Plaintiff*

*/s/ Emily K. Miller*
EMILY K. MILLER
Trial Attorney, Tax Division
U.S. Department of Justice