IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIESHA DANIELLE LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPT. OF TREASURY, *ET AL.*, )<br>)<br>Defendants. )<br>) | Case No. 8:20-cv-00494-TDC |

**MEMORANDUM IN SUPPORT OF TIGTA'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL MATERIAL FOR THE COURT'S *IN CAMERA* REVIEW**

The Treasury Inspector General for Tax Administration (TIGTA) submits this memorandum in support of its motion for leave to submit two supplemental declarations for the Court's *in camera* review. Submitting *in camera* rather than filing under seal is necessary because under seal typically allows a party to see that filing. But permitting FOIA plaintiffs to facts that reveal personal or other confidential facts impairs exempt from disclosure, in this case an individual's privacy. Courts nationwide have granted agencies' motions to submit *in camera* declarations and other materials explaining the sensitive facts supporting FOIA exemptions both when those Courts chose to review the disputed records and when those Courts chose not to review them. Here, TIGTA seeks permission to submit for *in camera* review only two supplemental declarations and has filed *ex parte* those declarations in connection with this motion. TIGTA is able to file *ex parte* additional materials such as a supplemental brief for its *in camera* review, if the Court wishes.

**<u>Background</u>**

TIGTA has publicly filed motions for summary judgment and declarations in as much detail as possible without thwarting any applicable exemptions from disclosure. Doc. No. 20; Doc.

1

No. 20-5 (Declaration of Alexis Turner); Doc. No. 40; Doc. No. 40-4 (Declaration of Alexis Turner); Doc. No. 40-5 (Declaration of John Kirk); Doc. No. 40-6 (Declaration of Joel Weaver). TIGTA seeks now to submit supplemental declarations *in camera* to support its motion for reconsideration and TIGTA's withholding of the "third category" of information pursuant to FOIA Exemptions 6 and 7(C). In similar FOIA cases in several jurisdictions, Courts have agreed with the agency that *in camera* submissions of wide-ranging material, including briefs, is necessary. *See, e.g., Ireland v. Internal Revenue Serv.*, No. 2:16-cv-02855, 2017 WL 1731679, at *1 (W.D. Cal. May 1, 2017) (permitting the Service to file a declaration and brief for *in camera* review and denying plaintiff's request for the Court review *in camera* the disputed records) Motion for Leave to Submit Documents *In Camera* and *Ex Parte* at 26, *Crestek, Inc., v. Internal Revenue Serv.*, No. 1:17-cv-00200-TSC (D.D.C. July 25, 2017) (granted by Minute Order); Motion for Leave to Submit Documents for the Court's *In Camera* Review at 33, *Sea Shepherd Conservation Soc'y v. Internal Revenue Serv.*, Case No. 1:13-cv-01422-ABJ (D.D.C. Sept. 4, 2015) (granted by Minute Order); Notice of *In Camera* Submission at 12, *Life Extension Found., Inc., v. Internal Revenue Serv.*, Civil No. 12-280 (RJL) (D.D.C. July 16, 2012) (the Service filed *in camera* unredacted versions of a brief, statement of undisputed material facts, and declarations, all of which were relied on by the Court to grant the Service's motion for summary judgment in *Life Extension Found., Inc., v. Internal Revenue Serv.*, 915 F.Supp.2d 174, 185–86 (D.D.C. 2013)).[1]

---

[1] Attached to this motion, please find an Appendix of these unreported FOIA cases, including the orders.

**Argument**

I. **Submitting documents *in camera*, rather than filing under seal, is necessary here.**

The Service seeks to protect the information, not just from the public, but from Lewis as well because not doing so will thwart the FOIA exemption(s) it needs to continue to assert. In many cases, filing the documents under seal would assuage privacy concerns because the public would not have access to the information. Sealing such documents and information here would protect the information only from the public, but would disclose the information to Lewis, thereby thwarting any applicable FOIA exemptions. Doc. No. 40-4, ¶ 23.

The Service has withheld the "third category" of information pursuant to FOIA exemptions 6 and 7(C). The information explained in the supplemental declarations is also protected pursuant to those same FOIA exemptions, as each of those documents contain information in which the third-party employee has a privacy interest. The FOIA statute itself specifically contemplates the need for Courts to review relevant documents *in camera*, as opposed to filing them under seal. 5 U.S.C. § 552(a)(4)(B). Disclosing to Lewis additional facts related to FOIA exemptions and how exemptions are applied to the withheld information would still thwart the FOIA exemption. Filing these documents under seal, in which both parties can view the information, harms the Service's FOIA exemptions.

II. **In FOIA cases, the Court may review the agency's evidence *in camera*.**

TIGTA filed publicly a Motion for Summary Judgment, which contained as much detail as possible without revealing the information the Service seeks to withhold in this FOIA matter. When additional detail would disclose the information the agency seeks to withhold pursuant to a FOIA exemption, the agency is not required to publicly provide such additional detail. *Life Extension Found., Inc. v. Internal Revenue Serv.*, 915 F. Supp. 2d 174, 185–86 (D.D.C. 2013).

The FOIA itself only specifically references review of the agency records; "However, the statutory authorization for *in camera* examination of records was merely a confirmation of (and perhaps encouragement to the use of) a power that the courts already possessed." *Arief v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983). Courts have approved the practice of reviewing declarations and affidavits in FOIA cases, specifically those explaining the applicability of FOIA exemptions to the disputed documents. *See, e.g. Campbell v. Dep't of Health & Hum. Servs.*, 682 F.2d 256 (D.C. Cir. 1982); *Lame v. U.S. Dep't of Justice*, 654 F.2d 917 (1981).

