IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIESHA DANIELLE LEWIS, | ) | |
| | ) | Case No. 8:20-cv-00494-TDC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPT. OF TREASURY, *ET AL*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**APPENDIX OF UNPUBLISHED CASES TO TIGTA'S
MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL MATERIAL
FOR THE COURT'S *IN CAMERA* REVIEW**

# TABLE OF CONTENTS

***Crestek, Inc., v. Internal Revenue Serv.*, No. 1:17-cv-00200-TSC (D.D.C. July 25, 2017) ........1**

    Motion for Leave to Submit Documents *In Camera* and *Ex Parte*..............................................1

    Minute Order Granting Motion for Leave..................................................................................7

***Sea Shepherd Conservation Society v. Internal Revenue Serv.*, Case No. 1:13-cv-01422-ABJ**

    **(D.D.C. Sept. 4, 2015)...........................................................................................................9**

    Motion for Leave to Submit Documents for the Court's *In Camera* Review ............................9

    Minute Order Granting Motion for Leave................................................................................14

***Life Extension Foundation, Inc., v. Internal Revenue Serv.*, Civil No. 12-280 (RJL) (D.D.C.**

    **July 16, 2012)......................................................................................................................16**

    Notice of *In Camera* Submission ..........................................................................................16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CRESTEK, INC. & SUBSIDIARIES; AND J. MICHAEL GOODSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:17-cv-00200-TSC |
| INTERNAL REVENUE SERVICE, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## MOTION FOR LEAVE TO SUBMIT DOCUMENTS
### *IN CAMERA* and *EX PARTE*

The Internal Revenue Service ("the Service") moves for leave to submit two documents in

camera and ex parte in support of its motion for summary judgment in this Freedom of Information

Act ("FOIA") case.

This motion seeks to submit an additional declaration from an employee of the Service and

an accompanying brief in camera and ex parte. The additional declaration and accompanying brief

will serve as an addendum to the Service's motion for summary judgment.

### BACKGROUND

Among other things, Plaintiffs' FOIA request sought documents pertaining to:

(3) All email or other correspondence between IRS counsel, examiners and/or the
IRS Whistleblowers Office relative to the examination of Crestek, Inc. and
Subsidiaries for tax years ending a) 6/30/07; b) 6/30/08; c) 6/30/09; d) 6/30/11; e)
6/30/12; and f) 6/30/13.

(4) All email or other correspondence between the IRS appeals, IRS counsel,
examiners and/or the IRS Whistleblowers Office relative to the appeal of the
examination of Crestek, Inc. and Subsidiaries for tax years ending a) 6/30/07; b)
6/30/08; c) 6/30/09; d) 6/30/11; and e) 6/30/12.

(5) All written communications, emails, and other documents provided by the IRS
examination team or appeals personnel that examined Crestek, Inc. and

1

Subsidiaries for tax years ending a) 6/30/07; b) 6/30/08; c) 6/30/09; d) 6/30/11; and e) 6/30/12 to Chief Counsel, Internal Revenue Service, Lisa M. Rodriguez, Carmen N. Presinal-Roberts, and Patricia Y. Taylor regarding Mary Trongone or Anthony (Tony) Hearn, the IRS Whistleblower's office, Crestek, Inc. and Subsidiaries and/or J. Michael Goodson.

(Doc. No. 1-2.)   In the declarations that it submitted in support of its motion for summary judgment, the Service described pages responsive to this portion of Plaintiffs' FOIA request in as much detail as possible without thwarting the exemptions that it claimed.  The Service has withheld these pages pursuant to FOIA Exemption 3 in conjunction with 26 U.S.C. § 6103, Exemption 5 and the attorney-client privilege, work product doctrine, and/or the deliberative process privilege, Exemption 6, Exemption 7(E), and Exemption 7(D).

## ARGUMENT

The Service acknowledges that the Court may need more information in order to determine whether the Service has met its dual burden under the FOIA.[1]  The Service cannot publicly describe the pages withheld in further detail, beyond what has been stated in the publicly filed declarations, without compromising the claimed exemptions.

In FOIA cases, "when an affidavit disclosing information assertedly exempt from production under the FOIA is proffered," the D.C. Circuit has opined that "the district court-at least as a general matter-is limited to the stark choice of receiving it ex parte and in camera, or receiving it not at all."  Arieff v. U.S. Dept. of Navy, 712 F.2d 1462 (D. C. Cir. 1983) (footnote omitted); see also Barnard v. Dep't of Homeland Sec., 598 F. Supp. 2d 1, 16 (D.D.C. 2009) (discussing whether agency had met Exemption 7 threshold, and explaining that "where, as here, an agency indicates that no additional information concerning an investigation may be publicly

---

[1] The Service must demonstrate that it 1) conducted a reasonable search for documents responsive to the plaintiff's request; and 2) is not improperly withholding any responsive pages.

disclosed without revealing precisely the information that the agency seeks to withhold, the receipt

of *in camera* declarations is appropriate….") (citations omitted).  If Plaintiffs are allowed to review

the documents the Service submits in camera prior to the Court's determination of whether the

claimed withholding of information is proper, the exemptions the Service has claimed pursuant to

the FOIA will be compromised.

Courts routinely examine declarations in camera and ex parte[2] when considering motions

for summary judgment in FOIA cases.   See e.g.*,* Life Extension Found., Inc. v. IRS*,* 915 F. Supp.

2d 174, 185-86 (D.D.C. 2013), aff'd, 559 Fed. Appx. 3 (D.C. Cir. March 7, 2014); COMPTEL v.

FCC., 945 F. Supp. 2d 48, 53 (D.D.C. 2013) ("To satisfy its burden to show the applicability of a[

FOIA] exemption, an agency may rely on detailed affidavits, declarations, a Vaughn index, in

camera review, or a combination of these tools.").[3]

---

[2] Plaintiff will not be prejudiced by the ex parte submission of these documents.  The Service has publicly filed its motion for in camera and ex parte review, and it has stated with specificity who the declarant is.  In the event that the Court grants the Service's motion, and pursuant to any instructions from the Court, the undersigned plans to deliver the additional declaration and supporting brief to chambers, and it plans to publicly file a notice on the docket after it has submitted the two documents in camera and ex parte.

Finally, if the Court finds prejudice to the Plaintiff, the Court can review the affidavit and supporting brief the Service submits in camera and ex parte in order to determine whether a portion of the affidavit may be disclosed without revealing the information the Service seeks to protect. Barnard, 598 F. Supp.  at 16 n. 10 (noting that the Court had reviewed the declarations submitted in camera in order to determine if any portion could be disclosed to Plaintiff and placed on the docket, and determining that "The Court has determined that no portion of the declarations may be disclosed without revealing the information Defendant seeks to protect.").

[3] See, e.g., Cause of Action v. TIGTA, 1:13-cv-1225-ABJ, Minute Order, (stating that "'The receipt of in camera affidavits…when necessary, [is] "part of a trial judge's procedural arsenal.'"' Arieff v. U.S. Dep't of Navy, 712 F.2d 1462, 1469 (D.C. Cir. 1982)…," and stating that "The Court anticipates that plaintiff will file an objection to defendant's motion for leave to file in camera materials [52], but it intends to rule on the question of whether withholding the pleading from plaintiff, in full or in part, is justified after it has received and reviewed what it is that the defendant seeks to file.").

An agency's decision in a FOIA case is reviewed <u>de novo</u>.  The district court has a "duty to decide the case on the fullest offered record…."  <u>Pub. Cit. Health Research Group v. Dep't of Labor,</u> 591 F.2d 808, 809 (D.C. Cir. 1978).  The Service cannot describe the withheld pages in more detail without thwarting the claimed exemptions.  As a result, the Service requests that the Court accept the declaration and affidavit it seeks to submit <u>in camera</u> and <u>ex parte</u>.  <u>See id</u>. (discussing agency's decision to claim Exemption 6, and finding that the district court "should have looked at the secret, [i]n camera affidavit…explaining why the disclosure of the two lines would cause extreme injury to his interest in personal privacy…. the only matter available to the court that would have enabled it to properly decide [d]e novo the propriety of [the] claim that the material was exempt from disclosure was the proffered in camera affidavit.") (citation omitted); <u>see also Arieff</u>, 712 F.2d 1462, 1470 (citing <u>Public Cit. Health Research Group v. Dep't of Labor,</u> 591 F.2d 808 (D.C.Cir. 1978) and <u>Lame v. Department of Justice</u>, 654 F.2d 917, 928-29 (3d Cir.1981)).

The additional declaration and supporting brief will provide detailed descriptions of the will provide a more detailed description of the withheld documents.  Providing these descriptions publicly will compromise the Service's claimed exemptions.  As a result, the Service respectfully requests that it be granted leave to file these two documents <u>in camera</u> and <u>ex parte</u>.

DATE:          July 25, 2017                    CHANNING D. PHILLIPS
                                               United States Attorney

                                               DAVID A. HUBBERT
                                               Acting Assistant Attorney General

                                               /s/Kavitha Bondada
                                               KAVITHA BONDADA
                                               Trial Attorney, Tax Division
                                               United States Department of Justice
                                               Post Office Box 227
                                               Ben Franklin Station
                                               Washington, D.C.  20044
                                               Telephone: 202.307.6536
                                               Fax: 202.514.6866
                                               Email: kavitha.bondada@usdoj.gov
                                               *Counsel for the Internal Revenue Service*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the MOTION FOR LEAVE TO SUBMIT

DOCUMENTS IN CAMERA and EX PARTE has been made on July 25, 2017, via the CM/ECF

system, to the following:

Alex E. Sadler
MORGAN, LEWIS & BOCKIUS LLP
2020 K Street NW
Washington, DC 20006
(202) 739-5182
Fax: (202) 373-6001
Email: alex.sadler@morganlewis.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Jeremy M. Fingeret
ZERDE, MILLER, FINGERET, FRANK & JADAV
3009 Post Oak Boulevard
Suite 1700
Houston, TX 77056
(713) 350-3529
Fax: (713) 464-6700
PRO HAC VICE
ATTORNEY TO BE NOTICED

Matthew Noll
ZERDE, MILLER, FINGERET, FRANK & JADAV
3009 Post Oak Blvd, Suite 1700
Houston, TX 77056
713-350-3529
Fax: 713-464-6700
PRO HAC VICE
ATTORNEY TO BE NOTICED

/s/Kavitha Bondada
KAVITHA BONDADA

## Miller, Emily K. (TAX)

| | |
|---|---|
| **From:** | CTS-Eastern <CTS-Eastern@tax.USDOJ.gov> |
| **Sent:** | Monday, May 14, 2018 3:01 PM |
| **To:** | Tax-SharePoint |
| **Subject:** | FW: Activity in Case 1:17-cv-00200-TNM CRESTEK, INC et al v. INTERNAL REVENUE SERVICE Order on Motion to Strike |

---------------------------------------------
From: DCD_ECFNotice@dcd.uscourts.gov[SMTP:DCD_ECFNOTICE@DCD.USCOURTS.GOV]
Sent: Monday, May 14, 2018 2:59:55 PM
To: DCD_ECFNotice@dcd.uscourts.gov
Subject: Activity in Case 1:17-cv-00200-TNM CRESTEK, INC et al v. INTERNAL REVENUE SERVICE
Order on Motion to Strike
Auto forwarded by a Rule

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 5/14/2018 at 2:59 PM and filed on 5/14/2018
**Case Name:** CRESTEK, INC et al v. INTERNAL REVENUE SERVICE
**Case Number:** 1:17-cv-00200-TNM
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**MINUTE ORDER: Defendant's unopposed [26] Motion for Leave to File Documents *In Camera* and *Ex Parte* is GRANTED. Defendant's [35] Motion to Strike or for Leave to File Sur-Reply is DENIED with respect to the request to strike and GRANTED with respect to the alternative request to file a sur-reply. SO ORDERED. Signed by Judge Trevor N. McFadden on 5/14/18. (lctnm1)**

**1:17-cv-00200-TNM Notice has been electronically mailed to:**

Alex E. Sadler      alex.sadler@morganlewis.com, bevlandlaw@aol.com

Kavitha Bondada      kavitha.bondada@usdoj.gov, Carmen.M.Banerjee@usdoj.gov,
Eastern.Taxcivil@usdoj.gov

Jeremy M. Fingeret      jfingeret@zmflaw.com, egonzalez@ZMFLaw.com

**1:17-cv-00200-TNM Notice will be delivered by other means to::**

Matthew Noll
ZERDE, MILLER, FINGERET, FRANK & JADAV
3009 Post Oak Blvd, Suite 1700
Houston, TX 77056

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SEA SHEPHERD CONSERVATION
SOCIETY,                                        )        Case No. 1:13-cv-01422-ABJ
                                                )
            Plaintiff,                          )
                                                )
            v.                                  )
                                                )
INTERNAL REVENUE SERVICE,                       )
                                                )
            Defendant.                          )
_____        )

**MOTION FOR LEAVE TO SUBMIT DOCUMENTS FOR THE COURT'S *IN CAMERA*
REVIEW**

The Internal Revenue Service ("Service") moves for leave to submit *in camera* three

documents in support of its motion summary judgment that it will file on September 15, 2015, in

this Freedom of Information Act (FOIA) case. Concurrently, the Service will publicly file a brief

in support of its summary judgment motion and approximately eight declarations supporting the

Service's motion for summary judgment in as much detail as is possible without thwarting any

exemptions from disclosure asserted to information the Service has declined to release.  The

instant motion seeks to submit *in camera* two declarations and a brief as an addendum.  In

support of this motion, the Service states as follows:

**BACKGROUND**

Sea Shepherd Conservation Society ("SSCS") FOIA request seeking "[a]ny and all

documents, from January 1, 2006, through the dates of this request [May 13, 2013], related to

Sea Shepherd." Compl. Ex. A. (ECF No. 1).   The Service produced over 12,000 pages of

records and moved for summary judgment. (ECF No. 16).  After being fully briefed, the Court

held, *inter alia*, that the Service failed to meet its burden that its search for responsive records

was adequate, and that its evidence in support of exemption 7(D) was insufficient. (ECF No. 28 at 21-22).

## ARGUMENT

This Court has the discretion to permit the Service to file or otherwise non-publicly provide documents. *See, e.g., Johnson v. Greater Southeast Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The D.C. Circuit has "articulated a series of factors that a district court should weigh in determining whether and to what extent a party's interest in privacy or confidentiality of its processes outweighs th[e] strong presumption in favor of public access to judicial proceedings." *Id.* These factors include the following: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *Id.* at 1277 n.14 (*citing United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

The factors articulated by the Court in *Johnson* are applicable here and weigh in favor of granting this motion. The information contained in these documents is protected from disclosure under FOIA exemptions (b)(3) in conjunction with 26 U.S.C. § 6103(e)(7), and (b)(7)(D). Specifically, the Service wishes to disclose to the Court the identity of any confidential informant(s), and to disclose the results of its search of the IRS Whistleblower office. Filing these documents in the public record would compromise the cloak of confidentiality afforded to such information and thwart the Service's ability to assert these FOIA exemptions, causing the very harm which the exemptions intend to avoid. It is for this reason that courts routinely examine declarations and other material in camera in considering FOIA cases. *E.g., Life*

*Extension Found., Inc. v. I.R.S.,* 915 F. Supp. 2d 174, 185-86 (D.D.C. 2013), *aff'd* , 559 Fed. Appx. 3 (D.C. Cir. 2014); *COMPTEL v. F.C.C.*, 945 F. Supp. 2d 48, 53 (D.D.C. 2013) ("To satisfy its burden to show the applicability of a[ FOIA] exemption, an agency may rely on detailed affidavits, declarations, a *Vaughn index*, in camera review, or a combination of these tools.").

In this case, the records relating to the identity of confidential informant(s) is at issue. The Service is unable to put all the facts surrounding the guarantee of confidentiality in a publically available document without compromising the cloak of confidentiality. Nor is the Service able to reveal publically the results of its search of its Whistleblower Office without eroding public confidence in the Service's commitment to keep confidential the identity of its whistleblowers. In such a case, *in camera* submissions are particularly appropriate. *See Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009) ("[w]here, as here, an agency indicates that no additional information concerning an investigation may be publicly disclosed without revealing precisely the information that the agency seeks to withhold, the receipt of *in camera* declarations is appropriate").

//
//
//
//
//
//
//

For these reasons, the Service asks the Court to grant this motion for leave to submit

three documents *in camera*.  The Service will also file a public brief in support of its motion for

summary judgment along with any other necessary public supporting documents so that SSCS

has as much information about the documents as possible without thwarting the purpose of

asserting Exemptions 3 and 7(D).  The Service conferred with counsel for SSCS prior to filing

this motion, and SSCS does not consent to the relief sought.


Dated: September 4, 2015

                           Respectfully submitted,

                           CAROLINE D. CIRAOLO
                           Acting Assistant Attorney General


                           /s/ Stephanie Sasarak
                           STEPHANIE SASARAK
                           Trial Attorney, Tax Division
                           U.S. Department of Justice
                           P.O. Box 227
                           Washington, D.C. 20044
                           Telephone: (202) 307-2089
                           Fax: (202) 514-6866
                           Stephanie.A.Sasarak@usdoj.gov


Of Counsel:
VINCENT H. COHEN, JR.
Acting United States Attorney for the District of Columbia

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2015, I electronically filed the foregoing MOTION FOR

LEAVE TO SUBMIT DOCUMENTS FOR THE COURT'S *IN CAMERA* REVIEW with the

Clerk of the Court using the CM/ECF system, which shall send notification of that filing to all

parties registered to receive such notice, including plaintiff's counsel.


/s/ Stephanie Sasarak
STEPHANIE SASARAK

## Miller, Emily K. (TAX)

| | |
|---|---|
| **From:** | CTS-Eastern <CTS-Eastern@tax.USDOJ.gov> |
| **Sent:** | Friday, September 18, 2015 11:04 AM |
| **To:** | CTS-Eastern |
| **Subject:** | FW: Activity in Case 1:13-cv-01422-ABJ SEA SHEPHERD CONSERVATION SOCIETY v. INTERNAL REVENUE SERVICE Order on Motion for Leave to File |

----------------------------------------------

From: DCD_ECFNotice@dcd.uscourts.gov[SMTP:DCD_ECFNOTICE@DCD.USCOURTS.GOV]
Sent: Friday, September 18, 2015 11:03:28 AM
To: DCD_ECFNotice@dcd.uscourts.gov
Subject: Activity in Case 1:13-cv-01422-ABJ SEA SHEPHERD CONSERVATION SOCIETY v. INTERNAL REVENUE SERVICE Order on Motion for Leave to File
Auto forwarded by a Rule

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 9/18/2015 at 11:03 AM and filed on 9/18/2015
| | |
|---|---|
| **Case Name:** | SEA SHEPHERD CONSERVATION SOCIETY v. INTERNAL REVENUE SERVICE |
| **Case Number:** | 1:13-cv-01422-ABJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**MINUTE ORDER granting [33] Motion for Leave to Submit Documents for the Court's in Camera Review. "The receipt of in camera affidavits... when necessary, [is] 'part of a trial judge's procedural arsenal.'" Arieff v. U.S. Dep't of Navy, 712 F.2d 1462, 1469 (D.C. Cir. 1983), quoting United States v. Southard, 700 F.2d 1, 11 (1st Cir. 1983). The Court intends to rule on the question of whether withholding the materials from plaintiff, in full or in part, is justified after it has received and reviewed what it is that the defendant seeks to file. See Lykins v. U.S. Dep't of Justice, 725 F.2d 1455, 1465 (D.C. Cir. 1984) (stating that a court considering litigation materials filed in camera "should be certain to make the public record as complete as possible"). Signed by Judge Amy Berman Jackson on 9/18/2015. (lcabj3)**

**1:13-cv-01422-ABJ Notice has been electronically mailed to:**

Christopher S. Rizek     csr@capdale.com

Ann E. Nash     ann.e.nash@usdoj.gov, carmen.m.banerjee@usdoj.gov, eastern.taxcivil@usdoj.gov

Yonatan Gelblum     yonatan.gelblum@usdoj.gov, eastern.taxcivil@usdoj.gov

Stephanie Ann Sasarak     stephanie.a.sasarak@usdoj.gov, eastern.taxcivil@usdoj.gov

**1:13-cv-01422-ABJ Notice will be delivered by other means to::**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

LIFE EXTENSION FOUNDATION, INC.,    )
    )
    Plaintiff,    )
    )
    v.    )    Civil No. 12-280 (RJL)
    )
INTERNAL REVENUE SERVICE,    )
    )
    Defendant.    )

**INTERNAL REVENUE SERVICE'S NOTICE OF *IN CAMERA* SUBMISSION**

The Internal Revenue Service hereby provides notice that on July 16, 2012, in support of

its motion for summary judgment, it submitted the following documents to the Court for *in*

*camera* review:

1.    Addendum to Brief in Support of Internal Revenue Service's Motion for Summary Judgment;

2.    Internal Revenue Service's Addendum to Statement of Undisputed Material Facts; and

3.    Declarations.

Dated: July 16, 2012    RONALD C. MACHEN, JR.
    United States Attorney

    KATHRYN KENEALLY
    Assistant Attorney General

    /s/ Norah E. Bringer
    NORAH E. BRINGER
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 227
    Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 307-6224
    Facsimile: (202) 514-6866
    Email: norah.e.bringer@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 16, 2012, I filed the Internal Revenue Service's Notice of *In Camera* Submission using the CM/ECF system, which will send notification of this filing to the following:

*Counsel for the plaintiff*
James N. Markels
Nancy Ortmeyer Kuhn
JACKSON & CAMPBELL, P.C.
South Tower
1120 20th Street, NW
Suite 300
Washington, DC 20036


 /s/ Norah E. Bringer
NORAH E. BRINGER