IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIESHA DANIELLE LEWIS, | ) | |
| | ) | Case No. 8:20-cv-00494-TDC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPT. OF TREASURY, *ET AL*., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPLY IN SUPPORT OF
TIGTA'S MOTION FOR RECONSIDERATION**

The Treasury Inspector General for Tax Administration (TIGTA) hereby replies in support of its motion for reconsideration as to the Court's denial of summary judgment.

**<u>The Court should reconsider its order and grant summary judgment for TIGTA</u>**

Kiesha Lewis seeks relief under the Freedom of Information Act (FOIA) for requests she made to TIGTA related to TIGTA Case Numbers TRN-1611-0623 and TRN-1701-0215. Doc. No. 27 at 1. The Court reviewed all 134 pages of responsive records *in camera* and determined that the withheld information could be separated into three categories:

1. Personally identifiable information (PII) related to the third party, which the Court found TIGA properly withheld;

2. Descriptions of the alleged violation, which the Court found TIGTA properly withheld; and

3. Information that "may shed light on the agency's commitment to processing internal complaints," which the Court found included "internal tracking numbers, information on the administrative processing and status of the complaint and investigation, and standard form instructions" and ordered TIGTA to disclose to Lewis.

Doc No. 45 at 9–11. TIGTA now seeks reconsideration of the Court's order to disclose to Lewis the records representing this "third category" of information.

## I.    Lewis does not contest that TIGTA can seek reconsideration.

TIGTA seeks reconsideration under Fed. R. Civ. P. 60(b), and asks the Court to review two declarations it filed as part of that reconsideration. *Comput. Pro. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996); *People for the Ethical Treatment of Animals* (PETA) v. *U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 355 (D.C. Cir. 2018); *Piper v. Dep't of Just.*, 374 F. Supp. 2d 73, 78 (D.C. Cir. 2005). While Lewis argues that TIGTA's arguments "are null and void and without merit," Lewis provides no legal reasons for why the Court should not consider TIGTA's additionally filed declarations. TIGTA has provided two additional declarations[1] to establish that the "third category" of information does implicate the privacy interests of the third-party employee and that there is no public interest in the information withheld. The Court should review these declarations and reconsider its previous order under Rule 60(b).

## II.    TIGTA is properly withholding the "third category" of information pursuant to FOIA Exemptions 6 and 7(C).

TIGTA withheld information under FOIA Exemptions 6 and 7(C). Agency declarations describing the justifications for withholding information are entitled to a presumption of good faith, on which the Court can rely solely when granting summary judgment. *Bagwell v. U.S. Dep't of Just.*, --F. Supp. 3d—2022 WL 602448, at *3 (D.D.C. Mar. 1, 2022). Again, Lewis has failed to rebut the presumption of accuracy and good faith Courts accord these agency records. *See, e.g.*, *S. Poverty L. Ctr. v. Internal Revenue Serv.*, --F. Supp. 3d--, 2022 WL 703934, at *2 (D.D.C. Mar. 9, 2022); *Pub. Emps. for Env't Resp. v. Dep't of Homeland Sec.*, 575 F. Supp. 3d 34, 42 (D.D.C.

---

[1] TIGTA filed a motion to submit these additional declarations *in camera* (Doc. No. 53), which Lewis has not contested. The Court should therefore grant that motion as well.

2021). Simply arguing that TIGTA's arguments are "null and void and without merit" is insufficient to rebut this presumption. *See, e.g., Pub. Emps. for Env't Resp.*, 575 F. Supp. 3d at 42 (the presumption of good faith "cannot be rebutted by purely speculative claims"). Furthermore, nothing in Exemptions 6 or 7(C) require the information to be "classified information" to be withheld, and thus Lewis's arguments are insufficient. Doc. No. 55 at 1; 5 U.S.C. §§ 552(b)(6) and (7)(C). As a result, the Court should find that TIGTA has properly withheld the four (4) pages in full and twenty-two (22) pages in part pursuant to FOIA Exemptions 6 and 7(C).

### III.    It is immaterial whether the Internal Revenue Service provided Lewis with the information she now requests from TIGTA.

Lewis now argues, for the first time, that "TIGTA, through an IRS attorney, previously provided the Plaintiff with a complete TIGTA report, 'EMU Case Number 2018-19950 (TIGTA Report of Investigation).'" Doc. No. 55 at 1. Assuming, arguendo, that the Service has provided this information to Lewis, such an argument is irrelevant. "Disclosure by one federal agency does not waive another agency's right to assert a FOIA exemption." *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015). The Service's purported disclosure does not waive TIGTA's right to assert FOIA exemptions over these records. *Id.*

Even so, Lewis still fails to demonstrate that the public-domain doctrine would apply here. Under the public-domain doctrine, materials withheld under FOIA can "lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). To demonstrate that the public domain doctrine applies, Plaintiff bears the burden of demonstrating that: (1) the requested information is as specific as the information previously released, (2) the requested information matches the information previously released, and (3) the requested information has already been made public through an official and documented disclosure. *Mobley*, 806 F.3d at 583. Lewis has made no attempt to meet these three criteria,

including only a conclusory statement in her response. Doc. No. 55 at 1. Even assuming the veracity of Lewis's statement, it is impossible for TIGTA to determine (1) whether the information requested from TIGTA is as specific as the information purportedly released by the Service, (2) whether the information requested from TIGTA matches the information purportedly released by the Service, and (3) whether any purported released information was made public through an official and documented disclosure. *Mobley*, 806 F.3d at 583. Even if Lewis has received this information, "disclosure to a single party simply does not enter the public domain." *Cottone*, 193 F.3d at 556. Therefore, the Court should find that TIGTA has properly withheld the four (4) pages in full and twenty-two (22) pages in part pursuant to FOIA Exemptions 6 and 7(C).

**IV.    The Privacy Act prohibits TIGTA from disclosing this "third category" of information.**

Because the requested records pertain to a third party, not to Lewis, the Privacy Act also prohibits TIGTA from releasing this information to Lewis. 5 U.S.C. § 552a(b); *see also Goldstein v. Treasury Inspector Gen. for Tax Admin. (TIGTA)*, 172 F. Supp. 3d 221, 235 (D.D.C. 2016) (finding where the plaintiff has not obtained consent from any of the IRS Employees to whom the responsive records pertain, the records may not be disclosed). Lewis has never contested this analysis. Doc. No. 43 at 1; Doc. No. 55 at 1. "When materials pertain to both a Privacy Act requester and a third party from whom consent has not been obtained, the Privacy Act's prohibition on disclosure 'must take precedence.'" *Goldstein*, 172 F. Supp. 3d at 235 (citing *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1121 n.9 (D.C. Cir. 2009)). Because Plaintiff has not obtained the consent of the third-party employee to whom the records pertain, these records may not be disclosed under the Privacy Act. *Id.* For these reasons, the Court should grant summary judgment for TIGTA. *Id.*

## <u>Conclusion</u>

As to Lewis's First Cause of Action, TIGTA is properly withholding documents under FOIA Exemptions 6 and 7(C) and under the Privacy Act. Thus, the Court should reconsider its previous order and grant summary judgment for TIGTA.


Dated: August 18, 2022                              Respectfully submitted,

                                                    DAVID A. HUBBERT
                                                    Deputy Assistant Attorney General


                                                    */s/ Emily K. Miller*
                                                    EMILY K. MILLER (Ky. Bar No. 97725)
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    P.O. Box 227
                                                    Washington, D.C.  20044
                                                    202-353-7509 (v)
                                                    Emily.K.Miller@usdoj.gov
                                                    *Counsel for TIGTA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.  I also certify that I sent a copy of the foregoing document via email and first-class mail to the following:

       KIESHA D. LEWIS
       2305 Prima Way
       Bowie, Maryland 20721
       *Plaintiff*

                        */s/ Emily K. Miller*
                        EMILY K. MILLER
                        Trial Attorney, Tax Division
                        U.S. Department of Justice