# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

KIESHA D. LEWIS,

    Plaintiff,

v.

DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,
BUREAU OF THE FISCAL SERVICE,
TREASURY INSPECTOR GENERAL FOR
TAX ADMINISTRATION,
BUREAU OF ENGRAVING AND
PRINTING and
U.S. DEPARTMENT OF VETERANS
AFFAIRS,

    Defendants.

Civil Action No. TDC-20-0494

## ORDER

Pending before the Court are a Motion for Reconsideration filed by the Treasury Inspector General for Tax Administration ("TIGTA"), ECF No. 52, and TIGTA's Motion for Leave to Submit Supplement Documents for the Court's *In Camera* Review, ECF No. 53. TIGTA seeks reconsideration of the Court's July 21, 2022 Order, ECF No. 46, requiring the disclosure of certain records and portions of records that TIGTA has sought to withhold from Plaintiff Kiesha D. Lewis pursuant to exemptions 6 and 7(C) of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552(b)(6), (b)(7)(B) (2018). The background underlying the Court's July 21, 2022 Order is set forth in the Court's memorandum opinion of the same date, ECF No. 45, which is incorporated by reference.

TIGTA seeks reconsideration under Federal Rule of Civil Procedure 60(b)(6), which permits reconsideration upon a showing of "any other reason that justifies relief." Fed. R .Civ. P. 60(b)(6). Granting relief from a judgment under Rule 60(b) is an "extraordinary" remedy in light of "the sanctity of final judgments, expressed in the doctrine of res judicata." *United States v. Welsh*, 879 F.3d 530, 536 (4th Cir. 2018) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). However, in FOIA cases, courts have reconsidered rulings based on additional facts provided by a federal agency that relate to the Government's interests in non-disclosure, particularly an interest relating to potential harm to a third party. *See People for the Ethical Treatment of Animals v. U.S. Dep't of Health & Human Servs.*, 901 F.3d 343, 355 (D.C. Cir. 2018). In this narrow circumstance, and where the Court's Order was based in part on a consideration not addressed in the briefing, it will reexamine its prior ruling. Moreover, under FOIA, courts may review agency records *in camera*, 5 U.S.C. § 552(a)(4)(B), and pursuant to this authority they may consider affidavits or other materials submitted for *in camera* review which describe information that would itself disclose non-public information relevant to the applicability of FOIA exemptions, such as those relating to personal privacy. *See Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983). Upon review of the Government's submission, the Court finds that the affidavits submitted for *in camera* review are relevant, should be considered, and are properly reviewed *in camera* only. The Court will therefore grant the Motion for Leave to Submit Supplement Documents for the Court's *In Camera* Review, ECF No. 53.

In its prior Order, the Court declined to permit the withholding of "internal tracking numbers, information on the administrative processing and status of the complaint and investigation, and standard form instructions" because that information did not appear to "disclose any of the substance of the allegations against the employee and therefore do not implicate the

2

same privacy interests" while potentially "shed[ding] light on the agency's commitment to processing internal complaints." Mem. Op. at 11, ECF No. 45. Upon review of the additional materials not previously submitted, which explain the purpose and use of some of that information, the Court finds that this information is not merely administrative and general in nature, and that its disclosure would at least indirectly reveal certain information about the agency's evaluation and processing of the complaint that could constitute an "unwarranted invasion of personal privacy" of the third party who is the subject of the complaint. 5 U.S.C. §§ 552(b)(6), (b)(7)(C). Although it would shed light on the agency's general commitment to processing internal complaints, the Court finds that on balance, the potential impact on the privacy rights of the third party outweigh that limited public interest, particularly where the records that will be disclosed already provide substantial relevant information to Lewis relating to her complaint. The Court will therefore permit TIGTA to withhold the additional redacted material. As a result, the Court need not address TIGTA's additional argument under the Privacy Act.

Accordingly, it is hereby ORDERED that:

1.   TIGTA's Motion for Leave to Submit Supplement Documents for the Court's *In Camera* Review, ECF No. 53, is GRANTED.

2.   TIGTA's Motion for Reconsideration, ECF No. 52, is GRANTED in that:

   a.   Paragraphs 2 and 3 of the Court's Order of July 21, 2022, ECF No. 46, are vacated.

   b.   As to Count 1, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 40, is granted in that Defendants may withhold the information redacted in the *ex parte* submission of proposed redactions, ECF Nos. 41-1, 41-2, and 41-3.

3

3.    With all of the issues in this case resolved, the Clerk is directed to close this case.

Date: October 24, 2022

THEODORE D. CHUANG
United States District Judge

4