Courts have routinely ordered the Service to submit briefs, declarations, and other documents for *in camera* review in FOIA matters. *See, e.g., Montgomery v. Internal Revenue Serv.*, 356 F. Supp. 3d 74, 80 (D.D.C. 2019) (permitting *in camera* declarations where the Service's explanation would reveal information protected by a FOIA exemption when the Service asserted a *Glomar* response); *Life Extension Found., Inc., v. Internal Revenue Serv.*, 915 F. Supp. 2d 174, 185–86 (D.D.C. 2013) (relying on *in camera* declarations to uphold withholding documents when the Service did not assert a *Glomar* response); *Georgia-Pacific Corp. v. Internal Revenue Serv.*, Civil Action No. 05-2431 (RBW), 2008 WL 2205267, at *2 (D.D.C. 2008) (relying on *in camera* review of the disputed documents to grant the Service's motion for summary judgment when the Service did not assert a *Glomar* response); *Tax Analysts v. Internal Revenue Serv.*, 414 F. Supp. 2d 1, 5 (D.D.C. 2006) (denying plaintiff's motion for a *Vaughn* index and permitting the Service to submit materials *in camera* when the Service did not assert a *Glomar* response); *Tax Analysts v. Internal Revenue Serv.*, 97 F. Supp. 2d 13, 22 (D.D.C. 2000) (granting the Service's motion for summary judgment after reviewing materials *in camera* when the Service did not assert a *Glomar* response). Courts permitted *in camera* submissions of declarations, briefs, and other material in addition to the disputed documents including in FOIA cases in which the agencies did not assert

the *Glomar* doctrine with the exemptions. *See e.g., Life Extension Found., Inc.*, 915 F. Supp. 2d at 185–86; *Tax Analysts*, 414 F. Supp. 2d at 5.

The contents of the supplemental declarations rely heavily on facts, which, if disclosed, would frustrate the purposes of FOIA exemptions. If the Court requires TIGTA to disclose its supplemental declarations to Lewis, the secrecy of the information TIGTA seeks to withhold would be compromised. *Loving v. U.S. Dep't of Defense*, 550 F.3d 32, 41 (D.C. Cir. 2008) *Life Extension Found., Inc.*, 915 F. Supp. 2d at 185–86.

The FOIA authorizes courts to "examine the contents of . . . agency records in camera to determine whether such records or any part thereof shall be withheld under any of the [FOIA] exemptions." 5 U.S.C. § 552(a)(4)(B). The Court has broad discretion to decide whether in camera review is necessary to determine whether the agency has satisfied its burden under the FOIA. *E.g., Loving v. U.S. Dep't of Defense*, 550 F.3d 32, 41 (D.C. Cir. 2008). The Court's discretion is not limited to *in camera* review of the records at issue because the "receipt of in camera affidavits when necessary, is [also] part of a, trial judge's procedural arsenal." *Sea Shepherd Conservation Soc'y v. Internal Revenue Serv.*, 208 F. Supp. 3d 58, 82 (D.D.C. 2016); *Dutton v. United States Dep't of Justice*, 302 F. Supp. 3d 109, 119 n.3 (D.D.C. 2018) ("It is well-established that the receipt and review of *in camera* and *ex parte* declarations is permissible in the FOIA context"); *Life Extension Found., Inc. v. Internal Revenue Serv.*, 915 F. Supp. 2d 174, 185–86 (D.D.C. 2013).

Certain aspects of TIGTA's explanation for withholding the "third category" of information would reveal information that is itself protected by FOIA exemptions, and therefore, such explanation must be submitted *in camera. See, Montgomery*, 356 F. Supp. 3d at 80. In reviewing these materials *in camera,* "the Court can closely evaluate the Government's reasoning and then order as much of the materials released as is consistent with the exemption the agency

has invoked." *Id.* at 80 (citing *Roth v. Dep't of Justice*, 642 F.3d 1161, 1185 (D.C. Cir. 2011)). However, the reverse is not true. Once the documents are filed, whether publicly or under seal, the Court cannot later protect the withheld material and the explanations of the withheld material. By submitting the documents *in camera* to the Court, TIGTA may safeguard this information from Lewis and others while the Court determines whether the information should be disclosed. *Id*.

## Conclusion

In short, TIGTA requests the Court review additional declarations *in camera*. If these documents were filed publicly or disclosed to Lewis, the documents would disclose information that would thwart TIGTA's basis for withholding the documents. The documents previously filed by TIGTA on the public docket contain as much information as possible without disclosing further information protected by FOIA exemptions. Filing the documents under seal would not alleviate TIGTA's concerns, as providing the information to Lewis would also nullify the FOIA exemptions. Accordingly, TIGTA request the Court grant leave to submit *in camera* unredacted versions of two declarations to justify its motion for reconsideration and its withholding of the "third category" of information pursuant to FOIA Exemptions 6 and 7(C) and the Privacy Act.

Dated: August 10, 2022                      Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER (Ky. Bar No. 97725)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
Emily.K.Miller@usdoj.gov
*Counsel for the TIGTA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.  Additionally, I hereby certify that on the same date I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

KIESHA D. LEWIS
2305 Prima Way
Bowie, Maryland 20721
aklaltacct@gmail.com
*Plaintiff*

                                      */s/ Emily K. Miller*
                                      EMILY K. MILLER
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice